UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

**NSA TWO FINANCIAL, LLC**,                    CASE NO.: 0:17-cv-60155-XXXX
a Florida limited liability company,

    *Plaintiff, Counter-Defendant*

 v.

**THOMPSON-SMITH & ASSOCIATES, LLC,**
a Florida limited liability company; and
**GEORGIA THOMPSON-SMITH,** individually,

    *Defendants, Counter-Plaintiffs.*

_____/

**PLAINTIFF'S NOTICE OF REMOVAL**

  Plaintiff, NSA TWO FINANCIAL, LLC ("NTF"), hereby removes the action pending in the Circuit Court in and for Broward County, Florida, Case No. CACE-14-023998 ("State Court Action"), pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027(a). Plaintiff's grounds for removal are as follows:

**INTRODUCTION**

  Plaintiff removes the State Court Action against accounting firm Thompson-Smith & Associates, LLC ("TSA"), and its principal, Georgia Thompson-Smith. The removed action was brought by NTF, a minority shareholder of TSA, against TSA and Thompson-Smith for, *inter alia*, violations of the TSA's operating agreement. Almost two years after the suit was filed, Thompson-Smith and her husband declared bankruptcy, in large part due to their inability to pay off loans taken out to fund TSA. NTF has complied with all conditions precedent to removing this action which, as discussed below, is a core proceeding that should be adjudicated in federal court.

## BACKGROUND

In January 2014, Defendant Thompson-Smith and NTF executed an operating agreement to form accounting firm Excelsior Tax & Accounting Advisors, LLC ("Excelsior") n/k/a Thompson-Smith & Associates, LLC.[1] Thompson-Smith owned eighty-five percent (85%) of TSA and NTF owned the remaining fifteen percent (15%).

On January 12, 2014, TSA acquired the accounting firm Savetax Financial, Inc. ("Savetax") via a Practice Purchase Agreement ("Agreement") for $450,000.00. At the time, Savetax's president was Mariela Arroyo, Feldman's significant other. Pursuant to the Agreement, Savetax's clients became TSA's. Within months of the acquisition, clients started to complain about TSA's apparent lack of experience and attention to detail. Thompson-Smith also started to avoid Feldman's calls.[2] When finally reached, Thompson-Smith indicated that she felt overwhelmed by the management of TSA. Feldman made multiple attempts to salvage the business relationship. It became clear those attempts were in vain when Thompson-Smith, in violation of TSA's operating agreement, cut-off NTF's access to TSA's books and offices in October 2014.

Since that time, three related lawsuits, discussed *infra*, were filed in Broward County Circuit Court and are being removed to this Court. Subsequently, on October 24, 2016, Thompson-Smith and her husband filed for reorganization under Chapter 13. *See In re Glenville Bevin Smith and Georgia Charmaine Smith*, Case No. 16-24241-LMI. The bankruptcy, in large part, revolves around a Small Business Association loan in the amount of $859,700.00. The loan, personally

---

[1] NTF is managed by Alexander Feldman.
[2] It has since come to NTF's attention that Thompson-Smith may have also routinely and improperly diverted TSA's funds to Thompson-Smith, CPA, LLC, a corporation wholly-owned by Thompson-Smith.

guaranteed by *both* debtors, provided TSA with a majority of its initial funding to purchase Savetax and another accounting practice.

### The State Court Action Removed By This Notice

Based on Thompson-Smith and TSA's actions and violations of the operating agreement, NTF filed this suit on December 19, 2014, for breach of contract, injunctive relief, and violation of Florida Statutes § 605.0410 (regarding records a Florida limited liability company must maintain and a member's right to inspect same). The State Court Action seeks significant money damages. Despite debtors' failure to list them in the bankruptcy petition, NTF and Feldman are potential creditors in the bankruptcy. Defendants have also jointly asserted six (6) counterclaims against NTF. Each counterclaim seeks money damages.

Defendants' unwillingness to provide complete responses to discovery and to comply with court orders has stymied timely adjudication of this action. For example, NTF has filed three motions to compel and the state court entered two orders regarding Defendants' failure to produce documents requested in September 2015. Approximately five (5) hours after the third motion was filed on October 24, 2016, Thompson-Smith filed her Suggestion of Bankruptcy. In the discovery responses that were provided, Thompson-Smith and TSA stated that they each suffered the exact same damages. Defendants claim at least $655,000 in damages including: $405,000 – the amount TSA paid for Savetax;[3] and $250,000 – the alleged value of 250 clients lost by TSA "at $1,000 per client per year." *See* Composite Exhibit "A" at 216-228.

Removal of this matter is proper because it will affect administration of the debtors' estate. Thompson-Smith has significant personal exposure in the instant matter and she has made no effort

---

[3] Pursuant to the Agreement, the total purchase price was $450,000; $405,000 was the initial lump sum payment and the remaining $45,000 was to be paid starting in early 2016. TSA has not paid Savetax since the initial $405,000 payment and is currently in default of the Agreement.

3

to conceal her intent to directly reap the benefit of any monies recovered by TSA. To administer the debtors' estate while this matter lies unresolved in state court will make it impossible to devise a proper Chapter 13.

### The Other Removed Cases

As noted above, related litigation has also been removed to this Court pursuant to Federal Rule of Bankruptcy 9027 and 11 U.S.C. 1452(a). *See Thompson-Smith & Associate, LLC v. Alexander Feldman*, Case No. 16-13974 CACE 03 ("Feldman Case"); *Thompson-Smith & Associates, LLC v. Mariela Arroyo, Savetax Financial, Inc., Tax Advising Partners, LLC, and Carolyn T. Nicotra*, Case No. CACE-16-002811 ("Arroyo Case"). These cases, filed July 29, 2016, allege, among other things, that Feldman and Mariela Arroyo defrauded Thompson-Smith and TSA by orchestrating the sale of Savetax to TSA with the intent to steal the clients back after the sale. Those allegations are false. Regardless, those cases and the State Court Action are undeniably related to debtors' bankruptcy.

The connection between TSA and Thompson-Smith's interest in the removed cases is further evidenced by TSA's verified motion for leave to file punitive damage claims in the Feldman Case.[4] Specifically, TSA alleged that Thompson-Smith suffered "significant damages" after being "induced . . . into paying $450,000.00" and "put[ting] her life savings on the line to acquire clients". *See* Motion for Leave to Amend [the Complaint] to Assert a Claim for Punitive Damages, attached hereto as Exhibit "B" at 4 ¶¶ 7-8.

---

[4] Debtor Thompson-Smith's estate encompasses her ownership interest in TSA. *See Olmstead v. FTC*, 44 So. 3d 76, 80 (Fla. 2010) ("[A]n ownership interest in an LLC is personal property that is reasonably understood to fall within the scope of 'corporate stock[.]'").

4

Removal of all three cases is proper and the efficient and timely administration of debtors' bankruptcy will be impossible unless they are adjudicated together in federal court.[5]

## BASIS FOR FEDERAL JURISDICTION

The United States District Court for the Southern District of Florida has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1334(b).  Debtors filed for reorganization under Chapter 13 of the United States Bankruptcy Code. This Court has jurisdiction over this matter because the removed pre-petition State Court Action 'arises under' title 11 or 'arises in' the bankruptcy case filed under title 11.[6] The fact that the State Court Action existed prior to the debtors' bankruptcy petition does not divest this Court of 'arising under' jurisdiction pursuant section 1334(b).

"Core proceedings are those that 'arise under' title 11 or 'arise in' cases under title 11 and jurisdiction is conferred by § 1334(b)." *In re Toledo*, 170 F. 3d 1340, n.6 (11th Cir. 1999).  An action commenced solely in state court may "transform into a core proceeding [subject to federal jurisdiction] . . . through the claim filing process[.]" *In re Syed*, Case No. 10-82047-WRS, 2011 WL 1843399, at *2 (Bankr. M.D. Ala. May 13, 2011) (holding a removed, pre-petition state court claim for repayment of a loan that was the subject of a contested proof of claim was a core proceeding in the Chapter 13 bankruptcy) (citing *Matter of Wood*, 825 F. 2d 90, 97-98 (5th Cir.

---

[5] NTF anticipates that the three cases removed to this Court will be consolidated.

[6] At a minimum, the State Court Action is "related to" debtors' bankruptcy under 28 U.S.C. § 1334(b) because its outcome "could conceivably" alter the rights, liabilities, options, or freedom of debtors' action, and directly impact the administration of the debtors' estate. *Matter of Lemco Gypsum, Inc.*, 910 F. 2d 784, 788 (11th Cir. 1990); *Matters of Roper*, 203 B.R. 236, 332 (Bankr. N.D. Ala. 1996) *quoting Pacor, Inc. v. Higgins*, 743 F. 2d 984, 994 (3rd Cir. 1984); *see also Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987) ("For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings 'arising under', 'arising in a case under', or 'related to a case under', title 11. These references operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy.")

1987)). Upon filing of a proof of claim, the "special powers of the bankruptcy court are invoked to bring a pre-petition state law claim under the core proceeding definition." *In re Toledo*, 170 F. 3d 1340, 1349-50 (11th Cir. 1999) (citing *Wood*, 825 F. 2d at 98). "Those special powers are particularly invoked when the filing of the proof of claim and the state law litigation involve the validity of the claim." *In re Syed*, 2011 WL 1843399, at *2 (citing *In re Dixon*, 428 B.R. 911, 915–16 (Bankr. N.D. Ga. 2010) (discussing core versus non-core proceedings and the effect of filing a proof of claim)).

Here, NTF filed a proof of claim with the United States Bankruptcy Court for the Southern District of Florida regarding the damages sought from debtor in the State Court Action. *See* Proof of Claim attached hereto as Exhibit "C." Thompson-Smith contested the validity of NTF's claim in her answer, affirmative defenses, and counter-claims. NTF anticipates that she will also challenge the validity of the claim in the bankruptcy proceedings. As such, this Court has "'arising in' and/or 'arising under' jurisdiction because this is a core proceeding and removal is proper." *In re Syed*, 2011 WL 1843399, at *2.

## CONSENT TO BANKRUPTCY JUDGE'S AUTHORITY

In accordance with Federal Rule of Bankruptcy Procedure 9027(a)(1), NTF hereby consents to final orders and judgment by the bankruptcy judge. As discussed, the claims or causes of action that comprise the State Court Action constitute core proceedings. *See* 28 U.S.C. § 157(b)(2).

## PAPERS FROM REMOVED ACTION

Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), a copy of all process and pleadings served to date are attached to this Notice of Removal. *See* Composite Exhibit "A".

### REMOVAL IS TIMELY

This Notice of Removal, coming less than ninety (90) days after Georgia Thompson-Smith's declaration of bankruptcy, is timely filed in accordance with Federal Rule of Bankruptcy Procedure 9027(a)(2).

### FILING OF REMOVAL PAPERS

Pursuant to Federal Rule of Bankruptcy 9027(b)-(c), promptly after filing this Notice of Removal, Plaintiff NTF will serve a copy of this Notice of Removal on all parties to the State Court Action and with the Clerk of Court for Broward County, Florida. *See* Plaintiff's Notice of Filing Notice of Removal, attached as Exhibit "D".

### THE STATE COURT ACTION SHOULD BE ADJUDICATED IN FEDERAL COURT AS A CORE PROCEEDING

This Court should retain jurisdiction over the State Court Action in light of the interwoven nature of this case and the debtors' bankruptcy.[7] *See* 28 U.S.C. § 1334(c)(1). Failure of this Court or the bankruptcy court to hear this matter will prevent the efficient administration of the debtors' estate. The interests of justice or comity and respect for state law do not weigh in favor of discretionary abstention as bankruptcy matters predominate over the state law issues due to the

---

[7] *In re United Container, LLC*, 284 B.R. 162, 175–78 (Bankr. S.D. Fla. 2002) (noting that courts consider the following factors to guide their permissive abstention in core proceedings under section 1334(c): "(1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, (12) the presence in the proceeding of non-debtor parties, (13) comity, and (14) the possibility of prejudice to other parties in the action.").

proof of claim and interrelatedness of the State Court Action and debtors' bankruptcy. Further, the state law issues that remain do not involve difficult or unsettled issues of law and no jury trial was demanded. *Matters of Roper*, 203 B.R. at 338 (Bankr. N.D. Ala. 1996) (citing *In re Butcher,* 46 B.R. 109, 114 (Bankr. N.D. Ga. 1985) (holding that a remand argument based on a state court's ability or expertise holds no weight unless the dispute involves an unsettled question of state law)). Regardless of the outcome of the State Court Action, administration of the debtors' estate while this matter lies unresolved may prejudice Thompson-Smith's creditors, including NTF and Feldman, as it will be impossible to devise and confirm a proper Chapter 13 plan.[8]

**WHEREFORE**, Plaintiff NTF hereby removes *NSA Two Financial, LLC v. Thompson-Smith & Associates, LLC and Georgia Thompson-Smith*, Case No: CACE-14-023998, to this Court.

Dated: January 20, 2017

Respectfully submitted,

By: s/ *Jonathan Pollard*

Jonathan Pollard, Esq.
Florida Bar No.: 83613
jpollard@pollardllc.com

Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731
*Attorney for Plaintiff*

---

[8] Should this Court determine that the State Court Action is non-core, mandatory abstention is also improper. To invoke mandatory abstention, a court must show that the State Court Action will be 'timely adjudicated' in state court. *See, e.g., In re Container, LLC*, 284 B.R. 162, 174 (Bankr. S.D. Fla. 2002) ("Courts interpreting [the] phrase ['timely adjudication'] have not focused primarily on when the case would be tried, but rather on whether allowing an action to proceed in a state court will have any unfavorable effect on the administration of a bankruptcy case."). Allowing the State Court Action to proceed in state court hinders timely adjudication of that matter and will impede the administration of the debtors' estate.

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document has been electronically filed and served to Mark Goldstein, Esq., 1380 NE Miami Gardens Drive, Suite 205, Miami, FL 33179 by email at markgoldsteinattorney@gmail.com; markgoldstein98@yahoo.com on January 20, 2017.

*s/ Jonathan Pollard*
