IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

                                                CASE NO.:

        Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

        Defendants.

_____/

## COMPLAINT

Plaintiff, NSA TWO FINANCIAL, LLC, a Florida limited liability company ("NTF"), sues Defendants, THOMPSON-SMITH & ASSOCIATES, LLC ("TSA") and GEORGIA THOMPSON-SMITH ("Smith"), aver as follows:

### PARTIES, JURISDICTION AND VENUE

1.     This is an action by Plaintiff against Defendant for damages of $15,000.00 or greater, exclusive of attorneys' fees, costs and interest, and for equitable relief.

2.     NTF is a Florida limited liability company doing business in Broward County, Florida.

3.     TSA is a Florida limited liability company doing business in Broward County, Florida.

4.     Smith is a resident of Broward County, Florida, over the age of eighteen (18) and *sui juris*.

5.      Venue is proper in this Court pursuant to §47.011, Fla. Stat., because: (a) the causes of action accrued in Broward County, Florida; and/or (b) one or more of the Defendants do business in Broward County, Florida.

## GENERAL BACKGROUND

6.      TSA is a Florida limited liability company, duly formed on or about December 19, 2014.

7.      Two members own the entire membership interest in TSA, including NTF and Smith, pursuant to TSA's operating agreement.   A copy of said operating agreement (the "Operating Agreement") is attached hereto as Exhibit "A."

8.      Smith acts as managing member of TSA.

9.      Upon information and belief, TSA maintains all of its books and records, including those records it is required to maintain under Florida Statutes Chapter 605, at its principal office, located at 3601 W. Commercial Boulevard, Suite 14, Ft. Lauderdale, Florida, 33309 (the "Office").

10.      Up until July 2014, NTF and its agents had access to TSA's books and records, and up until October 10, 2014, NTF and its agents had access to TSA's Office.

11.      Then, on or about October 10, 2014, Smith advised NTF that the locks to the Office were changed, NTF would no longer have access to the Office, and if NTF's agents desired to retrieve any personal items, they could "visit" the office during regular business hours.

12.      That same day, NTF's member, Alex Feldman ("Feldman"), sent Smith a formal request to inspect TSA's records and requested a time to do so.

13.      On October 13, 2014, Smith responded to Feldman's request by scheduling an appointment for Friday, October 24, 2014 at 9:00 a.m. for NTF to inspect TSA's books and records.  A copy of Feldman's e-mail and Smith's reply is attached hereto as Exhibit "B."

*NSA Two Financial v. Thompson-Smith & Assoc.*
*Complaint*

14.    On October 17, 2014, Feldman sent Smith a follow up detailing a list of specific records (the "Records List") that NTF wanted to inspect at the October 24, 2014 meeting. A copy of Feldman's October 17, 2014 e-mail is attached hereto as Exhibit "C."

15.    On October 23, 2014, Smith responded to Feldman's October 17, 2014 e-mail and cancelled the October 24th record inspection meeting. A copy of Smith's October 23, 2014 e-mail is attached hereto as Exhibit "D."

16.    Thereafter, neither Smith nor any other agent on behalf of TSA, with access to TSA's records, provided NTF an alternative date and time to inspect TSA's records.

17.    On November 13, 2014, NTF demanded, *inter alia*, that TSA provide new potential dates for NTF to inspect TSA's records. A copy of the undersigned's November 13, 2014 demand letter sent on behalf of NTF to TSA's counsel is attached hereto as Exhibit "E."

18.    To date, TSA has not provided NTF a new date or time for NTF to inspect TSA's records.

19.    Further, NTF still has no access to the Office.

20.    All conditions precedent to bringing this action have been satisfied, excused or waived.

21.    NTF has engaged the undersigned law firm to represent it in this action and agreed to pay a reasonable fee for services.

22.    Each cause of action herein is pled in the alternative.

## Count I
### Breach of Contract - Damages

23.    NTF realleges, restates and incorporates herein by reference paragraphs 1 through 22 of this Complaint as if fully set forth herein.

*NSA Two Financial v. Thompson-Smith & Assoc.*
*Complaint*

24.     NTF and Smith entered into the Operating Agreement relating to the formation and operation of TSA. *See* Exhibit "A."

25.     The Operating Agreement is a valid and enforceable contract.

26.     Smith breached the Operating Agreement by, *inter alia*, violating Article VIII, Section 2, and denying NTF access to TSA's books and records.

27.     As a result, NTF has suffered damages.

**WHEREFORE**, NTF respectfully request that this Court enter judgment in its favor and against all Smith for damages, interest, attorneys' fees and costs, and such other and further relief as this Court deems appropriate.

## Count II
## Breach of Contract – Injunctive Relief

28.     NTF realleges, restates and incorporates herein by reference paragraphs 1 through 22 of this Complaint as if fully set forth herein.

29.     NTF and Smith entered into the Operating Agreement relating to the formation and operation of TSA. *See* Exhibit "A."

30.     The Operating Agreement is a valid and enforceable contract.

31.     Smith breached the Operating Agreement by, *inter alia*, violating Article VIII, Section 2, and denying NTF access to TSA's books and records.

32.     As a result, NTF is suffering immeasurable damages.

33.     There is no adequate remedy at law, and NTF requires injunctive relief to prevent any injury to itself or others.

34.     There is a substantial likelihood that irreparable harm will result if injunctive relief is not granted.

35.     NTF has a substantial likelihood of success on the merits.

*NSA Two Financial v. Thompson-Smith & Assoc.*
*Complaint*

36.     Injunctive relieve will serve the public interest.

**WHEREFORE,** NTF respectfully request that this Court enter judgment in its favor and against Smith for preliminary and permanent mandatory injunctive relief as follows: (1) commanding Smith to provide NTF access to TSA's books and records, including, without limitation, those set forth in the Records List, and access to the Office; (2) awarding attorney's fees and costs pursuant the Association Documents and Florida law; and (3) such other and further relief as this Court deems appropriate.

### Count III
### Violation of §605.0410, Florida Statute

37.     NTF realleges, restates and incorporates herein by reference paragraphs 1 through 22 of this Complaint as if fully set forth herein.

38.     Pursuant to section 605.0410, Florida Statutes, a Florida limited liability company is required to keep copies of certain business records, and each member of the company is entitled to inspect and copy said records upon reasonable notice.

39.     NTF is a member of TSA.

40.     NTF requested the right to inspect TSA's books and records, including the Records List.

41.     Although TSA initially scheduled an inspection of said books and records for NTF, but later cancelled the same.

42.     NTF made a subsequent request to reschedule the inspection, to no avail.

43.     TSA has since denied NTF access to its books and records entirely.

44.     Section 605.0411, Florida Statutes, provides that the Court may order a limited liability company to provide its books and records to a member for inspection and copying upon application of a member, at the company's expense.

*NSA Two Financial v. Thompson-Smith & Assoc.*
*Complaint*

      **WHEREFORE**, NTF respectfully request that this Court enter judgment in its favor and against TSA for equitable relief, requiring TSA to provide NTF the right to inspect and copy TSA's books and records, pursuant to, among other applicable law, §605.0411, Florida Statutes, at TSA's expense, and award NTF its reasonable attorneys' fees and costs and grant such other and further relief as this Court deems appropriate.

                      Respectfully submitted,

                      **HABER BLANK**
                      Attorneys for Plaintiffs
                      888 South Andrews Avenue, Suite 201
                      Fort Lauderdale, Florida  33316
                      Tel.: (954) 767-0300
                      Fax: (954) 949-0510
                      eservice@haberblank.com

Dated December 18, 2014

                      By:_____
                        JASON H. HABER
                        Florida Bar No.: 41119

# Operating Agreement
## of
# Excelsior Tax & Accounting Advisors , LLC

## I. ORGANIZATIONAL MATTERS

1.   <u>Formation</u>. The Company's records book contains a copy of its formation document filed with Florida.

2.   <u>Name and Purpose</u>. The Company's formal name is stated above. The Company may do business under a different name by complying with applicable fictitious name or assumed name laws. The Company has been formed to conduct all lawful business activities chosen by its management.

3.   <u>Registered Office and Agent</u>. The Company's registered office and/or agent may be changed whenever approved by its management.

4.   <u>Duration of Company</u>. The Company's duration shall be perpetual, unless otherwise provided by law, by the dissolution provisions of this document, or by the Company's formation document filed with Florida.

## II. MANAGEMENT

The Company will be member-managed, unless otherwise provided in its formation document filed with Florida. If the Company is manager-managed, the Company's management will be elected each year at the annual membership meeting. Management decisions will require the approval of members holding a majority of membership interests (if member-managed) or the approval of a majority of managers (if manager-managed), unless otherwise provided by applicable law, by other provisions of this document, or by the Company's formation document filed with Florida. Action required or permitted to be taken at a management meeting may be taken pursuant to written consent. Action by written consent may be taken without a meeting, without prior notice, and without a vote.

## III. MEMBERSHIP

1.   <u>Nonliability of Members</u>. No member of the Company shall be personally liable for the expenses, debts. obligations or liabilities of the Company, or for claims made against the Company.

2.     <u>Reimbursement for Organizational Costs</u>. Members shall be reimbursed by the Company for organizational expenses paid by the members. The Company shall be authorized to elect to deduct organizational expenses and start-up expenditures as permitted by applicable law.

3.     <u>Membership Interests</u>. A member's membership interest in this Company shall be expressed as 85% for Georgia Smith and 15% for NSA Two Financial, LLC.

4.     <u>Membership Voting</u>. Members shall vote in proportion to their membership interests in this Company, unless otherwise required by applicable law or by the Company's formation document filed with Florida. A matter shall be approved if a majority of the membership interests vote in favor of the matter.

5.     <u>Compensation</u>. Members shall not be paid as members of the Company for performing any duties associated with such membership. Members may be paid, however, for any services provided in any other capacity for the Company, whether as managers, officers, employees, independent contractors or otherwise.

6.     <u>Membership Meetings</u>. The Company shall hold an annual membership meeting at the time and place decided by management and communicated to all members between 30 and 60 days before the regular meeting. In addition, any member may call a special membership meeting at any time by communicating to all other members the plan to schedule a special meeting.

Notification of membership meetings may be in person, in writing, by telephone, by facsimile, or by any other form of electronic notice reasonably expected to be received by all of the members. Special membership meetings shall take place at the time and place stated in the meeting notification. Any business may be discussed and conducted at membership meetings.

Membership meetings may be held without the attendance of all members as long as members holding a majority of membership interests attend the meeting. Written notice of the decisions or approvals made at all membership meetings shall be mailed or delivered to each non-attending member promptly after the meeting. Written minutes of the discussions and proposals at a membership meeting, and the votes taken and matters approved at such meeting, shall be taken by one of the members or a person designated at the meeting.

Page 2 of 6

A copy of the minutes of the meeting shall be placed in the Company's records book after the meeting. Action required or permitted to be taken at an annual or special membership meeting may be taken pursuant to written consent. Action by written consent may be taken without a meeting, without prior notice, and without a vote.

7.    Membership Certificates. The Company may issue certificates representing membership interests (also called units) in the Company. Each certificate shall show the name of the Company, the name of the member, and any additional information considered appropriate by management. Each membership certificate shall be consecutively numbered and signed by two members, managers or officers of this Company. In addition to the above information, all membership certificates shall bear a prominent legend referring to any applicable transfer restrictions.

### IV. TAX AND FINANCIAL MATTERS

1.    Tax Treatment. It is anticipated that this Company will not be treated as a corporation under federal income tax law. Instead, this Company will be treated for federal income tax purposes in the same manner as a partnership, unless there is only one member, in which case the Company may choose to be disregarded as an entity for federal income tax purposes. It is further understood that the members do not consider each other partners or joint venturers, except for federal and state income tax purposes.

2.    Annual Income Tax Returns and Reports. Within 75 days after the end of each tax year of the Company, a copy of the Company's state and federal income tax returns for the preceding tax year shall be mailed or otherwise provided to each member of the Company, together with any additional information and forms necessary for each member to complete their individual state and federal income tax returns.

3.    Bank Accounts. The Company's management shall designate one or more banks or other institutions for the deposit of the funds of the Company, and shall establish such accounts as are reasonable and necessary for its business and investments.

4.    Distributions. The Company will distribute to the members every year sufficient cash from the Company's profits to cover their projected income tax liability for their distributive share of items reported by the Company in Schedule K-1, unless all of the membership interests vote against such distribution. All other distributions of the Company's profits will be made from time to time when and if approved by a majority of the membership interests.

Page 3 of 6

## V. CAPITAL

1.   <u>Capital Contributions by Members</u>. Members shall make the initial capital contributions of cash, property or services approved by a unanimous vote of members.

2.   <u>Additional Contributions by Members</u>. The members may agree from time to time by unanimous vote to require the payment of additional capital contributions by the members by a mutually agreeable date.

3.   <u>No Interest on Capital Contributions</u>. No interest shall be paid on funds or property contributed as capital to this Company, or on funds reflected in the capital accounts of the members.

4.   <u>Capital Account Bookkeeping</u>. A capital account shall be set up and maintained in the records book of the Company for each member. The records book shall reflect each member's capital contribution to the Company, increased by each member's share of profits in the Company, decreased by each member's share of losses and expenses of the Company, and adjusted as required in accordance with applicable provisions of the Internal Revenue Code and corresponding income tax regulations.

5.   <u>Allocations of</u> <u>Profits and Losses</u>. No member shall be given priority or preference with respect to other members in obtaining a return of capital contributions, distributions or allocations of the income, gains, losses, deductions, credits or other items of the Company. The profits and losses of the Company, and all items of its income, gain, loss, deduction and credit, shall be allocated to members according to their membership interests.

6.   <u>Allocation and Distribution of Cash to Members</u>. Cash from the Company's business operations, as well as cash from a sale or other disposition of the Company's capital assets, may be distributed from time to time to the members in accordance with their membership interests, as may be decided by a majority of the membership interests.

7.   <u>Advances by Members</u>. If the Company does not have sufficient cash to pay its obligations, any member may agree to advance all or part of the needed funds as a loan to the Company on terms acceptable to the Company's management. Any such advance shall be treated as a loan to the Company and shall not constitute an additional capital contribution.

## VI. MEMBERSHIP ADMISSION AND TRANSFER

1.    <u>Admission of Additional Members</u>. No person may be admitted as an additional member unless the admission is approved by a majority of the membership interests and the additional membership interest is purchased by such person for fair consideration.

2.    <u>Restrictions on the Transfer of Membership</u>. Members may not transfer their membership interests in the Company unless all of the membership interests approve the admission of the transferee into this Company. Further, members may not encumber a part or all of their membership interests in the Company by mortgage, pledge, security interest, lien or otherwise, unless the encumbrance has first been approved in writing by the Company's management, which approval may not be unreasonably withheld.

Notwithstanding the above provisions, members may assign an economic interest in their membership interests to any another person without the approval of the other members or managers. Such an assignment shall not include a transfer of voting or management rights in this Company, and the assignee shall not become a member of the Company.

## VII. DISSOLUTION

1.    <u>Dissolution of the Company</u>. Unless otherwise provided by applicable law or by the Company's formation document filed with Florida, this Company shall be dissolved upon the first to occur of any of the following events: (a) written agreement of a majority of membership interests to dissolve the Company or (b) entry of an order of dissolution by a court with jurisdiction over the Company.

2.    <u>Liquidation</u>. After dissolution of the Company, its management shall diligently wind up and liquidate the business and affairs of the Company. The Company shall pay for all expenses of liquidation.

## VIII. GENERAL PROVISIONS

1.    <u>Officers</u>. The Company's management may appoint officers, such as a President, Vice President, Secretary and Treasurer, who shall have the responsibilities generally accorded to their positions, subject to the right of management to modify the responsibilities of such positions. Persons who fill these positions need not be members or managers of the Company. The officers may be compensated or noncompensated according to the nature and extent of the services provided by such officers.

2.     <u>Records</u>. The Company shall keep at its principal business address a copy of all proceedings of membership meetings, as well as books of account of the Company's financial transactions. A list of the names and addresses of the current membership of the Company also shall be maintained at this address, with notations on all transfers of economic interests to nonmembers and transfers of membership interests to persons admitted into membership in the Company. A list of the name and address of the Company's management staff shall also be kept at this address.

Copies of the Company's formation document filed with Florida, a signed copy of this document, and the Company's tax returns for the preceding three tax years shall be kept at the principal business address of the Company. Any member or manager may inspect any and all records maintained by the Company upon reasonable notice to the Company. Copying of the Company's records by members and managers is allowed, but reasonable copying costs shall be paid for by the requesting member or manager.

3.     <u>All Necessary Acts</u>. The members, managers and officers of this Company are authorized to perform all acts necessary to perfect the organization of this Company and to carry out its business operations expeditiously and efficiently. The Company's management may certify to other businesses, financial institutions and individuals as to the authority of one or more members, managers or officers of this Company to transact specific items of business on behalf of the Company.

4.     <u>Amendment</u>. This document shall not be amended, modified or replaced except by a written instrument approved by a majority of the membership interests.

I certify that the Company's members have adopted the terms of this document.

Signature: _____
Georgia Smith

Date: _Jan. 12, 2014_

Signature: _____
Alex Feldman, Managing Member
NSA Two Financial, LLC

Date: _1/13/14_

Page 6 of 6

Exhibit $\mathcal{B}$ _____

**From:** Georgia Smith <georgias@thompsonsmithassociates.com>
**Date:** October 13, 2014 at 8:23:40 AM EDT
**To:** Alex Feldman <alexf@gotitgroup.com>
**Cc:** Christopher Matysek <christopherm@gotitgroup.com>
**Subject: Re: TSA - Re: Office Locks**

We can schedule an appointment for Friday, October 24 at 9:00am.

On Fri, Oct 10, 2014 at 9:43 PM, Alex Feldman <alexf@gotitgroup.com> wrote:
I am making a formal request to inspect the records of TSA.  Let me know when I can do so.


Thanks,

Alex Feldman
GOTIT Group, LLC
3601 W. Commercial Blvd #14
Ft Lauderdale, FL 33309
954-732-4495

On Oct 10, 2014, at 9:18 PM, Georgia Smith <georgias@thompsonsmithassociates.com> wrote:

> Alex,
>
> Please be informed that the locks to the office have been changed.
>
> As a minority member of Thompson-Smith & Associates you have the right to
> inspect the records of the company upon reasonable notice.  At such time, an

appointment may be scheduled at a time that is convenient to the company and to you.

Also, you may visit the office to retrieve any items that belong to you during normal business hours, when the office is open.

--
*Georgia Smith, CPA, MST*
Managing Partner
**Thompson-Smith & Associates, LLC**.
3601 W. Commercial Blvd., Suite 14
Fort Lauderdale, FL 33309
Phone: 954-368-6670
Fax:    954-748-4477
Email:  georgias@thompsonsmithassociates.com

Electronic Privacy Notice: This e-mail, and any attachments, contains information that is, or may be, covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

IRS Circular 230 Notice: In compliance with requirements imposed by the U.S. Internal Revenue Service Circular 230, any tax advice contained in this communication was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding tax-related penalties under the U.S. Internal Revenue Code and/or promoting, marketing, or recommending to another party any tax-related matters addressed herein.

Electronic Privacy Notice. This e-mail, and any attachments, contains information that is, or may be, covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

In compliance with requirements imposed by the U.S. Internal Revenue Service Circular 230, any tax advice contained in this communication was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding tax-related penalties under the U.S. Internal Revenue Code and/or promoting, marketing, or recommending to another party any tax-related matters addressed herein.

Electronic Privacy Notice. This e-mail, and any attachments, contains information that is, or may be, covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

In compliance with requirements imposed by the U.S. Internal Revenue Service Circular 230, any tax advice contained in this communication was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding tax-related penalties under the U.S. Internal Revenue Code and/or promoting, marketing, or recommending to another party any tax-related matters addressed herein.

--
*Georgia Smith, CPA, MST*
Managing Partner
**Thompson-Smith & Associates, LLC**.
3601 W. Commercial Blvd., Suite 14
Fort Lauderdale, FL 33309
Phone: 954-368-6670
Fax:   954-748-4477
Email:  georgias@thompsonsmithassociates.com

Electronic Privacy Notice: This e-mail, and any attachments, contains information that is, or may be, covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

IRS Circular 230 Notice: In compliance with requirements imposed by the U.S. Internal Revenue Service Circular 230, any tax advice contained in this communication was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding tax-related penalties under the U.S. Internal Revenue Code and/or promoting, marketing, or recommending to another party any tax-related matters addressed herein.

Electronic Privacy Notice. This e-mail, and any attachments, contains information that is, or may be, covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying,

distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

In compliance with requirements imposed by the U.S. Internal Revenue Service Circular 230, any tax advice contained in this communication was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding tax-related penalties under the U.S. Internal Revenue Code and/or promoting, marketing, or recommending to another party any tax-related matters addressed herein.

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2015.0.5577 / Virus Database: 4235/8716 - Release Date: 12/11/14

Electronic Privacy Notice. This e-mail, and any attachments, contains information that is, or may be, covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

In compliance with requirements imposed by the U.S. Internal Revenue Service Circular 230, any tax advice contained in this communication was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding tax-related penalties under the U.S. Internal Revenue Code and/or promoting, marketing, or recommending to another party any tax-related matters addressed herein.

Exhibit _____

**Jason H Haber**

| | |
|---|---|
| **From:** | Alex Feldman <alexf@gotitgroup.com> |
| **Sent:** | Friday, October 17, 2014 12:03 PM |
| **To:** | 'Georgia Smith' |
| **Cc:** | jhaber@hsbattorneys.com; 'Christopher Matysek (Google Contacts)' |
| **Subject:** | TSA - Books & Records |

Georgia,

Please let me know no later than 10/20 that all this will be ready for the meeting on 10/24 so no time will be wasted.

1. Financials as of 9/30/14 – Complete electronic backup of the QB file, P&L, Balance sheet, general ledger, etc.

2. Most current A/R list

3. Original A/R list received with the purchase of the firm

4. Most current WIP (work in progress) list

5. Original WIP list received with the purchase of the firm

6. Please provide a breakdown of how much money each individual generated at TSA (all employees, contractors & you)

7. What is the status of the $15,000+ owed by Wittlin that you were dealing with them on?

   - Are we getting the money?

   - If so, when?

   - When was the last contact?

   - Describe all prior efforts made to collect

8. What is the status of the $8,000 owed by Bob Henry's attorney for Nothing but Cigarettes ($5,000 purchase and $3,000 outstanding balance) that you were dealing with them on?

   - Are we getting the money?

   - If so, when?

   - When was the last contact?

- Describe all prior efforts made to collect

9. Have you been calling the people on the A/R & WIP list totaling over $200k that we originally acquired from Witllin?

- If so, how many people have you called?

- Are payments expected to come in?

10. How much of the originally acquired A/R and WIP has been collected and how much is still outstanding?

- What is being done to collect it?

- Describe all prior efforts made to collect

11. How many customer complaints have come in since inception of the business?

- please provide names and detailed reason of the complaints

12. Provide copies of all written complaints

13. Are there any legal disputes currently outstanding with:

a. TSA
b. Employees
c. Clients

14. Complete client list (taxes, accounting, payroll, incorporations, live payroll, etc.), as of 04/15/14 and as of 10/15/14

15. List of all the tax returns done by the firm through 04/15/14 and for the period between 04/15/14 and 10/15/14

16. List of all the tax returns done last year by WDD or Savetax that were not done this year yet

17. List of write up clients purchased by TSA from WDD and Savetax

18. List of write up clients currently serviced at the firm

19. List of 940-941 payroll clients purchased by TSA from WDD and Savetax

20. List of 940/941 payroll clients currently at the firm

21. List of live payroll clients purchase by TSA from WDD and Savetax

22. List of live payroll clients currently at the firm

Thanks.

Have a great day!


Alex Feldman
GOTIT Group
3601 W. Commercial Blvd
Suite # 14
Fort Lauderdale, FL 33309
954-732-4495 Cell
954-656-1106 Fax

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2015.0.5577 / Virus Database: 4235/8716 - Release Date: 12/11/14

Electronic Privacy Notice. This e-mail, and any attachments, contains information that is, or may be, covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

In compliance with requirements imposed by the U.S. Internal Revenue Service Circular 230, any tax advice contained in this communication was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding tax-related penalties under the U.S. Internal Revenue Code and/or promoting, marketing, or recommending to another party any tax-related matters addressed herein.

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

                              CASE NO.:

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.
_____/

### CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this summons and Complaint in this action on Defendant,

By serving:    Georgia Thompson-Smith
                 3601 W. Commercial Blvd., Suite 14
                 Ft. Lauderdale, FL 33309

      Each Defendant is required to serve written defenses to the Complaint on JASON H. HABER, ESQ., Plaintiff's attorney, whose address is:

HABER, STIEF & BLANK, LLP
888 S. ANDREWS AVENUE, SUITE 201
FORT LAUDERDALE, FLORIDA 33316
ESERVICE@HABERBLANK.COM

within 20 days after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the claim for rent count in the complaint.

      **WITNESS** my hand and the Seal of said Court this ___ day of _____, 2014.

                            As Clerk of Said Court

                            By:_____
                               As Deputy Clerk

[COURT SEAL]

In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the Court ADA Coordinator no later than seven (7) days prior to the proceedings.  Telephone 1-800-955-8771, for assistance.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes, interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos,sin previo aviso del tribunal.  existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la quia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.   Vous avez 20 jours consecutifis a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autes obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

          CASE NO.:

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this summons and Complaint in this action on Defendant,

By serving:    Thompson-Smith & Associates, LLC
                c/o Georgia Thompson-Smith, Managing Member
                3601 W. Commercial Blvd., Suite 14
                Ft. Lauderdale, FL 33309

      Each Defendant is required to serve written defenses to the Complaint on JASON H. HABER, ESQ., Plaintiff's attorney, whose address is:

HABER, STIEF & BLANK, LLP
888 S. ANDREWS AVENUE, SUITE 201
FORT LAUDERDALE, FLORIDA 33316
ESERVICE@HABERBLANK.COM

within 20 days after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the claim for rent count in the complaint.

      **WITNESS** my hand and the Seal of said Court this ___ day of _____, 2014.

                      As Clerk of Said Court

                      By:_____
                            As Deputy Clerk

[COURT SEAL]

In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the Court ADA Coordinator no later than seven (7) days prior to the proceedings.  Telephone 1-800-955-8771, for assistance.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes, interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos,sin previo aviso del tribunal.  existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la quia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.   Vous avez 20 jours consecutifis a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autes obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

# RETURN OF SERVICE

**State of FLORIDA**          **County of BROWARD**                    **Circuit Court**

Case Number: CACE-14-023998(18)

Plaintiff:
**NSA TWO FINANCIAL, LLC**

vs.

Defendant:
**THOMPSON-SMITH & ASSOCIATES, LLC. ET AL.,**

For:
Jason Haber
Haber Blank LLP
888 South Andrews Avenue
Suite 201
Fort Lauderdale, FL 33316

Received by OJF SERVICES, INC. on the 9th day of January, 2015 at 8:43 am to be served on **THOMPSON-SMITH & ASSOCIATES, LLC, 3601 W. COMMERICAL BLVD, SUITE 14, FT.LAUDERDALE, FL 33309.**

I, FELIX ONATE, do hereby affirm that on the **14th day of January, 2015** at **10:00 am, I:**

**CORPORATE:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **MARY ANN COLENDRA** as **AGENT** for **THOMPSON-SMITH & ASSOCIATES, LLC,** at the address of: **3601 W. COMMERICAL BLVD, SUITE 14, FT.LAUDERDALE, FL 33309,** and informed said person of the contents therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE. 92.525.

**FELIX ONATE**
SPS #473

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2015000320

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



Case Number: CACE-14-023998 Division: 18
Filing # 21815864 Electronically Filed 12/19/2014 12:41:42 PM

## IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
## IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company                          CASE NO.:

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

### CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this summons and Complaint in this action on Defendant,

By serving:    Thompson-Smith & Associates, LLC
              c/o Georgia Thompson-Smith, Managing Member
              3601 W. Commercial Blvd., Suite 14
              Ft. Lauderdale, FL 33309

      Each Defendant is required to serve written defenses to the Complaint on JASON H. HABER, ESQ., Plaintiff's attorney, whose address is:

HABER, STIEF & BLANK, LLP
888 S. ANDREWS AVENUE, SUITE 201
FORT LAUDERDALE, FLORIDA 33316
ESERVICE@HABERBLANK.COM

within 20 days after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the claim for rent count in the complaint.

DEC 22 2014

      **WITNESS** my hand and the Seal of said Court this ___ day _____,
2014.

As Clerk of Said Court

By:_____
As Deputy Clerk

[COURT SEAL]

*** FILED: BROWARD COUNTY, FL HOWARD FORMAN. CLERK 12/19/2014 12:41:42 PM ****

HOWARD C. FORMAN

320

# RETURN OF SERVICE

**State of FLORIDA**          **County of BROWARD**                    **Circuit Court**

Case Number: CACE-14-023998(18)

Plaintiff:
**NSA TWO FINANCIAL, LLC**

vs.

Defendant:
**THOMPSON-SMITH & ASSOCIATES, LLC. ET AL.,**

For:
Jason Haber
Haber Blank LLP
888 South Andrews Avenue
Suite 201
Fort Lauderdale, FL 33316

Received by OJF SERVICES, INC. on the 9th day of January, 2015 at 8:43 am to be served on **GEORGIA THOMPSON-SMITH, 3601 W. COMMERICAL BLVD, SUITE 14, FT.LAUDERDALE, FL 33309.**

I, FELIX ONATE, do hereby affirm that on the **21st day of January, 2015** at **1:44 pm, I:**

**INDIVIDUAL/PERSONAL:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** to: **GEORGIA THOMPSON-SMITH** at the address of: **3601 W. COMMERICAL BLVD, SUITE 14, FT.LAUDERDALE, FL 33309** with the date and hour of service endorsed thereon by me, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**FELIX ONATE**
SPS #473

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2015000317

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



Filing # 21815864 Electronically Filed 12/19/2014 12:41:42 PM

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.:

    Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

    Defendants.

_____/

### CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

    **YOU ARE HEREBY COMMANDED** to serve this summons and Complaint in this action on Defendant,

By serving:    Georgia Thompson-Smith
                3601 W. Commercial Blvd., Suite 14
                Ft. Lauderdale, FL 33309

    Each Defendant is required to serve written defenses to the Complaint on JASON H. HABER, ESQ., Plaintiff's attorney, whose address is:

HABER, STIEF & BLANK, LLP
888 S. ANDREWS AVENUE, SUITE 201
FORT LAUDERDALE, FLORIDA 33316
ESERVICE@HABERBLANK.COM

within 20 days after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the claim for rent count in the complaint.

DEC 22 2014

    **WITNESS** my hand and the Seal of said Court this _____ day of _____, 2014.

MILITARY
YES  NO

As Clerk

By: _____
    As Deputy Clerk

[COURT SEAL]

*** FILED: BROWARD COUNTY, FL HOWARD FORMAN, CLERK 12/19/2014 12:41:42 PM.****

HOWARD C. FORMAN

317



Case 0:17-cv-60155-JAL Document 1-2 Entered on FLSD Docket 01/20/2017 Page 28 of 293

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR BROWARD COUNTY, FLORIDA**

Case No.: CACE-14-023998
Division: 18

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,

**Plaintiff,**

        **V.**

**THOMPSON-SMITH & ASSOCIATES,**
**LLC,** a Florida limited liability
company; and **GEORGIA THOMPSON-SMITH,**
Individual

**Defendants,**

_____/

### DEFENDANTS' MOTION FOR EXTENSION OF TIME TO ANSWER COMPLAINT.

      **DEFENDANTS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH** (collectively, hereinafter, "Defendants"), moves this Honorable Court for entry of an order granting an extension in which to file a response, without waiving any objections, to **PLAINTIFF'S, NSA TWO FINANCIAL, LLC** ("Plaintiff"), COMPLAINT, and as grounds therefore states:

      1.     On January 14, 2015, Plaintiff served Defendant, **THOMPSON-SMITH & ASSOCIATES, LLC**, with its Complaint.  As a result, the due date for a response is February 3, 2015.

      2.     On January 21, 2015, Plaintiff served Defendant, **GEORGIA THOMPSON-SMITH**, with its Complaint.  As a result, the due date for a response is February 10, 2015.

      3.     On or about January 28, 2015, the undersigned was retained by Defendants for representation in this matter.

      4.     As a result of the undersigned counsel medical procedure beginning Monday, February 3, 2015, and the undersigned counsel's conflict in scheduling due to a heavy caseload, the undersigned will not have adequate or sufficient time to confer with the Defendants in order to appropriately respond to the Complaint and prepare for the defense of this action.

      5.     _**THEREFORE, DEFENDANTS' REQUEST AN ORDER GRANTING AN EXTENSION, UP TO AND INCLUDING FEBRUARY 20, 2015, IN WHICH TO FILE A RESPONSE, WITHOUT WAIVING ANY OBJECTIONS.**_

      6.     Undersigned counsel submits that the Plaintiff shall not be prejudiced by granting this extension of time and further submits that this motion is not being submitted for dilatory purposes.

1|P a g e

7.      Undersigned counsel hereby certifies that she has made two attempts to contact the opposing counsel via telephone regarding this matter, however, have not yet been able to communicate him.

**WHEREFORE, DEFENDANTS, THOMPSON-SMITH & ASSOCIATES, LLC and GEORGIA THOMPSON-SMITH,** moves for entry of an order granting an extension in which to file a response to **PLAINTIFF'S, NSA TWO FINANCIAL, LLC, COMPLAINT,** without waiving any objections or defenses, up to and including February 20, 2015, and such further relief as this Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Electronic Mail, upon Jason H. Haber, Esq., HABER BLANK, Attorneys for Plaintiffs, eservice@haberblank.com, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, FL 33316, this 29th day of January, 2015.

Respectfully Submitted,

THE MAYNE LAW FIRM, P.A.
Attorneys for **DEFENDANTS,**
**THOMPSON-SMITH & ASSOCIATES,**
**LLC, and GEORGIA THOMPSON-**
**SMITH,**
The Crexent Building
12401 Orange Drive, Suite 132
Davie, FL 33330
Telephone: 786.663.2911
Facsimile: 877.350.7501

By: _____

Natasha D. Mayne, Esq.
Florida Bar No. 571466
nmayne@maynelawfirm.com

Case 0:17-cv-60155-JAL Document 1-2 Entered on FLSD Docket 01/20/2017 Page 30 of 293

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

Case No.: CACE-14-023998
Division: 18

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,

**Plaintiff,**

**V.**

**THOMPSON-SMITH & ASSOCIATES,
LLC,** a Florida limited liability
company; and **GEORGIA THOMPSON-SMITH,**
Individual

**Defendants,**
_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF
## MAILINGS AND E-MAIL ADDRESS PURSUANT TO FLORIDA RULE
## OF JUDICIAL ADMINISTRATION 2.516 AND CERTIFICATE OF COMPLIANCE

### I. NOTICE OF APPEARANCE & DESIGNATION OF MAILING ADDRESS

The law firm of THE MAYNE LAW FIRM, P.A. enters its appearance as counsel for
**DEFENDANTS, THOMPSON-SMITH & ASSOCIATES, LLC AND GEORGIA THOMPSON-
SMITH** , in the above-styled case.

All parties shall take note that all pleadings, notices, correspondence and any other pertinent
data pertaining to the above-styled cause filed to date and in the future should be copied to
the undersigned attorney for **DEFENDANTS, THOMPSON-SMITH & ASSOCIATES, LLC
AND GEORGIA THOMPSON-SMITH** .

NATASHA D. MAYNE OF THE MAYNE LAW FIRM, P.A., being sworn, certify that her current
mailing address is Natasha D. Mayne, Esq., THE MAYNE LAW FIRM, P.A., The Crexent
Building, 12401 Orange Drive, Suite 132, Davie, FL 33330.

### III. DESIGNATION OF ELECTRONIC MAILING ADDRESS & CERTIFICATE OF
### COMPLIANCE

Additionally, she designate the following email address for pleadings and court papers:
NMayne@MayneLawFirm.com

ALL PLEADINGS AND DOCUMENTS MUST BE SENT VIA ELECTRONIC MAIL AND MAIL AT THE
ABOVE-REFERENCED ADDRESSES.

I, NATASHA D. MAYNE, ESQ. certify that I have complied with Florida Rule Of Judicial
Administration 2.516 Regarding Designation Of Mailings And E-Mail Address.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Electronic Mail, upon Jason H. Haber, Esq., HABER BLANK, Attorneys for Plaintiffs, eservice@haberblank.com, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, FL 33316, this 29th day of January, 2015.

Respectfully Submitted,

THE MAYNE LAW FIRM, P.A.
Attorneys for **DEFENDANTS, THOMPSON-SMITH & ASSOCIATES, LLC, and GEORGIA THOMPSON-SMITH,**
The Crexent Building
12401 Orange Drive, Suite 132
Davie, FL 33330
Telephone: 786.663.2911
Facsimile: 877.350.7501

By:

Natasha D. Mayne, Esq.
Florida Bar No. 571466
nmayne@maynelawfirm.com

**2** | P a g e

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.: CACE-14-023998
Division: 18

NSA TWO FINANCIAL, LLC, a Florida
limited liability company,

Plaintiff,
        v.

THOMPSON-SMITH & ASSOCIATES,
LLC, a Florida limited liability
company; and GEORGIA THOMPSON-SMITH,
Individual

Defendants,
_____/

## NOTICE OF HEARING[1]

YOU ARE HEREBY NOTIFIED that the undersigned has set a hearing before the Honorable Garcia-Wood Marina, Broward County Circuit Court Judge, at the Broward County Courthouse, 201 SE 6th Street, Fort Lauderdale, FL 33301, in Room 780, on Thursday February 26, 2015, at 9:15 a.m., on the following matter: **DEFENDANT'S MOTION FOR EXTENTION OF TIME TO ANSWER COMPLAINT.**

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Electronic Mail, upon Jason H. Haber, Esq., HABER BLANK, Attorneys for Plaintiffs, eservice@haberblank.com, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, FL 333164, and by U.S. Mail to Melinda Fleming, Judicial Assistant  to the Honorable Garcia-Wood, Marina., Broward County Courthouse, 201 SE 6th Street, Room 780, Fort Lauderdale, FL 33301, this 3rd day of February, 2015.

Respectfully Submitted,

THE MAYNE LAW FIRM, P.A.
Attorneys for **DEFENDANTS, THOMPSON-SMITH & ASSOCIATES, LLC, and GEORGIA THOMPSON-SMITH,**
The Crexent Building
12401 Orange Drive, Suite 132
Davie, FL 33330
Telephone:786.663.2911
Facsimile: 877.350.7501

Natasha D. Mayne, Esq.
Florida Bar No. 571466
nmayne@maynelawfirm.com

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 470, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711**

---

[1] Coordinated with opposing counsel's office on February 3, 2015.

# 17th Judicial Circuit

**Case Schedule Receipt:**

| | |
|---|---|
| Sequence Number: | **11** |
| Judge Name: | Garcia-Wood, Marina |
| Case Number: | CACE14023998 |
| Schedule Date: | 02/26/2015 |
| Scheduling Attorney Name: | Natasha, Denise-Louise, Mayne |
| Motion Title: | DEFEDANT'S MOTION FOR EXTENTION OF TIME TO ANSWER COMPLAINT. |
| Case Entry Date: | Tue Feb 03 11:52:54 EST 2015 |

| Back | Print |
|---|---|

Case 0:17-cv-60155-JAL  Document 1-2  Entered on FLSD Docket 01/20/2017  Page 34 of 293



**THE CRESCENT
BUILDING**
12401 ORANGE DRIVE
SUITE 132
DAVIE, FL 33330

TELEPHONE: (786) 663-2911
FACSIMILE: (877) 350-7501
www.MayneFirmGroup.com

NATASHA D. MAYNE, ESQ.
EMAIL:nmayne@maynelawfirm.com

February 5, 2015

**The Honorable Marina Garcia-Wood**
Broward County Circuit Court Judge
201 SE 6th Street, **Room 780**
Fort Lauderdale, FL 33301

> **Re:** **Case No.:** CACE-2014- 023998- NSA TWO FINANCIAL, LLC, a Florida limited liability company V. **THOMPSON-SMITH & ASSOCIATES, LLC,** a Florida limited liability company; and **GEORGIA THOMPSON-SMITH,** Individual.

Dear Judge Garcia-Wood:

Enclosed please find the parties AGREED ORDER REGARDING DEFENDANT'S MOTION FOR EXTENTION OF TIME, along with sufficient copies and return envelopes.

If the proposed orders meet with Your Honor's approval, we would appreciate your entering the orders and causing conformed copies of same to be mailed to us. If a hearing is necessary or should you require anything further from us, please have your Judicial Assistant contact us at your earliest convenience.

Respectfully Submitted,

THE MAYNE LAW FIRM



Natasha D. Mayne, Esq.

cc : Haber, Stief & Blank, LLP. (Email Only)

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

Case No.: CACE-14-023998
Division: 18

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,

**Plaintiff,**

v.

**THOMPSON-SMITH & ASSOCIATES,
LLC,** a Florida limited liability
company; and **GEORGIA THOMPSON-SMITH,**
Individual

**Defendants,**

_____/

## AGREED ORDER REGARDING DEFENDANTS' MOTION FOR EXTENSION OF TIME

THIS CAUSE, having come before the Court upon the agreement of the parties and the Court being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED that:

1.     DEFENDANTS' Motion for Extension of Time is GRANTED.

2.     DEFENDANTS shall have an enlargement of time until February 20, 2015, to respond to the Plaintiff's Complaint.

3.     This Court reserves jurisdiction to enforce this order.

**DONE AND ORDERED** in Chambers, at Broward County, Florida this _____ day of _____, 2015.

_____
Circuit Court Judge

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

**Case No.: CACE-14-023998**
**Division:  18**

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,

**Plaintiff,**
   **v.**

**THOMPSON-SMITH & ASSOCIATES,
LLC,** a Florida limited liability
company**;** and **GEORGIA THOMPSON-SMITH,**
Individual

**Defendants,**
_____/

**AGREED ORDER REGARDING DEFENDANTS' MOTION FOR EXTENSION OF TIME**

  THIS CAUSE, having come before the Court upon the agreement of the parties and
the Court being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED that:

   1. DEFENDANTS' Motion for Extension of Time is GRANTED.

   2. DEFENDANTS shall have an enlargement of time until February 20,
2015, to respond to the Plaintiff's Complaint.

   3. This Court reserves jurisdiction to enforce this order.

  **DONE AND ORDERED** in Chambers, at Broward County, Florida this _____ day of
_____, 2015.

TRUE COPY

_____
Circuit Court Judge

FEB 1 0 2015

MARINA GARCIA-WOOD

TRUE COPY

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

Case No.: CACE-14-023998
Division: 18

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,
**Plaintiff/Counter-Defendant.**

v.

**THOMPSON-SMITH & ASSOCIATES,
LLC,** a Florida limited liability
company; and **GEORGIA THOMPSON-SMITH,**
Individual
**Defendants/Counter-Plaintiffs',**
_____/

**DEFENDANT'S, THOMPSON-SMITH & ASSOCIATES, LLC,
MOTION FOR EXTENSION OF TIME TO ANSWER COMPLAINT.**

     **DEFENDANT'S, THOMPSON-SMITH & ASSOCIATES, LLC** ("TSA") and **GEORGIA
THOMPSON-SMITH** ("Smith") (collectively, "Defendants"), by and through his undersigned
counsel, hereby responds to the consecutively numbered allegations of **PLAINTIFF'S, NSA
TWO FINANCIAL, LLC** ("Plaintiff"), Complaint, and as grounds therefore states:

**I.**    **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT.**

    1.    Defendants deny the allegations contained in Paragraph 1 for lack of sufficient
knowledge or information to form a belief as to the truth or falsity of the matters contained
therein.

    2.    Defendants deny the allegations contained in Paragraph 2 for lack of sufficient
knowledge or information to form a belief as to the truth or falsity of the matters contained
therein.

    3.    The allegations contained in Paragraph 3 are admitted upon information and
belief.

    4.    Defendants deny the allegations contained in Paragraph 4.

    5.    The allegations contained in Paragraph 5 are admitted upon information and
belief.

    6.    Defendants admit that "TSA is a Florida limited liability company."
Defendants deny the remaining allegations contained in Paragraph 6.

    7.    The allegations contained in Paragraph 7 are admitted upon information and
belief.

    8.    The allegations contained in Paragraph 8 are admitted upon information and
belief.

9.    The allegations contained in Paragraph 9 are admitted upon information and belief.

10.    Defendants deny the allegations contained in Paragraph 10.

11.    The allegations contained in Paragraph 11 are admitted upon information and belief, by denies that Plaintiff has no access.

12.    The allegations contained in Paragraph 12 are admitted upon information and belief.

13.    The allegations contained in Paragraph 13 are admitted upon information and belief.

14.    The allegations contained in Paragraph 14 are admitted upon information and belief.

15.    The allegations contained in Paragraph 15 are admitted upon information and belief.

16.    Defendants deny the allegations contained in Paragraph 16.

17.    The allegations contained in Paragraph 17 are admitted upon information and belief.

18.    Defendants deny the allegations contained in Paragraph 18.

19.    Defendants deny the allegations contained in Paragraph 19.

20.    Defendants deny the allegations contained in Paragraph 20 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

21.    Defendants deny the allegations contained in Paragraph 21 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

22.    No response necessary as to paragraph 22.

## <u>COUNT I – BREACH OF CONTRACT - DAMAGES</u>

23.    Defendants reallege and incorporate by reference the admissions and denials contained in Paragraphs 1 through 22 as though fully set forth herein.

24.    The allegations contained in Paragraph 24 are admitted upon information and belief.

25.    The allegations contained in Paragraph 25 are admitted upon information and belief.

26.    Defendants deny the allegations contained in Paragraph 26 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

2|P a g e

27.     Defendants deny the allegations contained in Paragraph 27 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

## COUNT II – BREACH OF CONTRACT – INJUNCTIVE RELIEF

28.     Defendants reallege and incorporate by reference the admissions and denials contained in Paragraphs 1 through 22 as though fully set forth herein.

29.     The allegations contained in Paragraph 29 are admitted upon information and belief.

30.     The allegations contained in Paragraph 30 are admitted upon information and belief.

31.     Defendants deny the allegations contained in Paragraph 31 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

32.     Defendants deny the allegations contained in Paragraph 32 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

33.     Defendants deny the allegations contained in Paragraph 33 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

34.     Defendants deny the allegations contained in Paragraph 34 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

35.     Defendants deny the allegations contained in Paragraph 35 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

36.     Defendants deny the allegations contained in Paragraph 36 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

## COUNT III – VIOLATION OF §605.0410, FLORIDA STATUTE

37.     Defendants reallege and incorporate by reference the admissions and denials contained in Paragraphs 1 through 22 as though fully set forth herein.

38.     The allegations contained in Paragraph 38 are admitted upon information and belief.

39.     The allegations contained in Paragraph 39 are admitted upon information and belief.

40.     Defendants deny the allegations contained in Paragraph 40 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

3 | P a g e

41.   Defendants deny the allegations contained in Paragraph 41 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

42.   Defendants deny the allegations contained in Paragraph 42 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

43.   Defendants deny the allegations contained in Paragraph 43 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

44.   Defendants deny the allegations contained in Paragraph 43 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

45.   The allegations contained in Paragraph 39 are admitted upon information and belief.

**WHEREFORE, DEFENDANT'S, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, having answered **PLAINTIFF'S, NSA TWO FINANCIAL, LLC**, Complaint, through their counsel, requests this Court to grant only the relief specifically admitted by both parties in their respective pleadings, dismiss or deny all other relief requested by the Defendants, and award Defendants what is just and proper.

## II.   DEFENDANTS' AFFIRMATIVE DEFENSES TO COMPLAINT.

1. The Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff, by and through its sole owner/ Managing Member, Alex Feldman ("Feldman") or Feldman's agents, breached and violated TSA's Opertaing Agreement ("Agreement") by:

(1) attempting to extort monies from TSA with ridiculous monetary demands to put TSA in financial difficulties on or about September 10, 2014 and continuing;

(2) prematurely demanding profits from TSA;

(3) threatening that if certain monies where not had by Plaintiff that monies will be unilaterally taken from TSA's business account on or about September 10, 2014;

(4) intentionally disrupting TSA's telecommunications system by unilaterally contacting TSA's telephone company, C Beyond, to redirect TSA's telephone calls and facsimiles to an unworking number (954.222.333) to interrupt the business as Feldman was the only person to have access to manage TSA's telephone account on or about September 16, 2014 (not even Smith has the access code);

(5) intentionally disrupting TSA's tax software system by unilaterally contacting Intuit, TSA's tax software company, to change ownership of TSA's account from TSA to Tax Advisory Partners which was done by Feldman's girlfriend, Mariela Arroyo[1], who submitted a request on September 29, 2014; and

(6) stealing and/or soliciting current clients of TSA (which were former clients of Feldman's girlfriend, Mariela Arroyo) beginning on or about October 10, 2014 as there is a non-compete in place (see foot note 1), and such behavior continues to date.

The above-referenced events illustrate that Plaintiff has embarked on an unstoppable and relentless pattern of bad-faith conduct since September 10, 2014, against TSA and Smith.   Defendants have given Plaintiff numerous dates to review any and all financial documents of TSA, but have refused to provide him with the client lists and any other related records.  Plaintiff's request for client lists or any other associated documents are not for a proper purpose.  His demand for such records is clearly made in bad faith.  To date, Plaintiff has failed to describe with reasonable particularity his purpose for wanting the client lists of TSA, he is not an account and has no good reason to want such information, but to steal clients and disrupt the business of TSA.  The request for TSA's client list is directly connected to his bad-faith purpose to destroy the establishment and integrity of TSA. Smith, as 85% owner, the sole accountant owner of TSA, managing member and to preserve TSA, has the right to deny Plaintiff's request for TSA's client list and other associated documents as his conduct for the past year has shown such request is for an improper purpose.

As a result, Plaintiff is in violation Sections 605.04091 and 605.04091(3), Florida Statutes.  Sections 605.04091, Florida Statutes, which provides that Plaintiff, as a member of TSA owes fiduciary duties of loyalty and care to TSA and to its member, Smith. The duty of loyalty is expressly limited to (a) accounting to the LLC and holding as trustee for it any property, profit, or benefit derived by the manager or member in (1) the conduct . . . of the company's activities and affairs; (2) the use by the member or manager of the company's property; or (3) the appropriation of a company opportunity. The duty of loyalty is also described as (b) refraining from dealing with TSA with an interest adverse to the sole benefit of TSA,; and (c) refraining from competing with TSA before a .   Under section 605.04091(3), Florida Statutes, the duty of care is limited to the conduct or winding up of the company's activities and affairs by refraining from engaging in grossly negligent or reckless conduct, willful or intentional misconduct, or a knowing violation of law.

2. The Plaintiff's claims are barred because Plaintiff breached the covenant of good faith and fair dealing implicit in all agreements or contracts under Florida law by committing the above referenced acts.

---

[1] TSA (formerly known as Excelsior Tax and Accounting Advisor, LLC) purchased Savetax Financial, Inc., which was solely owned by Feldman's long-term girlfriend and mother of his children, Mariela Arroyo.  In the Practice Purchase Agreement dated January 12, 2014, between Savetax Financial, Inc. and TSA, there is a five year non-compete clause.

3. Plaintiff's claims are barred by Plaintiff's as he first breached the Agreement by committing the above referenced acts.

4. Plaintiff's claims are barred by the doctrine of estoppel. Due to Plaintiff's breach of the Agreement as describe above.

## III.   DEFENDANTS/COUNTER-PLAINTIFFS' COUNTER-CLAIM.

PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC ("TSA") and GEORGIA THOMPSON-SMITH ("Smith") (collectively, "Plaintiffs" or "Counter-Plaintiffs"), by and through their undersigned counsel, files this counterclaim against DEFENDANT, NSA TWO FINANCIAL, LLC ("NSA"), and alleges:

1.      This is an action for damages in excess of Fifteen Thousand Dollars and 00/100 ($15,000.00), exclusive of interest, costs and attorneys' fees, and is within the jurisdiction of this Court.

2.      TSA is a Florida limited liability company authorized to and doing business in Broward County, Florida.

3.      NSA is a Florida limited liability company authorized to and doing business in Broward County, Florida.

4.      Smith is a resident of Miami-Dade County, Florida, over the age of eighteen (18) and *sui juris.*

5.      Venue is proper in Broward County, Florida, because the cause of action set forth herein accrued there.

6.      Counter-Plaintiffs have performed all conditions precedent to the institution of this action or the conditions have been excused or waived.

### BACKGROUND FACTS AND INFORMATION

7.      TSA is a Florida limited liability company authorized to and doing business in Broward County, Florida, duly formed on or about December 19, 2013.

8.      TSA is a new company as it is 1.2 years old.

9.      TSA is an accounting firm providing accounting/payroll services and all other related accounting services.

10.     TSA is owned by two members:

> ***Member #1:***
> NSA, by and through Alex Feldman ("Feldman"), is **15%** owner of TSA.  Mr. Feldman is not an accountant.
>
> ***Member #2:***

Georgia Smith is **85%** owner of TSA.  Mrs. Smith is a certified public accountant and the managing member and an employee of TSA.

11.    NSA and Smith entered into an *Operating Agreement* for TSA, which is attached hereto as ***Exhibit "A."***

12.    To generate business, TSA decided to purchase two established businesses and took out a loan with Small Business Association from CBC National Bank for the total amount of **Eight Hundred Fifty-Nine Thousand Seven Hundred Dollars** ($859,700.00) on or about January 2014, which was guaranteed solely by Smith ("SBA Loan").

13.    The SBA loan remains outstanding to date.

14.    Once the SBA Loan was received by TSA, on or about January 13, 2014, for the total purchase price of **Four Hundred Fifty Thousand Dollars** ($450,000), TSA purchased Savetax Financial, Inc. from Feldman's long-term girlfriend and mother of his three (3) children, Mariela Arroyo ("Arroyo") ("Purchase 1").

15.    At the same time, for the total purchase price of **Five Hundred Seventy Five Thousand Dollars** ($575,000), TSA purchased Wittlin, Dry & Dry CPA's, P.A. ("Purchase 2").

16.    At all material times, TSA maintains all of its books and records, including those records under Florida Statutes Chapter 605, at its principal office, located at 3601 West Commercial Boulevard, Suite 14, Fort Lauderdale, Florida, 33309 ("Office").

17.    NSA has always has access to the financial records of TSA.

18.    At all material times, Smith, as the managing member, maintains its duties of loyalty and care to TSA and Plaintiff pursuant to Sections 605.04091 and 605.04091(3), Florida Statutes.

19.    However, since September 10, 2014, NSA, by and through its sole owner/ Managing Member, Feldman or Feldman's agents has embarked on an unstoppable and relentless pattern of bad-faith and disloyalty against TSA and Smith. At all material times, the development and integrity of TSA is second to the benefit and greed of Feldman and NSA as Feldman continues to engage in grossly negligent or reckless conduct, willful or intentional misconduct to destroy TSA.

20.    For example, beginning on September 10, 2014, Feldman emailed Smith demanding $11,000 of the remaining $81,000 SBA Loan from which was used by TSA for working capital.  Feldman expressed to Smith that such monies should have been returned to NSA because it was an "overpayment based on an initially higher than expected closing cost." On or about September 12, 2014, Tom Maiale, Group Vice President of CBC National Bank, emailed to confirm that based on the SBA Loan funding rules, and the loan documentation, no refund was due neither NSA nor Feldman.

21.    TSA's refusal to provide NSA/Feldman with the $11,000 ignited Feldman to begin a war to destroy TSA by taking adverse measures to the best interest of TSA.

22.     Thereafter, Feldman consistently and systematically demanded that Smith issue a check to NSA for $11,000 or he would issue the check himself if he did not hear from Smith.  Smith refused.

23.     On or about September 11, 2014, Smith informed Feldman that since he expressed plans to withdraw $11,000 from TSA's account she would transferred the money to a new account to protect the interest of TSA. Smith did so and provided Feldman with the username and password to log in and view the account activity, but he would not have transactional authority.

24.     On or about September 12, 2014, Tanya Vargas, Manager of Wells Fargo Bank called to inform Smith that Feldman called to complain about allowing Smith to transfer the funds to a new account limiting his access.

25.     As a result, the bank froze the account, thereby denying both parties access to TSA's account and interrupted TSA's business as it was unable to pay TSA's bills and maintain the firm.

26.     On or about September 15, 2014, an e-mail was found in TSA's office computer that was used by Arroyo, Feldman's girlfriend, confirming that Feldman directed C Beyond, TSA's the telephone company, to redirect TSA's fax number from TSA's email to Arroyo's email.

27.     On or about September 16, 2014, C Beyond confirmed that the main phone line from Savetax (Purchase #1) which was manually forwarded to TSA's main phone number, had been re-forwarded to a nonworking phone number, (954) 222-3333. Feldman was the only person with the access to manage TSA's telephone account.

28.     On or about October 1, 2014, a TSA client, whom TSA provides payroll services to, emailed TSA stating that Arroyo contacting him advising that she will now be taking care of his payroll from now on.  ***To date, Feldman/NSA has been and continues to actively solicit the current clients of TSA in-person and by phone and emails.***

29.     On or about October 7, 2014, TSA contacted Intuit, its support service for its tax software, and was informed that TSA's account was changed into the name Tax Advisory Partners.   On or about September 29, 2014, Intuit confirmed that Arroyo submitted a request to change the name on the account.   This software was purchased when TSA purchased Savetax, Purchase #1.

30.     On or about October 10, 2014, numerous TSA clients provided Smith with an email from Carolyn Nicotra (a retired Savetax employee), stating that she is back from retirement and soliciting their work.  That same day, Feldman requested a meeting to inspect and copy TSA's records.  Smith advised that that he had the right to inspect and copy the financial records and gave him access numerous times.

31.     However, Feldman wanted to inspect and copy not only TSA's financial records, but his principal aim was to inspect and copy TSA's client list which included the original clients of Smith and the client list from Purchase #2.  Smith solely denied his access to TSA's client list as he wanted same for an improper purpose to steal all TSA's clients by soliciting them to join Arroyo's new accounting company.

32.     That same day, Smith informed Feldman that TSA's locks to the Office has been changed and that he could visit anytime during regular business hours to inspect and copy TSA's financial documents at that time.

33.     Plaintiffs have engaged the undersigned law firm to represent them in this action and agreed to pay a reasonable fee for services.

34.     Each cause of action is plead in the alternative.

## COUNT I- BREACH OF THE STATUTORY DUTY OF LOYALTY

35.     Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

36.     Pursuant to Section 605.04091(1), Florida Statutes, NSA, a member of TSA, owed a statutory duty of loyalty to TSA and Smith.

37.     NSA materially breached the statutory duty of loyalty by:

   A.  Failing to account to TSA, and to hold as trustee for TSA, property, profit or benefit derived by NSA in the conduct of the business of TSA, or derived from a use by NSA of the property TSA, including the appropriation of a limited liability company opportunity;

   B.  Dealing with TSA, in the conduct of its business, as or on behalf of a party having an interest adverse to TSA; and

   C.  Directly competing with TSA, before the dissolution of TSA.

38.     As a result of NSA's material breaches of the duty of loyalty under Section 605.04091, Florida Statutes, Smith and TSA have suffered damages.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC**, for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

## COUNT II - BREACH OF THE STATUTORY DUTY OF CARE

39.     Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

40.     Pursuant to Section 605.04091 (3), Florida Statutes, NSA, a member of TSA, owed a statutory duty of care to TSA and Smith to avoid engaging in grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violations of the law.

41.     NSA materially breached the statutory duty of loyalty by engaging in grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violations of the law, as more fully set forth in paragraphs 7-32, above.

42.     As a result of NSA's material breaches of the duty of care under Section 605.04091 (3), Florida Statutes, Smith and TSA have suffered damages.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC,** for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

### COUNT III- BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

43.     Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

44.     Pursuant to Section 605.04091, Florida Statutes, NSA, a member of TSA, owed a statutory duty to discharge his duties to TSA and Smith under TSA's Operating Agreement, consistent with the obligation of good faith and fair dealing.

45.     The Agreement between Smith and NSA also contains an implied covenant of good faith and fair dealings.

46.     NSA materially breached the express terms of the Operating Agreement, and his actions more fully set forth in paragraphs 7-32, above, constitute material breaches of both the statutory and contractual implied covenant of good faith and fair dealing.

47.     As a direct and proximate result of NSA's material breaches of the covenant of good faith and fair dealing, Smith and TSA have suffered damages.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC,** for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

### COUNT IV - BREACH OF COMMON LAW FIDUCIARY DUTIES

48.     Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

49.     NSA, a member of TSA, owed Smith AND TSA common law fiduciary duties, a duty of loyalty, and duties not to engage in disloyal acts in anticipation of future competition.

50.     Further, NSA was bound by a duty to not compete with TSA or Smith concerning the business activities of TSA and Smith.

51.     In anticipation of its future competition with TSA and Smith, NSA engaged in disloyal acts in violation of her fiduciary duties and duties of loyalty to TSA and Smith.

52.     As a direct and proximate result of NSA's material breaches of its fiduciary duties and duties of loyalty to TSA and Smith, Smith and TSA have suffered damages.

10 | P a g e

53.     As a direct and proximate result of NSA's material breaches of its fiduciary duties and duties of loyalty to TSA and Smith, Smith and TSA have been, are, and are likely to continue to be, substantially and irreparably injured in their business.

54.     NSA or through its agents, knowingly, willingly and maliciously breached its fiduciary duties as set forth herein.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH,** demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC,** for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

### COUNT V – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

55.     Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

56.     NSA interfered with Plaintiff's prospective business relationships by soliciting current clients of Plaintiffs in-person, phone and emails.

57.     As a direct and proximate result of NSA's conduct, Plaintiffs have incurred damages, including, but not limited to, lost business opportunities, lost revenues, attorneys' fees and other costs and expenses.

58.     Plaintiffs hereby reserves any and all rights to seek leave to amend this Count to add a claim for punitive damages pursuant to Section 786.72, Florida Statutes.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH,** demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC,** for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

### COUNT VI – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

59.     Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

60.     TSA maintained certain contractual relationships for accounting or other associated accounting services.

61.     NSA knew that TSA maintained such contractual relationships.

62.     NSA have contacted persons who it knew, or should have known, to be under contract with TSA, and, in doing so, have intentionally and without justification interfered with the contractual relationships of TSA.

63.     NSA directly, intentionally, and without justification committed acts including, but not limited to, the acts more fully described in paragraphs 7-32 herein, soliciting current

11|P a g e

clients of Plaintiffs in-person, phone and emails, and such acts were designed to interfere or disrupt the contractual relationships for accounting or other associated accounting services.

64.     As a result of the wrongful acts of NSA more fully described herein, the contractual relationships of TSA, for accounting or other associated accounting services have been disrupted.

65.     As a direct and proximate result of the intentional wrongful acts of NSA, Plaintiffs have been damages.

66.     As a direct and proximate result of the intentional wrongful acts of NSA, Plaintiffs have been, are, and are likely to continue to be, substantially and irreparably injured in their business.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC,** for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Electronic Mail, upon Jason H. Haber, Esq., HABER BLANK, Attorneys for Plaintiffs, eservice@haberblank.com, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, FL 33316, this 20th day of February, 2015.

Respectfully Submitted,

THE MAYNE LAW FIRM, P.A.
Attorneys for **DEFENDANTS,**
**THOMPSON-SMITH & ASSOCIATES,**
**LLC, and GEORGIA THOMPSON-**
**SMITH,**
The Crexent Building
12401 Orange Drive, Suite 132
Davie, FL 33330
Telephone:786.663.2911
Facsimile: 877.350.7501

By:

Natasha D. Mayne, Esq.
Florida Bar No. 571466
nmayne@maynelawfirm.com

Case 0:17-cv-60155-JAL Document 1-2 Entered on FLSD Docket 01/20/2017 Page 50 of 293

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

**Case No.: CACE-14-023998
Division: 18**

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,
**Plaintiff/Counter-Defendant.**

v.

**THOMPSON-SMITH & ASSOCIATES,
LLC,** a Florida limited liability
company; and **GEORGIA THOMPSON-SMITH,**
Individual
**Defendants/Counter-Plaintiffs',**
_____/

**DEFENDANT'S, THOMPSON-SMITH
& ASSOCIATES, LLC. AND GEORGIA THOMPSON-SMITH,
AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTER-COMPLAINT.**

  **DEFENDANT'S, THOMPSON-SMITH & ASSOCIATES, LLC** ("TSA") and **GEORGIA THOMPSON-SMITH** ("Smith") (collectively, "Defendants"), by and through his undersigned counsel, hereby responds to the consecutively numbered allegations of **PLAINTIFF'S, NSA TWO FINANCIAL, LLC** ("Plaintiff"), Complaint, and as grounds therefore states:

**I.**   **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT.**

  1.   Defendants deny the allegations contained in Paragraph 1 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

  2.   Defendants deny the allegations contained in Paragraph 2 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

  3.   The allegations contained in Paragraph 3 are admitted upon information and belief.

  4.   Defendants deny the allegations contained in Paragraph 4.

  5.   The allegations contained in Paragraph 5 are admitted upon information and belief.

  6.   Defendants admit that "TSA is a Florida limited liability company." Defendants deny the remaining allegations contained in Paragraph 6.

  7.   The allegations contained in Paragraph 7 are admitted upon information and belief.

8.      The allegations contained in Paragraph 8 are admitted upon information and belief.

9.      The allegations contained in Paragraph 9 are admitted upon information and belief.

10.     Defendants deny the allegations contained in Paragraph 10.

11.     The allegations contained in Paragraph 11 are admitted upon information and belief, by denies that Plaintiff has no access.

12.     The allegations contained in Paragraph 12 are admitted upon information and belief.

13.     The allegations contained in Paragraph 13 are admitted upon information and belief.

14.     The allegations contained in Paragraph 14 are admitted upon information and belief.

15.     The allegations contained in Paragraph 15 are admitted upon information and belief.

16.     Defendants deny the allegations contained in Paragraph 16.

17.     The allegations contained in Paragraph 17 are admitted upon information and belief.

18.     Defendants deny the allegations contained in Paragraph 18.

19.     Defendants deny the allegations contained in Paragraph 19.

20.     Defendants deny the allegations contained in Paragraph 20 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

21.     Defendants deny the allegations contained in Paragraph 21 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

22.     No response necessary as to paragraph 22.

## COUNT I – BREACH OF CONTRACT - DAMAGES

23.     Defendants reallege and incorporate by reference the admissions and denials contained in Paragraphs 1 through 22 as though fully set forth herein.

24.     The allegations contained in Paragraph 24 are admitted upon information and belief.

25.     The allegations contained in Paragraph 25 are admitted upon information and belief.

2|P a g e

26.     Defendants deny the allegations contained in Paragraph 26 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

27.     Defendants deny the allegations contained in Paragraph 27 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

## COUNT II – BREACH OF CONTRACT – INJUNCTIVE RELIEF

28.     Defendants reallege and incorporate by reference the admissions and denials contained in Paragraphs 1 through 22 as though fully set forth herein.

29.     The allegations contained in Paragraph 29 are admitted upon information and belief.

30.     The allegations contained in Paragraph 30 are admitted upon information and belief.

31.     Defendants deny the allegations contained in Paragraph 31 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

32.     Defendants deny the allegations contained in Paragraph 32 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

33.     Defendants deny the allegations contained in Paragraph 33 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

34.     Defendants deny the allegations contained in Paragraph 34 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

35.     Defendants deny the allegations contained in Paragraph 35 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

36.     Defendants deny the allegations contained in Paragraph 36 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

## COUNT III – VIOLATION OF §605.0410, FLORIDA STATUTE

37.     Defendants reallege and incorporate by reference the admissions and denials contained in Paragraphs 1 through 22 as though fully set forth herein.

38.     The allegations contained in Paragraph 38 are admitted upon information and belief.

39.     The allegations contained in Paragraph 39 are admitted upon information and belief.

40.     Defendants deny the allegations contained in Paragraph 40 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

3 | P a g e

41.    Defendants deny the allegations contained in Paragraph 41 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

42.    Defendants deny the allegations contained in Paragraph 42 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

43.    Defendants deny the allegations contained in Paragraph 43 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

44.    Defendants deny the allegations contained in Paragraph 43 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

45.    The allegations contained in Paragraph 39 are admitted upon information and belief.

**WHEREFORE, DEFENDANT'S, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, having answered **PLAINTIFF'S, NSA TWO FINANCIAL, LLC**, Complaint, through their counsel, requests this Court to grant only the relief specifically admitted by both parties in their respective pleadings, dismiss or deny all other relief requested by the Defendants, and award Defendants what is just and proper.

## II.    DEFENDANTS' AFFIRMATIVE DEFENSES TO COMPLAINT.

1. The Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff, by and through its sole owner/ Managing Member, Alex Feldman ("Feldman") or Feldman's agents, breached and violated TSA's Opertaing Agreement ("Agreement") by:

(1) attempting to extort monies from TSA with ridiculous monetary demands to put TSA in financial difficulties on or about September 10, 2014 and continuing;

(2) prematurely demanding profits from TSA;

(3) threatening that if certain monies where not had by Plaintiff that monies will be unilaterally taken from TSA's business account on or about September 10, 2014;

(4) intentionally disrupting TSA's telecommunications system by unilaterally contacting TSA's telephone company, C Beyond, to redirect TSA's telephone calls and facsimiles to an unworking number (954.222.333) to interrupt the business as Feldman was the only person to have access to manage TSA's telephone account on or about September 16, 2014 (not even Smith has the access code);

(5) intentionally disrupting TSA's tax software system by unilaterally contacting Intuit, TSA's tax software company, to change ownership of TSA's account from TSA to Tax Advisory Partners which was done by Feldman's girlfriend, Mariela Arroyo[1], who submitted a request on September 29, 2014;and

(6) stealing and/or soliciting current clients of TSA (which were former clients of Feldman's girlfriend, Mariela Arroyo) beginning on or about October 10, 2014 as there is a non-compete in place (see foot note 1), and such behavior continues to date. ***To date, NSA has been and continues to actively solicit the current clients of TSA in-person and by phone and emails***

---

[1] TSA (formerly known as Excelsior Tax and Accounting Advisor, LLC) purchased Savetax Financial, Inc., which was solely owned by Feldman's long-term girlfriend and mother of his children, Mariela Arroyo. In the Practice Purchase Agreement dated January 12, 2014, between Savetax Financial, Inc. and TSA, there is a five year non-compete clause.

The above-referenced events illustrate that Plaintiff has embarked on an unstoppable and relentless pattern of bad-faith conduct since September 10, 2014, against TSA and Smith.  Defendants have given Plaintiff numerous dates to review any and all financial documents of TSA, but have refused to provide him with the client lists and any other related records.  Plaintiff's request for client lists or any other associated documents are not for a proper purpose.  His demand for such records is clearly made in bad faith.  To date, Plaintiff has failed to describe with reasonable particularity his purpose for wanting the client lists of TSA, he is not an account and has no good reason to want such information, but to steal clients and disrupt the business of TSA.  The request for TSA's client list is directly connected to his bad-faith purpose to destroy the establishment and integrity of TSA.  Smith, as 85% owner, the sole accountant owner of TSA, managing member and to preserve TSA, has the right to deny Plaintiff's request for TSA's client list and other associated documents as his conduct for the past year has shown such request is for an improper purpose.

As a result, Plaintiff is in violation Sections 605.04091 and 605.04091(3), Florida Statutes.  Sections 605.04091, Florida Statutes, which provides that Plaintiff, as a member of TSA owes fiduciary duties of loyalty and care to TSA and to its member, Smith. The duty of loyalty is expressly limited to (a) accounting to the LLC and holding as trustee for it any property, profit, or benefit derived by the manager or member in (1) the conduct . . . of the company's activities and affairs; (2) the use by the member or manager of the company's property; or (3) the appropriation of a company opportunity. The duty of loyalty is also described as (b) refraining from dealing with TSA with an interest adverse to the sole benefit of TSA,; and (c) refraining from competing with TSA before a .  Under section 605.04091(3), Florida Statutes, the duty of care is limited to the conduct or winding up of the company's activities and affairs by refraining from engaging in grossly negligent or reckless conduct, willful or intentional misconduct, or a knowing violation of law.

2. The Plaintiff's claims are barred because Plaintiff breached the covenant of good faith and fair dealing implicit in all agreements or contracts under Florida law by committing the above referenced acts.

3. Plaintiff's claims are barred by Plaintiff's as he first breached the Agreement by committing the above referenced acts.

4. Plaintiff's claims are barred by the doctrine of estoppel. Due to Plaintiff's breach of the Agreement as describe above.

### III.   DEFENDANTS/COUNTER-PLAINTIFFS' COUNTER-CLAIM/COMPLAINT.

**PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** ("TSA") and **GEORGIA THOMPSON-SMITH** ("Smith") (collectively, "Plaintiffs" or "Counter-Plaintiffs"), by and through their undersigned counsel, files this counterclaim against **DEFENDANT, NSA TWO FINANCIAL, LLC** ("NSA"), and alleges:

1.   This is an action for damages in excess of Fifteen Thousand Dollars and 00/100 ($15,000.00), exclusive of interest, costs and attorneys' fees, and is within the jurisdiction of this Court.

2.   TSA is a Florida limited liability company authorized to and doing business in Broward County, Florida.

3.   NSA is a Florida limited liability company authorized to and doing business in Broward County, Florida.

4.   Smith is a resident of Miami-Dade County, Florida, over the age of eighteen (18) and *sui juris*.

5.   Venue is proper in Broward County, Florida, because the cause of action set forth herein accrued there.

6.   Counter-Plaintiffs have performed all conditions precedent to the institution of this action or the conditions have been excused or waived.

### BACKGROUND FACTS AND INFORMATION

7.   TSA is a Florida limited liability company authorized to and doing business in Broward County, Florida, duly formed on or about December 19, 2013.

8.   TSA is a new company as it is 1.2 years old.

9.   TSA is an accounting firm providing accounting/payroll services and all other related accounting services.

10.   TSA is owned by two members:

> ***Member #1:***
> NSA, by and through Alex Feldman ("Feldman"), is **15%** owner of TSA.  Mr. Feldman is not an accountant.

> ***Member #2:***
> Georgia Smith is **85%** owner of TSA.  Mrs. Smith is a certified public accountant and the managing member and an employee of TSA.

11.   NSA and Smith entered into an *Operating Agreement* for TSA, which is attached hereto as ***Exhibit "A."***

12.    To generate business, TSA decided to purchase two established businesses and took out a loan with Small Business Association from CBC National Bank for the total amount of **Eight Hundred Fifty-Nine Thousand Seven Hundred Dollars** ($859,700.00) on or about January 2014, which was guaranteed solely by Smith ("SBA Loan").

13.    The SBA loan remains outstanding to date.

14.    Once the SBA Loan was received by TSA, on or about January 13, 2014, for the total purchase price of **Four Hundred Fifty Thousand Dollars** ($450,000), TSA purchased Savetax Financial, Inc. from Feldman's long-term girlfriend and mother of his three (3) children, Mariela Arroyo ("Arroyo") ("Purchase 1").

15.    At the same time, for the total purchase price of **Five Hundred Seventy Five Thousand Dollars** ($575,000), TSA purchased Wittlin, Dry & Dry CPA's, P.A. ("Purchase 2").

16.    At all material times, TSA maintains all of its books and records, including those records under Florida Statutes Chapter 605, at its principal office, located at 3601 West Commercial Boulevard, Suite 14, Fort Lauderdale, Florida, 33309 ("Office").

17.    NSA has always has access to the financial records of TSA.

18.    At all material times, Smith, as the managing member, maintains its duties of loyalty and care to TSA and Plaintiff pursuant to Sections 605.04091 and 605.04091(3), Florida Statutes.

19.    However, since September 10, 2014, NSA, by and through its sole owner/ Managing Member, Feldman or Feldman's agents has embarked on an unstoppable and relentless pattern of bad-faith and disloyalty against TSA and Smith. At all material times, the development and integrity of TSA is second to the benefit and greed of Feldman and NSA as Feldman continues to engage in grossly negligent or reckless conduct, willful or intentional misconduct to destroy TSA.

20.    For example, beginning on September 10, 2014, Feldman emailed Smith demanding $11,000 of the remaining $81,000 SBA Loan from which was used by TSA for working capital. Feldman expressed to Smith that such monies should have been returned to NSA because it was an "overpayment based on an initially higher than expected closing cost." On or about September 12, 2014, Tom Maiale, Group Vice President of CBC National Bank, emailed to confirm that based on the SBA Loan funding rules, and the loan documentation, no refund was due neither NSA nor Feldman.

21.    TSA's refusal to provide NSA/Feldman with the $11,000 ignited Feldman to begin a war to destroy TSA by taking adverse measures to the best interest of TSA.

22.    Thereafter, Feldman consistently and systematically demanded that Smith issue a check to NSA for $11,000 or he would issue the check himself if he did not hear from Smith. Smith refused.

23.    On or about September 11, 2014, Smith informed Feldman that since he expressed plans to withdraw $11,000 from TSA's account she would transferred the money to a new account to protect the interest of TSA. Smith did so and provided Feldman with the username and password to log in and view the account activity, but he would not have transactional authority.

8 | P a g e

24.     On or about September 12, 2014, Tanya Vargas, Manager of Wells Fargo Bank called to inform Smith that Feldman called to complain about allowing Smith to transfer the funds to a new account limiting his access.

25.     As a result, the bank froze the account, thereby denying both parties access to TSA's account and interrupted TSA's business as it was unable to pay TSA's bills and maintain the firm.

26.     On or about September 15, 2014, an e-mail was found in TSA's office computer that was used by Arroyo, Feldman's girlfriend, confirming that Feldman directed C Beyond, TSA's the telephone company, to redirect TSA's fax number from TSA's email to Arroyo's email.

27.     On or about September 16, 2014, C Beyond confirmed that the main phone line from Savetax (Purchase #1) which was manually forwarded to TSA's main phone number, had been re-forwarded to a nonworking phone number, (954) 222-3333. Feldman was the only person with the access to manage TSA's telephone account.

28.     On or about October 1, 2014, a TSA client, whom TSA provides payroll services to, emailed TSA stating that Arroyo contacting him advising that she will now be taking care of his payroll from now on.  ***To date, Feldman/NSA has been and continues to actively solicit the current clients of TSA in-person and by phone and emails.***

29.     On or about October 7, 2014, TSA contacted Intuit, its support service for its tax software, and was informed that TSA's account was changed into the name Tax Advisory Partners.   On or about September 29, 2014, Intuit confirmed that Arroyo submitted a request to change the name on the account.   This software was purchased when TSA purchased Savetax, Purchase #1.

30.     On or about October 10, 2014, numerous TSA clients provided Smith with an email from Carolyn Nicotra (a retired Savetax employee), stating that she is back from retirement and soliciting their work.  That same day, Feldman requested a meeting to inspect and copy TSA's records.  Smith advised that that he had the right to inspect and copy the financial records and gave him access numerous times.

31.     However, Feldman wanted to inspect and copy not only TSA's financial records, but his principal aim was to inspect and copy TSA's client list which included the original clients of Smith and the client list from Purchase #2.  Smith solely denied his access to TSA's client list as he wanted same for an improper purpose to steal all TSA's clients by soliciting them to join Arroyo's new accounting company.

32.     That same day, Smith informed Feldman that TSA's locks to the Office has been changed and that he could visit anytime during regular business hours to inspect and copy TSA's financial documents at that time.

33.     Plaintiffs have engaged the undersigned law firm to represent them in this action and agreed to pay a reasonable fee for services.

34.     Each cause of action is plead in the alternative.

## COUNT I- BREACH OF THE STATUTORY DUTY OF LOYALTY

35.    Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

36.    Pursuant to Section 605.04091(1), Florida Statutes, NSA, a member of TSA, owed a statutory duty of loyalty to TSA and Smith.

37.    NSA materially breached the statutory duty of loyalty by:

A.    Failing to account to TSA, and to hold as trustee for TSA, property, profit or benefit derived by NSA in the conduct of the business of TSA, or derived from a use by NSA of the property TSA, including the appropriation of a limited liability company opportunity;

B.    Dealing with TSA, in the conduct of its business, as or on behalf of a party having an interest adverse to TSA; and

C.    Directly competing with TSA, before the dissolution of TSA.

38.    As a result of NSA's material breaches of the duty of loyalty under Section 605.04091, Florida Statutes, Smith and TSA have suffered damages.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC**, for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

## COUNT II - BREACH OF THE STATUTORY DUTY OF CARE

39.    Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

40.    Pursuant to Section 605.04091 (3), Florida Statutes, NSA, a member of TSA, owed a statutory duty of care to TSA and Smith to avoid engaging in grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violations of the law.

41.    NSA materially breached the statutory duty of loyalty by engaging in grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violations of the law, as more fully set forth in paragraphs 7-32, above.

42.    As a result of NSA's material breaches of the duty of care under Section 605.04091 (3), Florida Statutes, Smith and TSA have suffered damages.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC**, for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

### COUNT III- BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

43.     Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

44.     Pursuant to Section 605.04091, Florida Statutes, NSA, a member of TSA, owed a statutory duty to discharge his duties to TSA and Smith under TSA's Operating Agreement, consistent with the obligation of good faith and fair dealing.

45.     The Agreement between Smith and NSA also contains an implied covenant of good faith and fair dealings.

46.     NSA materially breached the express terms of the Operating Agreement, and his actions more fully set forth in paragraphs 7-32, above, constitute material breaches of both the statutory and contractual implied covenant of good faith and fair dealing.

47.     As a direct and proximate result of NSA's material breaches of the covenant of good faith and fair dealing, Smith and TSA have suffered damages.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH,** demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC,** for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

### COUNT IV - BREACH OF COMMON LAW FIDUCIARY DUTIES

48.     Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

49.     NSA, a member of TSA, owed Smith AND TSA common law fiduciary duties, a duty of loyalty, and duties not to engage in disloyal acts in anticipation of future competition.

50.     Further, NSA was bound by a duty to not compete with TSA or Smith concerning the business activities of TSA and Smith.

51.     In anticipation of its future competition with TSA and Smith, NSA engaged in disloyal acts in violation of her fiduciary duties and duties of loyalty to TSA and Smith.

52.     As a direct and proximate result of NSA's material breaches of its fiduciary duties and duties of loyalty to TSA and Smith, Smith and TSA have suffered damages.

53.     As a direct and proximate result of NSA's material breaches of its fiduciary duties and duties of loyalty to TSA and Smith, Smith and TSA have been, are, and are likely to continue to be, substantially and irreparably injured in their business.

54.     NSA or through its agents, knowingly, willingly and maliciously breached its fiduciary duties as set forth herein.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH,** demand judgment in their favor and against

11 | P a g e

**DEFENDANT, NSA TWO FINANCIAL, LLC,** for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

### COUNT V – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

55.     Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

56.     NSA interfered with Plaintiff's prospective business relationships by soliciting current clients of Plaintiffs in-person, phone and emails.

57.     As a direct and proximate result of NSA's conduct, Plaintiffs have incurred damages, including, but not limited to, lost business opportunities, lost revenues, attorneys' fees and other costs and expenses.

58.     Plaintiffs hereby reserves any and all rights to seek leave to amend this Count to add a claim for punitive damages pursuant to Section 786.72, Florida Statutes.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH,** demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC,** for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

### COUNT VI – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

59.     Plaintiffs reallege, restate and incorporate herein by reference paragraphs 1 through 34 of this Counter-claim as if fully ser forth herein.

60.     TSA maintained certain contractual relationships for accounting or other associated accounting services.

61.     NSA knew that TSA maintained such contractual relationships.

62.     NSA have contacted persons who it knew, or should have known, to be under contract with TSA, and, in doing so, have intentionally and without justification interfered with the contractual relationships of TSA.

63.     NSA directly, intentionally, and without justification committed acts including, but not limited to, the acts more fully described in paragraphs 7-32 herein, soliciting current clients of Plaintiffs in-person, phone and emails, and such acts were designed to interfere or disrupt the contractual relationships for accounting or other associated accounting services.

64.     As a result of the wrongful acts of NSA more fully described herein, the contractual relationships of TSA, for accounting or other associated accounting services have been disrupted.

65.     As a direct and proximate result of the intentional wrongful acts of NSA, Plaintiffs have been damages.

66. As a direct and proximate result of the intentional wrongful acts of NSA, Plaintiffs have been, are, and are likely to continue to be, substantially and irreparably injured in their business.

**WHEREFORE, PLAINTIFFS, THOMPSON-SMITH & ASSOCIATES, LLC** and **GEORGIA THOMPSON-SMITH**, demand judgment in their favor and against **DEFENDANT, NSA TWO FINANCIAL, LLC,** for (a) actual damages; (b) any and all incidental, consequential, and/or special damages; (c) costs; (d) prejudgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems appropriate.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Electronic Mail, upon Jason H. Haber, Esq., HABER BLANK, Attorneys for Plaintiffs, eservice@haberblank.com, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, FL 33316, this 23rd day of February, 2015.

Respectfully Submitted,

THE MAYNE LAW FIRM, P.A.
Attorneys for **DEFENDANTS,**
**THOMPSON-SMITH & ASSOCIATES,**
**LLC, and GEORGIA THOMPSON-**
**SMITH,**
The Crexent Building
12401 Orange Drive, Suite 132
Davie, FL 33330
Telephone:786.663.2911
Facsimile: 877.350.7501

By:
_____
Natasha D. Mayne, Esq.
Florida Bar No. 571466
nmayne@maynelawfirm.com

Case 0:17-cv-60155-JAL Document 1-2 Entered on FLSD Docket 01/20/2017 Page 63 of 293

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.: CACE-14-023998
Division: 18

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,

**Plaintiff,**

v.

**THOMPSON-SMITH & ASSOCIATES,
LLC,** a Florida limited liability
company; and **GEORGIA THOMPSON-SMITH,**
Individual

**Defendants,**
_____/

## NOTICE FOR HEARING

YOU ARE HEREBY NOTIFIED that the undersigned has set a hearing before the Honorable Garcia-Wood Marina, Broward County Circuit Court Judge, at the Broward County Courthouse, 201 SE 6th Street, Fort Lauderdale, FL 33301, in Room 780, on Tuesday, September 29, 2015, at 9:15 a.m., on the following matter: **MOTION TO WITHDRAW AS COUNSEL.**

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Electronic Mail, upon 1) Jason H. Haber, Esq., HABER BLANK, Attorneys for Plaintiffs, eservice@haberblank.com, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, FL 33316, 2) Georgia Thompson-Smith, 3601 W. Commercial Blvd, Suite 14, Fort Lauderdale, FL 33309 and 3) by U.S. Mail to Melinda Fleming, Judicial Assistant to the Honorable Garcia-Wood, Marina., Broward County Courthouse, 201 SE 6th Street, Room 780, Fort Lauderdale, FL 33301, this 23rd day of September, 2015.

Respectfully Submitted,

THE MAYNE LAW FIRM, P.A.
Attorneys for **DEFENDANTS, THOMPSON-
SMITH & ASSOCIATES, LLC, and GEORGIA
THOMPSON-SMITH,**
The Crexent Building
12401 Orange Drive, Suite 132
Davie, FL 33330
Telephone: 786.663.2911
Facsimile: 877.350.7501

By:
_____
Natasha D. Mayne, Esq.
Florida Bar No. 571466
nmayne@maynelawfirm.com

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 470, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711**

## 17th Judicial Circuit

| Case Schedule Receipt: | |
|---|---|
| Sequence Number: | **17** |
| Judge Name: | Garcia-Wood, Marina |
| Case Number: | CACE14023998 |
| Schedule Date: | 09/29/2015 |
| Scheduling Attorney Name: | Natasha, Denise-Louise, Mayne |
| Motion Title: | MOTION TO WITHDRAW AS COUNSEL |
| Case Entry Date: | Wed Sep 23 12:11:38 EDT 2015 |
| | Back | Print |

http://apps.17th.flcourts.org/ccjdpool/judgeMotionCase.do                    9/23/2015

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

## NSA TWO FINANCIAL, LLC'S FIRST SET OF
## INTERROGATORIES TO GEORIGA THOMPSON-SMITH

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.340 and

other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, answer the following

Interrogatories in writing and under oath within the time permitted by the applicable rules of civil

procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.      When answering the Interrogatories, please furnish all information known to you
or in your or your agents or attorneys possession.  If any Interrogatory asks for information which
you do not have, but you know who does have the information requested, please identify the person
who has the information requested.

2.      These Interrogatories are intended to be continuing.  At such time as you receive
information that makes a prior response incomplete, inaccurate or misleading, a supplementary
Response is required.

3.      "Identify" when used with respect to a person means to provide that person's:
      i.      full name and names formerly known as, if any;
      ii.      last known residential street address;
      iii.      last known employment address, and position of employment; and
      iv.      last known residential and work telephone numbers.

4.     "Identify" when used with respect to a document means to provide the following information:

      i.     the date of the document;
      ii.    the identity(ies) of the author(s) of the document;
      iii.   the identity(ies) of the recipient(s) of the document;
      iv.   the general subject matter of the document;
      v.    all persons who were identified as receiving a copy of the document; and
      vi.   the last known location of the document.

5.     "Identify" when used with respect to a fact means to provide the following information:

      i.     what occurred;
      ii.    who was present;
      iii.   what was said, by whom and to whom;
      iv.   what was done by whom and to whom;
      v.    the date and time of the occurrence; and
      vi.   the location of the occurrence.

6.     Attach additional pages if necessary to provide a complete answer.

7.     "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

8.     "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

9.     "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

10.     The terms "regarding," "related to" or "relating to" mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

11.     "NSA" refers to Plaintiff, NSA Two Financial, LLC.

12.     "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

13.     "Smith," "you" or "your" refers to Defendant, Georgia Thompson-Smith.

14.     The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

15.    The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

16.    Unless otherwise stated herein, the relevant timeframe for all interrogatories is January 1, 2014, through the present.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

## SPECIFIC INTERROGATORIES

1.      Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

2.      Describe in detail, via a quantification, the amount of damages Smith claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

By:_____

Georgia Thompson-Smith

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2015.

_____
(Signature of Notary Public - State of Florida)

_____
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known ____ or produced identification

Type of Identification Produced

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

       Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

       Defendants.
_____/

## NSA TWO FINANCIAL, LLC'S FIRST SET OF
## INTERROGATORIES TO THOMPSON-SMITH & ASSOCIATES, LLC

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.340 and

other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, answer

the following Interrogatories in writing and under oath within the time permitted by the applicable

rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.     When answering the Interrogatories, please furnish all information known to you
or in your or your agents or attorneys possession. If any Interrogatory asks for information which
you do not have, but you know who does have the information requested, please identify the person
who has the information requested.

2.     These Interrogatories are intended to be continuing. At such time as you receive
information that makes a prior response incomplete, inaccurate or misleading, a supplementary
Response is required.

3.     "Identify" when used with respect to a person means to provide that person's:
     i.     full name and names formerly known as, if any;
     ii.     last known residential street address;
     iii.     last known employment address, and position of employment; and
     iv.     last known residential and work telephone numbers.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

    4.    "Identify" when used with respect to a document means to provide the following information:

        i.    the date of the document;
        ii.    the identity(ies) of the author(s) of the document;
        iii.    the identity(ies) of the recipient(s) of the document;
        iv.    the general subject matter of the document;
        v.    all persons who were identified as receiving a copy of the document; and
        vi.    the last known location of the document.

    5.    "Identify" when used with respect to a fact means to provide the following information:

        i.    what occurred;
        ii.    who was present;
        iii.    what was said, by whom and to whom;
        iv.    what was done by whom and to whom;
        v.    the date and time of the occurrence; and
        vi.    the location of the occurrence.

    6.    Attach additional pages if necessary to provide a complete answer.

    7.    "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

    8.    "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

    9.    "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

    10.    The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

    11.    "NSA" refers to Plaintiff, NSA Two Financial, LLC.

    12.    "TSA," "you" or "your" refers to Defendant, Thompson-Smith & Associates, LLC.

    13.    "Smith" refers to Defendant, Georgia Thompson-Smith.

    14.    The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

15.     The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

16.     Unless otherwise stated herein, the relevant timeframe for all interrogatories is January 1, 2014, through the present.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

## SPECIFIC INTERROGATORIES

1.      Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

2.      Identify all persons who are believed or known by you or your agents or representatives to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the persons identified have knowledge, including without limitation, identifying all documents of which the persons identified have knowledge.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

3.      Identify each and every instance where you permitted or allowed NSA, or its representatives, access to review TSA's books and records after October 1, 2014, including specifying the means, date and time by which communicated such instances to NSA.

4.      Describe in detail how NSA, including its members and/or managers, "attempt[ed] to extort monies from TSA," "prematurely demand[ed] profits," "threaten[ed] that if certain monies were not had by Plaintiff that monies will be unilaterally taken from TSA's business account," as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

     5.     Describe in detail how NSA, including its members and/or managers, "intentionally disrupt[ed] TSA's telecommunications system," "intentionally disrupt[ed] TSA's tax software system," and "[stole] and/or solicit[ed] current clients of TSA" as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

     6.     Identify and describe in detail each and every reason you claim the "Plaintiff breached the covenant of good faith and fair dealing" as stated in your second affirmative defense and Count III of the Counterclaim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

      7.     Identify and describe in detail each and every reason you claim the Plaintiff "first breached the Agreement" as stated in your third affirmative defense and.

      8.     Identify and describe in detail each and every reason you claim the Plaintiff's claims are barred by estoppel as stated in your fourth affirmative defense.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

9.      Describe in detail how NSA and "embarked on an unstoppable and relentless patter of bad-faith and disloyalty against TSA and Smith" as stated in paragraph 19 of the Counterclaim.

10.     Identify each and every TSA client whom you contend NSA, or its members or managers, solicited to cease use of TSA's services, including, without limitation those referenced in paragraphs 28 and 30 of the Counterclaim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

11.    Describe in detail how NSA breached its duty of loyalty, as alleged in paragraph 37 of the Counterclaim, including, without limitation, by describing each and every instance supporting the allegations raised in paragraphs 37(A), 37(B) and 37(C).

12.    Describe in detail how NSA engaged in "grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violat[ed] *sic* the law" as alleged in paragraph 41 of the Counterclaim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

13.   Describe in detail how NSA breached the express terms of the Operating Agreement, as alleged in paragraph 46 of the Counterclaim.

14.   Describe in detail each and every breach of fiduciary duty and duty of loyalty, as alleged in paragraphs 52 and 53 of the Counterclaim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

    15.    Identify each and every business relationship that NSA allegedly interfered with, as raised in Count V of the Counterclaim, and describe in detail how NSA interfered.

    16.    Identify each and every contractual relationship that NSA allegedly interfered with, as raised in Count VI of the Counterclaim, and describe in detail how NSA interfered.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

17. Describe in detail, via a quantification, the amount of damages TSA claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

### NSA TWO FINANCIAL, LLC

By:_____

Print: _____

Title: _____


SWORN TO AND SUBSCRIBED before me this ____ day of _____, 2015.


_____
(Signature of Notary Public - State of Florida)


_____
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known ___ or produced identification

Type of Identification Produced

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

### NOTICE OF SERVICING NSA TWO FINANCIAL, LLC'S FIRST SETS
### OF INTERROGATORIES TO GEORGIA THOMPSON-SMITH

*PLEASE TAKE NOTICE* that Plaintiff, NSA TWO FINANCIAL, LLC, on this 18th day of September, 2015, served its First Set of Interrogatories to Defendant, GEORGIA THOMPSON-SMITH, via E-Portal to Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida  33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By:_____
    JASON H. HABER
    Florida Bar No. 0041119

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company                              CASE NO.: CACE 14-023998 (18)

     Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants.

_____/

### NOTICE OF SERVICING NSA TWO FINANCIAL, LLC'S FIRST SETS OF INTERROGATORIES TO THOMPSON-SMITH & ASSOCIATES, LLC

*PLEASE TAKE NOTICE* that Plaintiff, NSA TWO FINANCIAL, LLC, on this 18th day of September, 2015, served its First Set of Interrogatories to Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, via E-Portal to Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

          **HABER BLANK, LLP**
          Attorney for Plaintiff
          888 S. Andrews Avenue, Suite 201
          Fort Lauderdale, Florida  33316
          Phone: (954) 767-0300
          Fax: (954) 949-0510
          eservice@haberblank.com

     By:_____
          JASON H. HABER
          Florida Bar No. 0041119

**84 of 293**

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
### DOCUMENTS TO GEORGIA THOMPSON-SMITH

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, produce for inspection and copying the following documents within the time permitted by the applicable rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.     When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys. If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

2.     If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

3.     If a claim of privilege is asserted concerning any document sought, please:
    (a)    identify such document with sufficient particularity to allow the matter to be brought before the Court;
    (b)    state the nature of the privilege asserted; and
    (c)    state the factual basis for the privilege claim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

4.    These Requests are intended to be continuing.  At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.    "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.    "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.    "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.    The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.    "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.    "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.    "Smith" refers to Defendant, Georgia Thompson-Smith.

12.    The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

13.    The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.    Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

## REQUESTS FOR PRODUCTION

1.      A copy of any and all operating agreements, other agreements, and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently by and between Smith and NSA, including any of its members, managers, or agents.

2.      Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure, in which you signed as a company representative or personal guarantor.

3.      Any and all communications, including, but not limited to, letters and e-mails from Smith to NSA, or any of its members or managers, relating to access to TSA's office, corporate books and records, and/or bank accounts.

4.      Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

5.      Copies of any and all capital contributions or other payments Smith made to TSA between January 1, 2014 and the present.

6.      Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

7.      Articles of incorporation, articles of organization, or other business entity filings made by Smith relating to any accounting business that commenced operation after June 1, 2014.

8.      Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in Smith's Answer's first affirmative defense.

9.      Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in Smith's Answer's first affirmative defense.

10.      Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in Smith's Answer's first affirmative defense.

11.      A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in Smith's Answer's first affirmative defense.

12.      Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in Smith's Answer's first affirmative defense.

13.    Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in Smith's Answer's first affirmative defense.

14.    Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in Smith's Answer's second affirmative defense.

15.    A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

16.    Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

17.    Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

18.    Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

19.    Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

20.    Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

21.    Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

22.    Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

23.    Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

24.    Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

25.    Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

26.    Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

> **HABER BLANK, LLP**
> Attorney for Plaintiff
> 888 S. Andrews Avenue, Suite 201
> Fort Lauderdale, Florida  33316
> Phone: (954) 767-0300
> Fax: (954) 949-0510
> eservice@haberblank.com
>
> By: _____
>       JASON H. HABER
>       Florida Bar No. 0041119

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THOMPSON-SMITH & ASSOCIATES, LLC

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and

other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, produce

for inspection and copying the following documents within the time permitted by the applicable

rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.     When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys. If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

2.     If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

3.     If a claim of privilege is asserted concerning any document sought, please:
    (a)    identify such document with sufficient particularity to allow the matter to be brought before the Court;
    (b)    state the nature of the privilege asserted; and
    (c)    state the factual basis for the privilege claim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

4.      These Requests are intended to be continuing.   At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.      "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.      "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.      "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.      The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.      "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.     "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.     "Smith" refers to Defendant, Georgia Thompson-Smith.

12.     The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

13.     The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.     Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

## REQUESTS FOR PRODUCTION

1.      A copy of any and all operating agreements and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently govern TSA, and those that have governed TSA since January 1, 2014.

2.      TSA's books and records, including any and all financial statements, annual profit and loss statements, monthly profit and loss statements, reconciliations, trial balances, general ledgers, client ledgers, balance sheets, accounts receivable, aging accounts receivable, employee records, and other financial documents maintained by TSA for each and every month of 2014 and 2015, to date.

3.      Copies of each and every monthly, quarterly, or other periodic bank statement for each and every account held by TSA from January 1, 2014 to present.

4.      Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure.

5.      Notices for meetings of TSA's members.

6.      Minutes of all meetings of TSA's members.

7.      Receipts for any and all payments to change TSA's office locks for the office located at 3601 W. Commercial Blvd., Suite 14, Fort Lauderdale, Florida, 33309 that was incurred between September 1, 2014 and the present.

8.      Any and all communications, including, but not limited to, letters and e-mails from TSA to NSA, or any of its owners, relating to access to TSA's office, corporate books and records, and/or bank accounts.

9.      Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

10.     Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

11.     TSA's current list of clients.

12.     TSA's list of clients as of October 1, 2014.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

13.     Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in TSA's Answer's first affirmative defense.

14.     Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in TSA's Answer's first affirmative defense.

15.     Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in TSA's Answer's first affirmative defense.

16.     A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in TSA's Answer's first affirmative defense.

17.     Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in TSA's Answer's first affirmative defense.

18.     Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in TSA's Answer's first affirmative defense.

19.     Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in TSA's Answer's second affirmative defense.

20.     A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

21.     Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

22.     Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

23.     Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

24.     Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

25.     Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

26.     Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

27.     Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

28.    Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

29.    Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

30.    Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

31.    Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida  33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By:_____
JASON H. HABER
Florida Bar No. 0041119

Case 0:17-cv-60155-JAL Document 1-2 Entered on FLSD Docket 01/20/2017 Page 95 of 293

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR BROWARD COUNTY, FLORIDA**

Case No.: CACE-14-023998
Division: 18

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,

**Plaintiff,**
v.

**THOMPSON-SMITH & ASSOCIATES,**
**LLC,** a Florida limited liability
company; and **GEORGIA THOMPSON-SMITH,**
Individual

**Defendants,**
_____/

<u>**MOTION TO WITHDRAW AS COUNSEL**</u>

THE MAYNE LAW FIRM, P.A. files this Motion to Withdraw as Counsel for the DEFENDANTS, **THOMPSON-SMITH & ASSOCIATES, LLC,** a Florida limited liability company; and **GEORGIA THOMPSON-SMITH,** Individual (hereinafter, "DEFENDANTS"), and states the following:

1.      THE MAYNE LAW FIRM, P.A. presently represents the DEFENDANTS.

2.      Irreconcilable differences have arisen between the DEFENDANTS and THE MAYNE LAW FIRM, P.A.  Accordingly, THE MAYNE LAW FIRM, P.A. would like to withdraw as counsel for the DEFENDANTS.

3.      DEFENDANTS has been provided with a copy of this Motion to Withdraw as Counsel, as well as the corresponding Notice of Hearing.  The undersigned made a good faith effort to resolve this matter prior to filing this motion and the matter before the Court may be heard and resolved by the court within five (5) minutes.

4.      Upon the Court's order regarding same, <u>**DEFENDANTS shall receive all future correspondence(s) at her last known address of:**</u>  Georgia Thompson-Smith, 3601 W. Commercial Blvd, Suite 14, Fort Lauderdale, FL 33309.

5.      WHEREFORE, THE MAYNE LAW FIRM, P.A. would respectfully move this Court for the entry of an Order permitting withdrawal as counsel for the DEFENDANTS and requiring that all future correspondence be sent directly to the DEFENDANTS, Georgia Thompson-Smith, at the last known address Georgia Thompson-Smith, 3601 W. Commercial Blvd, Suite 14, Fort Lauderdale, FL 33309.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by U.S. Mail and Email Jason H. Haber, Esq., HABER BLANK, Attorneys for Plaintiffs, eservice@haberblank.com, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, FL 333164, and Georgia Thompson-Smith, 3601 W. Commercial Blvd, Suite 14, Fort Lauderdale, FL 33309 (email also), this 23rd of September, 2015.

Respectfully Submitted,

THE MAYNE LAW FIRM, P.A.
Attorneys for **DEFENDANTS, THOMPSON-SMITH & ASSOCIATES, LLC, and GEORGIA THOMPSON-SMITH,**
The Crexent Building
12401 Orange Drive, Suite 132
Davie, FL 33330
Telephone:786.663.2911
Facsimile: 877.350.7501

By: _____
Natasha D. Mayne, Esq.
Florida Bar No. 571466
nmayne@maynelawfirm.com

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

Case No.: CACE-14-023998
Division: 18

**NSA TWO FINANCIAL, LLC,** a Florida
limited liability company,

**Plaintiff,**

v.

**THOMPSON-SMITH & ASSOCIATES,
LLC,** a Florida limited liability
company; and **GEORGIA THOMPSON-SMITH,**
Individual

**Defendants,**

_____/

## ORDER ON MOTION TO WITHDRAW AS COUNSEL OF RECORD

THIS CAUSE, having come before the Court on September 29, 2015, on THE MAYNE LAW FIRM, P.A.'s **MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS, THOMPSON-SMITH & ASSOCIATES, LLC, A FLORIDA LIMITED LIABILITY COMPANY; AND GEORGIA THOMPSON-SMITH, INDIVIDUAL (HEREINAFTER, "DEFENDANTS")** and the Court being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED:**

1.  That the MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS is hereby GRANTED.

2.  All further correspondence shall be sent to **GEORGIA THOMPSON-SMITH, 3601 W. COMMERCIAL BLVD, SUITE 14, FORT LAUDERDALE, FL 33309.**

3.  Further, DEFENDANTS must obtain new counsel within _30_ (_____) days of this Order.

4.  _____.

DONE AND ORDERED in Chambers at Broward County, Florida, on this _29_ day of _Sept_____, 2015.

JOHN B. BOWMAN

SEP 2 9 2015

_____
CIRCUIT COURT JUDGE

A TRUE COPY

Jason H. Haber, Esq., HABER BLANK, Attorneys for Plaintiffs, eservice@haberblank.com, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, FL 333164; and Georgia Thompson-Smith, 3601 W. Commercial Blvd, Suite 14, Fort Lauderdale, FL 33309.

Case 0:17-cv-60155-JAL Document 1-3 Entered on FLSD Docket 01/20/2017 Page 98 of 293

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

## NOTICE OF APPEARANCE FOR DEFENDANTS AND REQUEST FOR ENLARGEMENT OF TIME OF ALL PENDING DEADLINES

Please take notice that the undersigned counsel enters his appearance on behalf of both Defendants to this action. Kindly serve all discovery, notices, motions and pleadings regarding this matter upon the undersigned counsel. Defendants also seek an enlargement of time of thirty days to respond to any pending discovery, as authorized by Fla.R.Civ.P. 1.090(b).

## CERTIFICATE OF SERVICE

I certify that a copy hereof was provided through the Florida E-filing Portal to Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, Florida 33316, on October 14, 2015.

/s/ MARK GOLDSTEIN
FL Bar No: 882186
141 NE 3rd Ave., Suite 804
Miami, FL 33132
Telephone: (305) 390-2341
Facsimile: (305) 572-7070
E-Mail: markgoldsteinattorney@gmail.com

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

     Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants.

_____/

### MOTION TO COMPEL RESPONSES TO DISCOVERY
### AND MOTION FOR DISCOVERY SANCTIONS

     Plaintiff, NSA TWO FINANCIAL, LLC ("NSA"), files this Motion to Compel Responses to Discovery and Motion for Discovery Sanctions against Defendants, THOMPSON-SMITH & ASSOCIATES, LLC ("TSA") and GEORGIA THOMPSON-SMITH ("Smith"), and avers as follows:

### Background

    1.     This is an action for damages and injunctive relief.

    2.     On or about September 18, 2015, Defendant propounded requests for production and interrogatories to TSA and Smith (the "Discovery"). Copies of the Discovery are attached hereto as Composite Exhibit "A."

    3.     To date, the Plaintiff has failed to respond to the Discovery, and has not requested an extension of time thereto.

    4.     As a result, the Defendant has had to incur attorneys' fees incidental hereto.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*Motion to Compel and Motion for Sanctions*

5. For the reasons set forth herein, the Plaintiff should be compelled to respond to the outstanding Discovery, without objection, and Defendant is entitled to an award of attorneys' fees and costs, among other things.

## Legal Citation and Authority

Pursuant to Rule 1.280(b)(1), Fla. R. Civ. P., "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action . . ." Fla. R. Civ. P. 1.280(b)(1). Any party may request any other party "to produce and permit the party making the request . . . to inspect and copy any designated documents . . . that are in the possession, custody, or control of the party to whim the request is directed." Fla. R. Civ. P. 1.350(a). In the event a party fails to respond to requests for production, in accordance with Fla. R. Civ. P. 1.350, the courts must enter an order compelling responses to said discovery requests, without objection (such being waived). *See* Fla. R. Civ. P. 1.380 (a). Similarly, parties must respond to interrogatories within thirty (30) days service thereof. *See* Fla. R. Civ. P. 1.340. Additionally, courts **shall require** the party whose conduct necessitated a motion to compel to pay the reasonable expenses, which may include attorneys' fees, and may enter other sanctions. *See* Fla. R. Civ. P. 1.380 (emphasis added).

Here, NSA propounded the Discovery on September 18, 2015. TSA and Smith have failed to respond to the same. As such, the Court must compel TSA and Smith to respond to said Discovery, without objection, and enter an order sanctioning them conduct for failing to respond.

**WHEREFORE**, NSA respectfully requests that this Court enter an Order compelling TSA and Smith to respond to all outstanding discovery, without objection, sanction TSA and Smith, including, without limitation, striking her pleadings, entering a coercive fine, awarding NSA its attorneys' fees and costs incurred incidental hereto and/or any and all other sanctions

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*Motion to Compel and Motion for Sanctions*

available under applicable rules of procedure, and grant such further and other relief as this Court

deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 13th day of November, 2015, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

Respectfully submitted,

**HABER BLANK, LLP**
Attorneys for Plaintiff
888 South Andrews Avenue, Suite 201
Fort Lauderdale, Florida  33316
Telephone: (954) 767-0300
Facsimile: (954) 949-0510
eservice@haberblank.com

By: _____
    JASON H. HABER
    Florida Bar No. 41119

# COMPOSITE
# EXHIBIT "A"

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

        CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

### NSA TWO FINANCIAL, LLC'S FIRST SET OF
### INTERROGATORIES TO GEORIGA THOMPSON-SMITH

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.340 and

other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, answer the following

Interrogatories in writing and under oath within the time permitted by the applicable rules of civil

procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.     When answering the Interrogatories, please furnish all information known to you
or in your or your agents or attorneys possession.  If any Interrogatory asks for information which
you do not have, but you know who does have the information requested, please identify the person
who has the information requested.

2.     These Interrogatories are intended to be continuing.  At such time as you receive
information that makes a prior response incomplete, inaccurate or misleading, a supplementary
Response is required.

3.     "Identify" when used with respect to a person means to provide that person's:
     i.     full name and names formerly known as, if any;
     ii.    last known residential street address;
     iii.   last known employment address, and position of employment; and
     iv.   last known residential and work telephone numbers.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

    4.    "Identify" when used with respect to a document means to provide the following information:

        i.    the date of the document;
        ii.    the identity(ies) of the author(s) of the document;
        iii.    the identity(ies) of the recipient(s) of the document;
        iv.    the general subject matter of the document;
        v.    all persons who were identified as receiving a copy of the document; and
        vi.    the last known location of the document.

    5.    "Identify" when used with respect to a fact means to provide the following information:

        i.    what occurred;
        ii.    who was present;
        iii.    what was said, by whom and to whom;
        iv.    what was done by whom and to whom;
        v.    the date and time of the occurrence; and
        vi.    the location of the occurrence.

    6.    Attach additional pages if necessary to provide a complete answer.

    7.    "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

    8.    "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

    9.    "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

    10.    The terms "regarding," "related to" or "relating to" mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

    11.    "NSA" refers to Plaintiff, NSA Two Financial, LLC.

    12.    "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

    13.    "Smith," "you" or "your" refers to Defendant, Georgia Thompson-Smith.

    14.    The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including

2

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

15.     The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

16.     Unless otherwise stated herein, the relevant timeframe for all interrogatories is January 1, 2014, through the present.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

## SPECIFIC INTERROGATORIES

1.      Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

2.      Describe in detail, via a quantification, the amount of damages Smith claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

By:_____

Georgia Thompson-Smith

SWORN TO AND SUBSCRIBED before me this ____ day of _____, 2015.

_____
(Signature of Notary Public - State of Florida)

_____
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known ___ or produced identification

Type of Identification Produced

5

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

       Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

       Defendants.

_____/

### NSA TWO FINANCIAL, LLC'S FIRST SET OF
### INTERROGATORIES TO THOMPSON-SMITH & ASSOCIATES, LLC

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.340 and

other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, answer

the following Interrogatories in writing and under oath within the time permitted by the applicable

rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.      When answering the Interrogatories, please furnish all information known to you or in your or your agents or attorneys possession.  If any Interrogatory asks for information which you do not have, but you know who does have the information requested, please identify the person who has the information requested.

2.      These Interrogatories are intended to be continuing.  At such time as you receive information that makes a prior response incomplete, inaccurate or misleading, a supplementary Response is required.

3.      "Identify" when used with respect to a person means to provide that person's:
        i.      full name and names formerly known as, if any;
        ii.     last known residential street address;
        iii.    last known employment address, and position of employment; and
        iv.    last known residential and work telephone numbers.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

4. "Identify" when used with respect to a document means to provide the following information:

    i.      the date of the document;
    ii.     the identity(ies) of the author(s) of the document;
    iii.    the identity(ies) of the recipient(s) of the document;
    iv.    the general subject matter of the document;
    v.     all persons who were identified as receiving a copy of the document; and
    vi.    the last known location of the document.

5. "Identify" when used with respect to a fact means to provide the following information:

    i.      what occurred;
    ii.     who was present;
    iii.    what was said, by whom and to whom;
    iv.    what was done by whom and to whom;
    v.     the date and time of the occurrence; and
    vi.    the location of the occurrence.

6. Attach additional pages if necessary to provide a complete answer.

7. "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

8. "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

9. "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

10. The terms "regarding," "related to" or "relating to" mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

11. "NSA" refers to Plaintiff, NSA Two Financial, LLC.

12. "TSA," "you" or "your" refers to Defendant, Thompson-Smith & Associates, LLC.

13. "Smith" refers to Defendant, Georgia Thompson-Smith.

14. The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including

2

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

15.     The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

16.     Unless otherwise stated herein, the relevant timeframe for all interrogatories is January 1, 2014, through the present.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

## SPECIFIC INTERROGATORIES

1.      Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

2.      Identify all persons who are believed or known by you or your agents or representatives to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the persons identified have knowledge, including without limitation, identifying all documents of which the persons identified have knowledge.

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

     3.      Identify each and every instance where you permitted or allowed NSA, or its representatives, access to review TSA's books and records after October 1, 2014, including specifying the means, date and time by which communicated such instances to NSA.

     4.      Describe in detail how NSA, including its members and/or managers, "attempt[ed] to extort monies from TSA," "prematurely demand[ed] profits," "threaten[ed] that if certain monies were not had by Plaintiff that monies will be unilaterally taken from TSA's business account," as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

5

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

   5.   Describe in detail how NSA, including its members and/or managers, "intentionally disrupt[ed] TSA's telecommunications system," "intentionally disrupt[ed] TSA's tax software system," and "[stole] and/or solicit[ed] current clients of TSA" as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

   6.   Identify and describe in detail each and every reason you claim the "Plaintiff breached the covenant of good faith and fair dealing" as stated in your second affirmative defense and Count III of the Counterclaim.

6

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

7.      Identify and describe in detail each and every reason you claim the Plaintiff "first breached the Agreement" as stated in your third affirmative defense and.

8.      Identify and describe in detail each and every reason you claim the Plaintiff's claims are barred by estoppel as stated in your fourth affirmative defense.

7

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

     9.     Describe in detail how NSA and "embarked on an unstoppable and relentless patter of bad-faith and disloyalty against TSA and Smith" as stated in paragraph 19 of the Counterclaim.

     10.     Identify each and every TSA client whom you contend NSA, or its members or managers, solicited to cease use of TSA's services, including, without limitation those referenced in paragraphs 28 and 30 of the Counterclaim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

    11.    Describe in detail how NSA breached its duty of loyalty, as alleged in paragraph 37 of the Counterclaim, including, without limitation, by describing each and every instance supporting the allegations raised in paragraphs 37(A), 37(B) and 37(C).

    12.    Describe in detail how NSA engaged in "grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violat[ed] *sic* the law" as alleged in paragraph 41 of the Counterclaim.

9

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

13.　Describe in detail how NSA breached the express terms of the Operating Agreement, as alleged in paragraph 46 of the Counterclaim.

14.　Describe in detail each and every breach of fiduciary duty and duty of loyalty, as alleged in paragraphs 52 and 53 of the Counterclaim.

10

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

15.    Identify each and every business relationship that NSA allegedly interfered with, as raised in Count V of the Counterclaim, and describe in detail how NSA interfered.

16.    Identify each and every contractual relationship that NSA allegedly interfered with, as raised in Count VI of the Counterclaim, and describe in detail how NSA interfered.

11

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

     17.    Describe in detail, via a quantification, the amount of damages TSA claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

     Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

### NSA TWO FINANCIAL, LLC

By:_____

Print: _____

Title: _____

SWORN TO AND SUBSCRIBED before me this \_\_\_\_ day of _____, 2015.

_____

(Signature of Notary Public - State of Florida)

_____

(Print, type or Stamp Commissioned Name of Notary Public)

Personally known \_\_\_ or produced identification

Type of Identification Produced

13

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

       Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

       Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO GEORGIA THOMPSON-SMITH

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, produce for inspection and copying the following documents within the time permitted by the applicable rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

    1.    When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys. If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

    2.    If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

    3.    If a claim of privilege is asserted concerning any document sought, please:
        (a)    identify such document with sufficient particularity to allow the matter to be brought before the Court;
        (b)    state the nature of the privilege asserted; and
        (c)    state the factual basis for the privilege claim.

4.      These Requests are intended to be continuing. At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.      "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.      "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.      "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.      The terms "regarding," "related to" or "relating to" mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.      "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.     "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.     "Smith" refers to Defendant, Georgia Thompson-Smith.

12.     The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

13.     The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.     Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

2

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

## REQUESTS FOR PRODUCTION

1.      A copy of any and all operating agreements, other agreements, and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently by and between Smith and NSA, including any of its members, managers, or agents.

2.      Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure, in which you signed as a company representative or personal guarantor.

3.      Any and all communications, including, but not limited to, letters and e-mails from Smith to NSA, or any of its members or managers, relating to access to TSA's office, corporate books and records, and/or bank accounts.

4.      Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

5.      Copies of any and all capital contributions or other payments Smith made to TSA between January 1, 2014 and the present.

6.      Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

7.      Articles of incorporation, articles of organization, or other business entity filings made by Smith relating to any accounting business that commenced operation after June 1, 2014.

8.      Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in Smith's Answer's first affirmative defense.

9.      Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in Smith's Answer's first affirmative defense.

10.     Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in Smith's Answer's first affirmative defense.

11.     A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in Smith's Answer's first affirmative defense.

12.     Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in Smith's Answer's first affirmative defense.

3

13.     Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in Smith's Answer's first affirmative defense.

14.     Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in Smith's Answer's second affirmative defense.

15.     A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

16.     Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

17.     Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

18.     Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

19.     Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

20.     Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

21.     Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

22.     Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

23.     Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

24.     Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

25.     Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

26.     Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida  33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 0041119

5

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

                                    CASE NO.: CACE 14-023998 (18)

       Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

       Defendants.
_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THOMPSON-SMITH & ASSOCIATES, LLC

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, produce for inspection and copying the following documents within the time permitted by the applicable rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.      When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys.  If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

2.      If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

3.      If a claim of privilege is asserted concerning any document sought, please:
      (a)    identify such document with sufficient particularity to allow the matter to be brought before the Court;
      (b)    state the nature of the privilege asserted; and
      (c)    state the factual basis for the privilege claim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

4.     These Requests are intended to be continuing.  At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.     "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.     "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.     "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.     The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.     "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.     "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.     "Smith" refers to Defendant, Georgia Thompson-Smith.

12.     The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

13.     The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.     Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

2

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

## REQUESTS FOR PRODUCTION

1.      A copy of any and all operating agreements and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently govern TSA, and those that have governed TSA since January 1, 2014.

2.      TSA's books and records, including any and all financial statements, annual profit and loss statements, monthly profit and loss statements, reconciliations, trial balances, general ledgers, client ledgers, balance sheets, accounts receivable, aging accounts receivable, employee records, and other financial documents maintained by TSA for each and every month of 2014 and 2015, to date.

3.      Copies of each and every monthly, quarterly, or other periodic bank statement for each and every account held by TSA from January 1, 2014 to present.

4.      Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure.

5.      Notices for meetings of TSA's members.

6.      Minutes of all meetings of TSA's members.

7.      Receipts for any and all payments to change TSA's office locks for the office located at 3601 W. Commercial Blvd., Suite 14, Fort Lauderdale, Florida, 33309 that was incurred between September 1, 2014 and the present.

8.      Any and all communications, including, but not limited to, letters and e-mails from TSA to NSA, or any of its owners, relating to access to TSA's office, corporate books and records, and/or bank accounts.

9.      Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

10.     Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

11.     TSA's current list of clients.

12.     TSA's list of clients as of October 1, 2014.

3

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

13.    Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in TSA's Answer's first affirmative defense.

14.    Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in TSA's Answer's first affirmative defense.

15.    Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in TSA's Answer's first affirmative defense.

16.    A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in TSA's Answer's first affirmative defense.

17.    Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in TSA's Answer's first affirmative defense.

18.    Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in TSA's Answer's first affirmative defense.

19.    Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in TSA's Answer's second affirmative defense.

20.    A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

21.    Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

22.    Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

23.    Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

24.    Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

25.    Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

26.    Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

27.    Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

4

28.     Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

29.     Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

30.     Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

31.     Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida  33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By:_____
     JASON H. HABER
     Florida Bar No. 0041119

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

### PLAINTIFF'S *EX PARTE* MOTION TO COMPEL RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, <u>AND MOTION FOR CONTEMPT AND SANCTIONS</u>

Plaintiff, NSA TWO FINANCIAL, LLC ("NSA"), files this Motion to Compel Defendants, THOMPSON-SMITH & ASSCOIATES, LLC and GEORGIA THOMPSON-SMITH ("Defendants"), to respond to NSA's First Request for Production of Documents and First Set of Interrogatories, and Motion for Contempt and Sanctions, and avers as follows:

1.     This is an action for damages and injunctive relief.

2.     On or about September 18, 2015, Defendant propounded requests for production and interrogatories to TSA and Smith (the "Discovery"). Copies of the Discovery are attached hereto as Composite Exhibit "A."

3.     To date, the Defendants have not responded to said Discovery. The undersigned has agreed to informal extensions of the Discovery due date, but 3 months later, there have been no responses.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*Ex Parte Motion to Compel*

4.      Pursuant to applicable Florida Rules of Procedure, the Court should enter an order compelling Defendants to produce responses to the Discovery, without objection, and sanction Defendants for not complying with rules relating to discovery.

5.      NSA has retained the undersigned attorney and agreed to pay reasonable attorneys' fees and costs.  Defendants should be obligated to pay NSA's attorneys' fees and costs incurred in bringing this Motion.

**WHEREFORE**, NSA respectfully requests this Court enter an ex parte order compelling Defendants to respond to the Discovery, finding Defendants in contempt for failing to comply with discovery, awarding NSA its reasonable attorneys' fees and costs, and granting such other and further relief that the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 17th day of December, 2015, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

> **HABER BLANK, LLP**
> Attorney for Plaintiff
> 888 South Andrews Avenue, Suite 201
> Fort Lauderdale, Florida  33316
> Phone: (954) 767-0300
> Fax: (954) 949-0510
> eservice@haberblank.com
>
> By_____
>     Jason H. Haber
>     Florida Bar No. 0041119

# COMPOSITE EXHIBIT "A"

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company                          CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.
_____/

### NSA TWO FINANCIAL, LLC'S FIRST SET OF
### INTERROGATORIES TO GEORIGA THOMPSON-SMITH

      Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.340 and

other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, answer the following

Interrogatories in writing and under oath within the time permitted by the applicable rules of civil

procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

      1.     When answering the Interrogatories, please furnish all information known to you
or in your or your agents or attorneys possession. If any Interrogatory asks for information which
you do not have, but you know who does have the information requested, please identify the person
who has the information requested.

      2.     These Interrogatories are intended to be continuing. At such time as you receive
information that makes a prior response incomplete, inaccurate or misleading, a supplementary
Response is required.

      3.     "Identify" when used with respect to a person means to provide that person's:
          i.     full name and names formerly known as, if any;
          ii.     last known residential street address;
          iii.     last known employment address, and position of employment; and
          iv.     last known residential and work telephone numbers.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

4.   "Identify" when used with respect to a document means to provide the following information:

      i.    the date of the document;
      ii.   the identity(ies) of the author(s) of the document;
      iii.  the identity(ies) of the recipient(s) of the document;
      iv.  the general subject matter of the document;
      v.   all persons who were identified as receiving a copy of the document; and
      vi.  the last known location of the document.

5.   "Identify" when used with respect to a fact means to provide the following information:

      i.    what occurred;
      ii.   who was present;
      iii.  what was said, by whom and to whom;
      iv.  what was done by whom and to whom;
      v.   the date and time of the occurrence; and
      vi.  the location of the occurrence.

6.   Attach additional pages if necessary to provide a complete answer.

7.   "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

8.   "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

9.   "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

10.   The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

11.   "NSA" refers to Plaintiff, NSA Two Financial, LLC.

12.   "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

13.   "Smith," "you" or "your" refers to Defendant, Georgia Thompson-Smith.

14.   The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including

2

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

15. The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

16. Unless otherwise stated herein, the relevant timeframe for all interrogatories is January 1, 2014, through the present.

3

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

## SPECIFIC INTERROGATORIES

1.     Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

2.     Describe in detail, via a quantification, the amount of damages Smith claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

    Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.


                        By:_____

                            Georgia Thompson-Smith


SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2015.


                    _____
                    (Signature of Notary Public - State of Florida)


                    _____
                    (Print, type or Stamp Commissioned Name of Notary Public)

Personally known ____ or produced identification

Type of Identification Produced

5

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company                                    CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.
_____/

### NSA TWO FINANCIAL, LLC'S FIRST SET OF
### INTERROGATORIES TO THOMPSON-SMITH & ASSOCIATES, LLC

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.340 and

other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, answer

the following Interrogatories in writing and under oath within the time permitted by the applicable

rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.     When answering the Interrogatories, please furnish all information known to you
or in your or your agents or attorneys possession.  If any Interrogatory asks for information which
you do not have, but you know who does have the information requested, please identify the person
who has the information requested.

2.     These Interrogatories are intended to be continuing.  At such time as you receive
information that makes a prior response incomplete, inaccurate or misleading, a supplementary
Response is required.

3.     "Identify" when used with respect to a person means to provide that person's:
      i.     full name and names formerly known as, if any;
      ii.    last known residential street address;
      iii.   last known employment address, and position of employment; and
      iv.   last known residential and work telephone numbers.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

4.      "Identify" when used with respect to a document means to provide the following information:

          i.      the date of the document;
          ii.     the identity(ies) of the author(s) of the document;
          iii.    the identity(ies) of the recipient(s) of the document;
          iv.     the general subject matter of the document;
          v.      all persons who were identified as receiving a copy of the document; and
          vi.     the last known location of the document.

5.      "Identify" when used with respect to a fact means to provide the following information:

          i.      what occurred;
          ii.     who was present;
          iii.    what was said, by whom and to whom;
          iv.     what was done by whom and to whom;
          v.      the date and time of the occurrence; and
          vi.     the location of the occurrence.

6.      Attach additional pages if necessary to provide a complete answer.

7.      "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

8.      "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

9.      "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

10.     The terms "regarding," "related to" or "relating to" mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

11.     "NSA" refers to Plaintiff, NSA Two Financial, LLC.

12.     "TSA," "you" or "your" refers to Defendant, Thompson-Smith & Associates, LLC.

13.     "Smith" refers to Defendant, Georgia Thompson-Smith.

14.     The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including

2

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

15.     The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

16.     Unless otherwise stated herein, the relevant timeframe for all interrogatories is January 1, 2014, through the present.

3

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

## SPECIFIC INTERROGATORIES

1.     Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

2.     Identify all persons who are believed or known by you or your agents or representatives to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the persons identified have knowledge, including without limitation, identifying all documents of which the persons identified have knowledge.

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

3.    Identify each and every instance where you permitted or allowed NSA, or its representatives, access to review TSA's books and records after October 1, 2014, including specifying the means, date and time by which communicated such instances to NSA.

4.    Describe in detail how NSA, including its members and/or managers, "attempt[ed] to extort monies from TSA," "prematurely demand[ed] profits," "threaten[ed] that if certain monies were not had by Plaintiff that monies will be unilaterally taken from TSA's business account," as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

5

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

     5.     Describe in detail how NSA, including its members and/or managers, "intentionally disrupt[ed] TSA's telecommunications system," "intentionally disrupt[ed] TSA's tax software system," and "[stole] and/or solicit[ed] current clients of TSA" as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

     6.     Identify and describe in detail each and every reason you claim the "Plaintiff breached the covenant of good faith and fair dealing" as stated in your second affirmative defense and Count III of the Counterclaim.

6

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

   7.   Identify and describe in detail each and every reason you claim the Plaintiff "first breached the Agreement" as stated in your third affirmative defense and.

   8.   Identify and describe in detail each and every reason you claim the Plaintiff's claims are barred by estoppel as stated in your fourth affirmative defense.

7

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

    9.    Describe in detail how NSA and "embarked on an unstoppable and relentless patter of bad-faith and disloyalty against TSA and Smith" as stated in paragraph 19 of the Counterclaim.

    10.    Identify each and every TSA client whom you contend NSA, or its members or managers, solicited to cease use of TSA's services, including, without limitation those referenced in paragraphs 28 and 30 of the Counterclaim.

8

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

     11.    Describe in detail how NSA breached its duty of loyalty, as alleged in paragraph 37 of the Counterclaim, including, without limitation, by describing each and every instance supporting the allegations raised in paragraphs 37(A), 37(B) and 37(C).

     12.    Describe in detail how NSA engaged in "grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violat[ed] *sic* the law" as alleged in paragraph 41 of the Counterclaim.

9

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

13.    Describe in detail how NSA breached the express terms of the Operating Agreement, as alleged in paragraph 46 of the Counterclaim.

14.    Describe in detail each and every breach of fiduciary duty and duty of loyalty, as alleged in paragraphs 52 and 53 of the Counterclaim.

10

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

   15.   Identify each and every business relationship that NSA allegedly interfered with, as raised in Count V of the Counterclaim, and describe in detail how NSA interfered.

   16.   Identify each and every contractual relationship that NSA allegedly interfered with, as raised in Count VI of the Counterclaim, and describe in detail how NSA interfered.

11

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

     17.      Describe in detail, via a quantification, the amount of damages TSA claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

12

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

   Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

**NSA TWO FINANCIAL, LLC**

    By:_____

    Print: _____

    Title: _____

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2015.

     _____

     (Signature of Notary Public - State of Florida)

     _____

     (Print, type or Stamp Commissioned Name of Notary Public)

Personally known ____ or produced identification

Type of Identification Produced

13

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

       Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

       Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO GEORGIA THOMPSON-SMITH

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, produce for inspection and copying the following documents within the time permitted by the applicable rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.    When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys. If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

2.    If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

3.    If a claim of privilege is asserted concerning any document sought, please:
    (a)    identify such document with sufficient particularity to allow the matter to be brought before the Court;
    (b)    state the nature of the privilege asserted; and
    (c)    state the factual basis for the privilege claim.

4.      These Requests are intended to be continuing.  At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.      "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.      "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.      "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.      The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.      "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.      "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.      "Smith" refers to Defendant, Georgia Thompson-Smith.

12.      The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

13.      The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.      Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

2

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

## REQUESTS FOR PRODUCTION

1.     A copy of any and all operating agreements, other agreements, and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently by and between Smith and NSA, including any of its members, managers, or agents.

2.     Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure, in which you signed as a company representative or personal guarantor.

3.     Any and all communications, including, but not limited to, letters and e-mails from Smith to NSA, or any of its members or managers, relating to access to TSA's office, corporate books and records, and/or bank accounts.

4.     Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

5.     Copies of any and all capital contributions or other payments Smith made to TSA between January 1, 2014 and the present.

6.     Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

7.     Articles of incorporation, articles of organization, or other business entity filings made by Smith relating to any accounting business that commenced operation after June 1, 2014.

8.     Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in Smith's Answer's first affirmative defense.

9.     Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in Smith's Answer's first affirmative defense.

10.     Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in Smith's Answer's first affirmative defense.

11.     A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in Smith's Answer's first affirmative defense.

12.     Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in Smith's Answer's first affirmative defense.

3

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

13.   Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in Smith's Answer's first affirmative defense.

14.   Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in Smith's Answer's second affirmative defense.

15.   A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

16.   Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

17.   Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

18.   Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

19.   Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

20.   Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

21.   Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

22.   Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

23.   Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

24.   Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

25.   Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

26.   Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

4

*NSI Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 0041119

5

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
### DOCUMENTS TO THOMPSON-SMITH & ASSOCIATES, LLC

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and

other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, produce

for inspection and copying the following documents within the time permitted by the applicable

rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.    When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys.  If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

2.    If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

3.    If a claim of privilege is asserted concerning any document sought, please:
    (a)    identify such document with sufficient particularity to allow the matter to be brought before the Court;
    (b)    state the nature of the privilege asserted; and
    (c)    state the factual basis for the privilege claim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

4.     These Requests are intended to be continuing.   At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.     "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.     "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.     "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.     The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.     "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.     "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.     "Smith" refers to Defendant, Georgia Thompson-Smith.

12.     The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

13.     The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.     Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

2

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

## <u>REQUESTS FOR PRODUCTION</u>

1.      A copy of any and all operating agreements and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently govern TSA, and those that have governed TSA since January 1, 2014.

2.      TSA's books and records, including any and all financial statements, annual profit and loss statements, monthly profit and loss statements, reconciliations, trial balances, general ledgers, client ledgers, balance sheets, accounts receivable, aging accounts receivable, employee records, and other financial documents maintained by TSA for each and every month of 2014 and 2015, to date.

3.      Copies of each and every monthly, quarterly, or other periodic bank statement for each and every account held by TSA from January 1, 2014 to present.

4.      Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure.

5.      Notices for meetings of TSA's members.

6.      Minutes of all meetings of TSA's members.

7.      Receipts for any and all payments to change TSA's office locks for the office located at 3601 W. Commercial Blvd., Suite 14, Fort Lauderdale, Florida, 33309 that was incurred between September 1, 2014 and the present.

8.      Any and all communications, including, but not limited to, letters and e-mails from TSA to NSA, or any of its owners, relating to access to TSA's office, corporate books and records, and/or bank accounts.

9.      Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

10.      Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

11.      TSA's current list of clients.

12.      TSA's list of clients as of October 1, 2014.

3

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

13.     Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in TSA's Answer's first affirmative defense.

14.     Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in TSA's Answer's first affirmative defense.

15.     Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in TSA's Answer's first affirmative defense.

16.     A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in TSA's Answer's first affirmative defense.

17.     Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in TSA's Answer's first affirmative defense.

18.     Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in TSA's Answer's first affirmative defense.

19.     Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in TSA's Answer's second affirmative defense.

20.     A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

21.     Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

22.     Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

23.     Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

24.     Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

25.     Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

26.     Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

27.     Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

4

*NS1 Two Financial, LLC. v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TS1*

28.    Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

29.    Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

30.    Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

31.    Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
    JASON H. HABER
    Florida Bar No. 0041119

5

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company                                    CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.
_____/

### *EX PARTE* ORDER COMPELLING RESPONSES TO DISCOVERY

THIS CAUSE came before the Court pursuant to local administrative rules, rules of procedure and applicable law on an *ex parte* basis, as to Defendants, THOMPSON-SMITH & ASSOCIATES, LLC and GEORGIA THOMPSON-SMITH, failure to respond to requests for production and interrogatories, and the Court having otherwise been fully advised in the premises, ORDERS and ADJUDGES that:

1.    Defendants, THOMPSON-SMITH & ASSOCIATES, LLC and GEORGIA THOMPSON-SMITH, shall serve and file appropriate responses and certifications of responses, without objection, to the Plaintiff, NSA TWO FINANCIAL, LLC, First Requests for Production of Documents and First Sets of Interrogatories, dated September 18, 2015, within ten (10) days of the date of this Order.

2.    With respect to attorneys' fees and costs, the Court:
   ___ finds that the Plaintiff, NSA TWO FINANCIAL, LLC, is entitled to recover attorneys' fees in the amount of $_____ from Defendants which shall be paid within ten (10) days of the date of this Order.
   ___ reserves ruling as to entitlement and award of attorneys' fees and costs.

DONE AND ORDERED in Chambers at Broward County, Florida, this ____ day of
_____, 2015.

                                                  TRUE COPY

                          _____ JAN 0 4 2016
                          Honorable Circuit Court Judge
                                  MARINA GARCIA-WOOD

cc:    Jason H. Haber, Esq.
       Mark Goldstein, Esq.

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE 14-023998 (18)

NSA TWO FINANCIAL, LLC a Florida
limited liability company,

      Plaintiff,

vs.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and
GEORGIA THOMPSON-SMITH, Individually,

      Defendant(s).

_____/

## NOTICE OF MEDIATION

DATE AND TIME:      Monday, February 15, 2016
                      At 10:00 A.M.

LOCATION:           KRINZMAN HUSS & LUBETSKY
                      110 S.E. 6th Street, 20th Floor
                      Fort Lauderdale, Florida 33301
                      Telephone:   954-761-3454

MEDIATOR:          Joseph J. Huss, Esq.

**\* 4 HOURS HAVE BEEN RESERVED FOR THE MEDIATION.
IF YOU THINK YOU WILL NEED MORE TIME,
PLEASE CALL US IMMEDIATELY.**

CASE NO.: CACE 14-023998 (18)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via E-Service and U.S. Mail this ___11___ day of January, 2016, to: See Service List.

KRINZMAN, HUSS, LUBETSKY
110 S.E. 6th Street, 20th Floor
Fort Lauderdale, FL 33301
Telephone:   (954) 761-3454
Facsimile:   (954) 761-3484
E-Mail:        jjh@khllaw.com
E-Service:   eservicefll@khllaw.com

By: _____
        JOSEPH J. HUSS
        Certified Court Mediator
        Fla. Bar No. 0328480

CASE NO.: CACE 14-023998 (18)

## SERVICE LIST

**VIA E-SERVICE**

Jason H. Haber, Esq.
Haber Blank, LLP
888 South Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
E-Service:     eservice@haberblank.com
                        agrant@haberblank.com

Mark Goldstein, Esq.
141 NE 3rd Avenue, Suite 804
Miami, Florida 33132
E-Service:     markgoldsteinattorney@gmail.com

Richard Corey, Esq.
E-Service:     rcorey.ent@gmail.com

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

     Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants.

_____/

## SECOND MOTION TO COMPEL RESPONSES TO DISCOVERY
## AND MOTION FOR DISCOVERY SANCTIONS

Plaintiff, NSA TWO FINANCIAL, LLC ("NSA"), files this Second Motion to Compel

Responses to Discovery and Motion for Discovery Sanctions against Defendants, THOMPSON-

SMITH & ASSOCIATES, LLC ("TSA") and GEORGIA THOMPSON-SMITH ("Smith")

(collectively, "Defendants"), and avers as follows:

### Background

1.     This is an action for damages and injunctive relief.

2.     On or about September 18, 2015, Defendant propounded requests for production

and interrogatories to TSA and Smith (the "Discovery").  Copies of the Discovery are attached

hereto as Composite Exhibit "A."

3.     To date, the Defendants have not responded to said Discovery.

4.     The undersigned previously agreed to informal extensions of the Discovery.

5.     On December 17, 2015, NSA moved, *ex parte*, to compel responses to the

Discovery, and on January 4, 2016, this Court entered an *Ex Parte* Order Compelling Responses

to Discovery.  A copy of said order is attached hereto as Exhibit "B."

NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC
Case No. CACE 14-23998 (18)
Motion to Compel and Motion for Sanctions

6.      Even after entry of the *Ex Parte* Order, the undersigned further agreed to allow the Defendants more time to respond to the Discovery, asking for the Discovery responses well in advance of a previously scheduled mediation.

7.      On February 5, 2016, the Defendants provided the undersigned limited documents, including certain year-end financial statements, which may minimally respond to some of the Discovery, but is wholly insufficient to respond to all Discovery.

8.      The Discovery responses were initially due nearly 5 months ago.

9.      As a result of the Defendants' failure to respond to Discovery, NSA has had to incur attorneys' fees incidental hereto.

10.     For the reasons set forth herein, the Defendants should be compelled to respond to the outstanding Discovery, without objection as objections have previously been waived, and NSA is entitled to an award of attorneys' fees and costs, among other things.

<u>**Legal Citation and Authority**</u>

Pursuant to Rule 1.280(b)(1), Fla. R. Civ. P., "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action . . ." Fla. R. Civ. P. 1.280(b)(1).  Any party may request any other party "to produce and permit the party making the request . . . to inspect and copy any designated documents . . . that are in the possession, custody, or control of the party to whim the request is directed." Fla. R. Civ. P. 1.350(a).  In the event a party fails to respond to requests for production, in accordance with Fla. R. Civ. P. 1.350, the courts must enter an order compelling responses to said discovery requests, without objection (such being waived).  *See* Fla. R. Civ. P. 1.380 (a).  Similarly, parties must respond to interrogatories within thirty (30) days service thereof.  *See* Fla. R. Civ. P. 1.340.  Additionally, courts **<u>shall require</u>** the party whose conduct necessitated a motion to compel to pay the reasonable

2

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*Motion to Compel and Motion for Sanctions*

expenses, which may include attorneys' fees, and may enter other sanctions. *See* Fla. R. Civ. P. 1.380 (emphasis added).

Here, NSA propounded the Discovery on September 18, 2015. The Defendants have failed to respond to the same. As such, the Court must compel the Plaintiff to respond to said Discovery, without objection, and enter an order sanctioning the Defendants, jointly and severally, for failing to respond.

**WHEREFORE**, the Defendant respectfully requests that this Court enter an Order compelling the Defendants to respond to all outstanding Discovery, without objection, sanction the Defendants, including, without limitation, striking their pleadings, entering default, entering a coercive fine, awarding NSA its attorneys' fees and costs incurred incidental hereto and/or any and all other sanctions available under applicable rules of procedure, and grant such further and other relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 8th day of January, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

Respectfully submitted,

**HABER BLANK, LLP**
Attorneys for Plaintiff
888 South Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Telephone: (954) 767-0300
Facsimile: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 41119



**COMPOSITE EXHIBIT "A"**

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

     Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants.

_____/

## NSA TWO FINANCIAL, LLC'S FIRST SET OF
## INTERROGATORIES TO GEORIGA THOMPSON-SMITH

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.340 and

other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, answer the following

Interrogatories in writing and under oath within the time permitted by the applicable rules of civil

procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

    1.    When answering the Interrogatories, please furnish all information known to you
or in your or your agents or attorneys possession. If any Interrogatory asks for information which
you do not have, but you know who does have the information requested, please identify the person
who has the information requested.

    2.    These Interrogatories are intended to be continuing. At such time as you receive
information that makes a prior response incomplete, inaccurate or misleading, a supplementary
Response is required.

    3.    "Identify" when used with respect to a person means to provide that person's:
        i.    full name and names formerly known as, if any;
        ii.    last known residential street address;
        iii.    last known employment address, and position of employment; and
        iv.    last known residential and work telephone numbers.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

4.    "Identify" when used with respect to a document means to provide the following information:

     i.    the date of the document;
     ii.   the identity(ies) of the author(s) of the document;
     iii.  the identity(ies) of the recipient(s) of the document;
     iv.  the general subject matter of the document;
     v.   all persons who were identified as receiving a copy of the document; and
     vi.  the last known location of the document.

5.    "Identify" when used with respect to a fact means to provide the following information:

     i.    what occurred;
     ii.   who was present;
     iii.  what was said, by whom and to whom;
     iv.  what was done by whom and to whom;
     v.   the date and time of the occurrence; and
     vi.  the location of the occurrence.

6.    Attach additional pages if necessary to provide a complete answer.

7.    "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

8.    "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

9.    "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

10.    The terms "regarding," "related to" or "relating to" mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

11.    "NSA" refers to Plaintiff, NSA Two Financial, LLC.

12.    "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

13.    "Smith," "you" or "your" refers to Defendant, Georgia Thompson-Smith.

14.    The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including

2

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

15.     The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

16.     Unless otherwise stated herein, the relevant timeframe for all interrogatories is January 1, 2014, through the present.

3

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

## SPECIFIC INTERROGATORIES

1.     Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

2.     Describe in detail, via a quantification, the amount of damages Smith claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

By:_____
                Georgia Thompson-Smith


SWORN TO AND SUBSCRIBED before me this ____ day of _____, 2015.


_____
(Signature of Notary Public - State of Florida)


_____
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known ____ or produced identification

Type of Identification Produced

5

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

### NSA TWO FINANCIAL, LLC'S FIRST SET OF
### INTERROGATORIES TO THOMPSON-SMITH & ASSOCIATES, LLC

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.340 and

other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, answer

the following Interrogatories in writing and under oath within the time permitted by the applicable

rules of civil procedure, and in accordance with the instructions set forth herein.

#### Definitions and Instructions

1.     When answering the Interrogatories, please furnish all information known to you
or in your or your agents or attorneys possession.  If any Interrogatory asks for information which
you do not have, but you know who does have the information requested, please identify the person
who has the information requested.

2.     These Interrogatories are intended to be continuing.  At such time as you receive
information that makes a prior response incomplete, inaccurate or misleading, a supplementary
Response is required.

3.     "Identify" when used with respect to a person means to provide that person's:
       i.     full name and names formerly known as, if any;
      ii.     last known residential street address;
     iii.     last known employment address, and position of employment; and
     iv.     last known residential and work telephone numbers.

4. "Identify" when used with respect to a document means to provide the following information:

    i.    the date of the document;

    ii.    the identity(ies) of the author(s) of the document;

    iii.    the identity(ies) of the recipient(s) of the document;

    iv.    the general subject matter of the document;

    v.    all persons who were identified as receiving a copy of the document; and

    vi.    the last known location of the document.

5. "Identify" when used with respect to a fact means to provide the following information:

    i.    what occurred;

    ii.    who was present;

    iii.    what was said, by whom and to whom;

    iv.    what was done by whom and to whom;

    v.    the date and time of the occurrence; and

    vi.    the location of the occurrence.

6. Attach additional pages if necessary to provide a complete answer.

7. "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

8. "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

9. "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

10. The terms "regarding," "related to" or "relating to" mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

11. "NSA" refers to Plaintiff, NSA Two Financial, LLC.

12. "TSA," "you" or "your" refers to Defendant, Thompson-Smith & Associates, LLC.

13. "Smith" refers to Defendant, Georgia Thompson-Smith.

14. The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including

2

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

15.     The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

16.     Unless otherwise stated herein, the relevant timeframe for all interrogatories is January 1, 2014, through the present.

3

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

## SPECIFIC INTERROGATORIES

      1.    Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

      2.    Identify all persons who are believed or known by you or your agents or representatives to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the persons identified have knowledge, including without limitation, identifying all documents of which the persons identified have knowledge.

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

3.      Identify each and every instance where you permitted or allowed NSA, or its representatives, access to review TSA's books and records after October 1, 2014, including specifying the means, date and time by which communicated such instances to NSA.

4.      Describe in detail how NSA, including its members and/or managers, "attempt[ed] to extort monies from TSA," "prematurely demand[ed] profits," "threaten[ed] that if certain monies were not had by Plaintiff that monies will be unilaterally taken from TSA's business account," as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

5

    5.    Describe in detail how NSA, including its members and/or managers, "intentionally disrupt[ed] TSA's telecommunications system," "intentionally disrupt[ed] TSA's tax software system," and "[stole] and/or solicit[ed] current clients of TSA" as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

    6.    Identify and describe in detail each and every reason you claim the "Plaintiff breached the covenant of good faith and fair dealing" as stated in your second affirmative defense and Count III of the Counterclaim.

6

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

7.      Identify and describe in detail each and every reason you claim the Plaintiff "first breached the Agreement" as stated in your third affirmative defense and.

8.      Identify and describe in detail each and every reason you claim the Plaintiff's claims are barred by estoppel as stated in your fourth affirmative defense.

7

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

9.      Describe in detail how NSA and "embarked on an unstoppable and relentless patter of bad-faith and disloyalty against TSA and Smith" as stated in paragraph 19 of the Counterclaim.

10.      Identify each and every TSA client whom you contend NSA, or its members or managers, solicited to cease use of TSA's services, including, without limitation those referenced in paragraphs 28 and 30 of the Counterclaim.

8

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

11.     Describe in detail how NSA breached its duty of loyalty, as alleged in paragraph 37 of the Counterclaim, including, without limitation, by describing each and every instance supporting the allegations raised in paragraphs 37(A), 37(B) and 37(C).

12.     Describe in detail how NSA engaged in "grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violat[ed] *sic* the law" as alleged in paragraph 41 of the Counterclaim.

9

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

 13. Describe in detail how NSA breached the express terms of the Operating Agreement, as alleged in paragraph 46 of the Counterclaim.

 14. Describe in detail each and every breach of fiduciary duty and duty of loyalty, as alleged in paragraphs 52 and 53 of the Counterclaim.

10

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

15.    Identify each and every business relationship that NSA allegedly interfered with, as raised in Count V of the Counterclaim, and describe in detail how NSA interfered.

16.    Identify each and every contractual relationship that NSA allegedly interfered with, as raised in Count VI of the Counterclaim, and describe in detail how NSA interfered.

11

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

17.    Describe in detail, via a quantification, the amount of damages TSA claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

12

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

      Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

**NSA TWO FINANCIAL, LLC**

By:_____

Print:_____

Title:_____

SWORN TO AND SUBSCRIBED before me this ____ day of _____, 2015.

_____

(Signature of Notary Public - State of Florida)

_____

(Print, type or Stamp Commissioned Name of Notary Public)

Personally known ____ or produced identification

Type of Identification Produced

13

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company                CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO GEORGIA THOMPSON-SMITH

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and

other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, produce for

inspection and copying the following documents within the time permitted by the applicable rules

of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.    When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys. If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

2.    If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

3.    If a claim of privilege is asserted concerning any document sought, please:
      (a)    identify such document with sufficient particularity to allow the matter to be brought before the Court;
      (b)    state the nature of the privilege asserted; and
      (c)    state the factual basis for the privilege claim.

    4.    These Requests are intended to be continuing.   At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

    5.    "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

    6.    "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

    7.    "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

    8.    The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

    9.    "NSA" refers to Plaintiff, NSA Two Financial, LLC.

    10.    "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

    11.    "Smith" refers to Defendant, Georgia Thompson-Smith.

    12.    The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

    13.    The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

    14.    Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

2

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

## REQUESTS FOR PRODUCTION

1.     A copy of any and all operating agreements, other agreements, and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently by and between Smith and NSA, including any of its members, managers, or agents.

2.     Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure, in which you signed as a company representative or personal guarantor.

3.     Any and all communications, including, but not limited to, letters and e-mails from Smith to NSA, or any of its members or managers, relating to access to TSA's office, corporate books and records, and/or bank accounts.

4.     Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

5.     Copies of any and all capital contributions or other payments Smith made to TSA between January 1, 2014 and the present.

6.     Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

7.     Articles of incorporation, articles of organization, or other business entity filings made by Smith relating to any accounting business that commenced operation after June 1, 2014.

8.     Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in Smith's Answer's first affirmative defense.

9.     Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in Smith's Answer's first affirmative defense.

10.     Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in Smith's Answer's first affirmative defense.

11.     A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in Smith's Answer's first affirmative defense.

12.     Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in Smith's Answer's first affirmative defense.

3

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

13.     Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in Smith's Answer's first affirmative defense.

14.     Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in Smith's Answer's second affirmative defense.

15.     A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

16.     Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

17.     Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

18.     Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

19.     Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

20.     Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

21.     Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

22.     Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

23.     Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

24.     Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

25.     Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

26.     Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

4

*NS.I Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 0041119

5

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THOMPSON-SMITH & ASSOCIATES, LLC

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and

other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, produce

for inspection and copying the following documents within the time permitted by the applicable

rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.    When answering these Requests, please furnish all documents known to you or under your possession or control, including those that are in the possession or of your agents or attorneys.  If any Request asks for a document no longer in your custody, possession or control, please identify the document(s) and indicate when and how it was disposed of, and identify each person, if any, who now possesses or controls such document(s).

2.    If, after exercising due diligence to secure the documents requested, a Request cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis for your inability to satisfy the remainder of the Request, producing whatever information, knowledge or documents Defendant has concerning the unanswered portion.

3.    If a claim of privilege is asserted concerning any document sought, please:
    (a)    identify such document with sufficient particularity to allow the matter to be brought before the Court;
    (b)    state the nature of the privilege asserted; and
    (c)    state the factual basis for the privilege claim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

4.     These Requests are intended to be continuing.   At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.     "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.     "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.     "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.     The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.     "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.     "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.     "Smith" refers to Defendant, Georgia Thompson-Smith.

12.     The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter. **All documents responsive to each request should be produced.**

13.     The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.     Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

2

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

## REQUESTS FOR PRODUCTION

1.      A copy of any and all operating agreements and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently govern TSA, and those that have governed TSA since January 1, 2014.

2.      TSA's books and records, including any and all financial statements, annual profit and loss statements, monthly profit and loss statements, reconciliations, trial balances, general ledgers, client ledgers, balance sheets, accounts receivable, aging accounts receivable, employee records, and other financial documents maintained by TSA for each and every month of 2014 and 2015, to date.

3.      Copies of each and every monthly, quarterly, or other periodic bank statement for each and every account held by TSA from January 1, 2014 to present.

4.      Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure.

5.      Notices for meetings of TSA's members.

6.      Minutes of all meetings of TSA's members.

7.      Receipts for any and all payments to change TSA's office locks for the office located at 3601 W. Commercial Blvd., Suite 14, Fort Lauderdale, Florida, 33309 that was incurred between September 1, 2014 and the present.

8.      Any and all communications, including, but not limited to, letters and e-mails from TSA to NSA, or any of its owners, relating to access to TSA's office, corporate books and records, and/or bank accounts.

9.      Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

10.     Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

11.     TSA's current list of clients.

12.     TSA's list of clients as of October 1, 2014.

3

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

13. Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in TSA's Answer's first affirmative defense.

14. Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in TSA's Answer's first affirmative defense.

15. Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in TSA's Answer's first affirmative defense.

16. A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in TSA's Answer's first affirmative defense.

17. Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in TSA's Answer's first affirmative defense.

18. Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in TSA's Answer's first affirmative defense.

19. Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in TSA's Answer's second affirmative defense.

20. A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

21. Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

22. Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

23. Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

24. Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

25. Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

26. Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

27. Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

4

*TSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

28.  Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

29.  Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

30.  Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

31.  Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 0041119

5

# EXHIBIT "B"

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

                                       CASE NO.: CACE 14-023998 (18)

       Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

       Defendants.
_____/

### _EX PARTE_ ORDER COMPELLING RESPONSES TO DISCOVERY

THIS CAUSE came before the Court pursuant to local administrative rules, rules of procedure and applicable law on an _ex parte_ basis, as to Defendants, THOMPSON-SMITH & ASSOCIATES, LLC and GEORGIA THOMPSON-SMITH, failure to respond to requests for production and interrogatories, and the Court having otherwise been fully advised in the premises, ORDERS and ADJUDGES that:

1.   Defendants, THOMPSON-SMITH & ASSOCIATES, LLC and GEORGIA THOMPSON-SMITH, shall serve and file appropriate responses and certifications of responses, without objection, to the Plaintiff, NSA TWO FINANCIAL, LLC, First Requests for Production of Documents and First Sets of Interrogatories, dated September 18, 2015, within ten (10) days of the date of this Order.

2.   With respect to attorneys' fees and costs, the Court:

    ____ finds that the Plaintiff, NSA TWO FINANCIAL, LLC, is entitled to recover attorneys' fees in the amount of $_____ from Defendants which shall be paid within ten (10) days of the date of this Order.

    ✓ reserves ruling as to entitlement and award of attorneys' fees and costs.

DONE AND ORDERED in Chambers at Broward County, Florida, this ____ day of _____, 2015.

                                                TRUE COPY

                                  _____ JAN 0 4 2016
                                  Honorable Circuit Court Judge
                                      MARINA GARCIA-WOOD

cc:   Jason H. Haber, Esq.
      Mark Goldstein, Esq.

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE 14-023998 (18)

NSA TWO FINANCIAL, LLC a Florida
limited liability company,

      Plaintiff,

vs.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and
GEORGIA THOMPSON-SMITH, Individually,

      Defendant(s).

_____/

## <u>NOTICE OF CANCELLATION OF MEDIATION</u>

<u>DATE AND TIME</u>:       Monday, February 15, 2016
                            At 10:00 A.M.

<u>LOCATION</u>:            KRINZMAN HUSS & LUBETSKY
                            110 S.E. 6th Street, 20th Floor
                            Fort Lauderdale, Florida 33301
                            Telephone:   954-761-3454

<u>MEDIATOR</u>:           Joseph J. Huss, Esq.

CASE NO.: CACE 14-023998 (18)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via E-Service and U.S. Mail this _____9_____ day of February, 2016, to: See Service List.

KRINZMAN, HUSS, LUBETSKY
110 S.E. 6th Street, 20th Floor
Fort Lauderdale, FL 33301
Telephone:   (954) 761-3454
Facsimile:   (954) 761-3484
E-Mail:       jjh@khllaw.com
E-Service:   eservicefll@khllaw.com

By: _____
JOSEPH J. HUSS
Certified Court Mediator
Fla. Bar No. 0328480

CASE NO.: CACE 14-023998 (18)

**SERVICE LIST**

**VIA E-SERVICE**

Jason H. Haber, Esq.
Haber Blank, LLP
888 South Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
E-Service:    eservice@haberblank.com
                    agrant@haberblank.com

Mark Goldstein, Esq.
141 NE 3rd Avenue, Suite 804
Miami, Florida 33132
E-Service:    markgoldsteinattorney@gmail.com

Richard Corey, Esq.
E-Service:    rcorey.ent@gmail.com

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE 14-023998 (18)

NSA TWO FINANCIAL, LLC a Florida
limited liability company,

      Plaintiff,

vs.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and
GEORGIA THOMPSON-SMITH, Individually,

      Defendant(s).

_____/

## RE-NOTICE OF MEDIATION
**(This vacates the Notice of Cancellation Filed on 2/9/16)**

DATE AND TIME:      Monday, February 15, 2016
                                  At 10:00 A.M.

LOCATION:           KRINZMAN HUSS & LUBETSKY
                            110 S.E. 6th Street, 20th Floor
                            Fort Lauderdale, Florida 33301
                            Telephone: 954-761-3454

MEDIATOR:           Joseph J. Huss, Esq.

**\*  4 HOURS HAVE BEEN RESERVED FOR THE MEDIATION.
IF YOU THINK YOU WILL NEED MORE TIME,
PLEASE CALL US IMMEDIATELY.**

Page 1 of 3

CASE NO.: CACE 14-023998 (18)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via E-Service and U.S. Mail this _____9_____ day of Febraury, 2016, to: See Service List.

KRINZMAN, HUSS, LUBETSKY
110 S.E. 6th Street, 20th Floor
Fort Lauderdale, FL 33301
Telephone:   (954) 761-3454
Facsimile:   (954) 761-3484
E-Mail:       jjh@khllaw.com
E-Service:    eservicefll@khllaw.com

By: _____
        JOSEPH J. HUSS
        Certified Court Mediator
        Fla. Bar No. 0328480

Page 2 of 3

CASE NO.: CACE 14-023998 (18)

## SERVICE LIST

**VIA E-SERVICE**

Mark Goldstein, Esq.
141 NE 3rd Avenue, Suite 804
Miami, Florida 33132
E-Service:      markgoldsteinattorney@gmail.com

Richard Corey, Esq.
E-Service:      rcorey.ent@gmail.com

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company                                  CASE NO.: CACE 14-023998 (18)

     Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants.

_____/

## NOTICE OF UNAVAILABILITY

    *PLEASE TAKE NOTICE* that JASON H. HABER, ESQ. of the law firm of Haber Blank, LLP will be unavailable on the following dates, due to medical reasons.

    1.  Wednesday, February 17, 2016 through Friday, February 26, 2016.

    This undersigned accordingly requests, and this Notice shall serve as a Motion for Protective Order regarding the same, that no hearings or depositions be set during this time of unavailability and that no filings be served or submitted to the Court which would require a response within that above time of unavailability.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 10th day of February, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

                **HABER BLANK, LLP**
                Attorney for Plaintiff
                888 South Andrews Avenue, Suite 201
                Fort Lauderdale, Florida  33316
                Phone: (954) 767-0300
                Fax: (954) 949-0510
                eservice@haberblank.com

              By /s/ Jason Haber_____
                  Jason H. Haber
                  Florida Bar No. 0041119

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

     Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants.

_____/

## NOTICE OF HEARING
(Motion Calendar)

PLEASE TAKE NOTICE that the undersigned will call up for hearing in the above-styled case the following:

## SECOND MOTION TO COMPEL RESPONSES TO DISCOVERY AND MOTION FOR DISCOVERY SANCTIONS

DATE:       March 8, 2016

TIME:       9:15 a.m.

JUDGE:     Honorable Marina Garcia-Wood

PLACE:     Broward County Courthouse
              201 SE 6th St. Chambers 780
              Fort Lauderdale, FL 33301

The undersigned complied with the requirements of Local Rule 10A prior to setting this hearing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 12th day of February, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

Respectfully submitted,

**HABER BLANK, LLP.**
Attorneys for Haber Blank, LLP
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Fl 33316
Telephone: (954) 767-0300
Facsimile: (954) 949-0510
eservice@haberblank.com

By: _____/s/ Jason Haber_____
    JASON H. HABER
    Fla. Bar No.: 41119

If you are a person with a disability who needs any accommodation in order to participate in this proceedings, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 470, 201 S.E. Sixth Street, Fort Lauderdale, Florida, 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

# 17th Judicial Circuit

**Case Schedule Receipt:**

| | |
|---|---|
| **Sequence Number:** | 2 |
| **Judge Name:** | Garcia-Wood, Marina |
| **Case Number:** | CACE14023998 |
| **Schedule Date:** | 03/08/2016 |
| **Scheduling Attorney Name:** | Jason, Hal, Haber |
| **Motion Title:** | Second Motion to Compel Responses to Discovery and Motion for Discovery Sanctions |
| **Case Entry Date:** | Fri Feb 12 15:03:03 EST 2016 |
| | Back    Print |

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company                                    CASE NO.: CACE 14-023998 (18)

     Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants.
_____/

## AMENDED NOTICE OF UNAVAILABILITY

*PLEASE TAKE NOTICE* that JASON H. HABER, ESQ. of the law firm of Haber Blank, LLP will be unavailable on the following dates, due to medical reasons and prior commitments out of the office.

1. Wednesday, February 17, 2016 through Friday, February 26, 2016.
2. Thursday, March 17, 2016 through Monday, March 28, 2016.

This undersigned accordingly requests, and this Notice shall serve as a Motion for Protective Order regarding the same, that no hearings or depositions be set during this time of unavailability and that no filings be served or submitted to the Court which would require a response within that above time of unavailability.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 15th day of February, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 South Andrews Avenue, Suite 201
Fort Lauderdale, Florida  33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By /s/ Jason Haber____

Jason H. Haber
Florida Bar No. 0041119

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

### DEFENDANT GEORGIA THOMPSON SMITH'S RESPONSE
### TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Georgia Thompson Smith, responds to Plaintiff's First Request for

Production of Documents as follows:

1.     The only agreement between the parties is the Operating Agreement

attached to Plaintiff's Complaint.

2.     None in Defendant's possession.

3-9.     Defendant will produce all responsive documents.

10.     None.

11.     Defendant will produce all responsive documents.

12.     Defendant will produce all responsive documents.

13.     Defendant offered to allow Plaintiff to review the books and records of the

company and will produce that communication.

14-26. Defendant will produce all responsive documents.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof was provided through the Florida E-filing Portal to

Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201,

Fort Lauderdale, Florida 33316, on March 7, 2016.

<u>/s/ MARK GOLDSTEIN</u>
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, FL 33179
Telephone: (305) 342-4839
E-Mail: markgoldsteinattorney@gmail.com

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company                                    CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.
_____/

## NOTICE OF CANCELLATION OF HEARING

**TO:**    Mark Goldstein, Esq.
       141 NE 3rd Avenue, Suite 804
       Miami, Florida, 33132
       markgoldsteinattorney@gmail.com

       PLEASE TAKE NOTICE that the undersigned cancels the hearing in the above-styled case the following:

**SECOND MOTION TO COMPEL RESPONSES TO DISCOVERY
AND MOTION FOR DISCOVERY SANCTIONS**

DATE:     March 8, 2016

TIME:     9:15 a.m.

JUDGE:    Honorable Marina Garcia-Wood

PLACE:    Broward County Courthouse
           201 SE 6th St. Chambers 780
           Fort Lauderdale, FL 33301

## <u>CERTIFICATE OF SERVICE</u>

   I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 7th day of March, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

        Respectfully submitted,

        **HABER BLANK, LLP.**
        Attorneys for Haber Blank, LLP
        888 S. Andrews Avenue, Suite 201
        Fort Lauderdale, Fl 33316
        Telephone: (954) 767-0300
        Facsimile: (954) 949-0510
        eservice@haberblank.com

        By: _____/s/ Jason Haber_____
         JASON H. HABER
         Fla. Bar No.: 41119

If you are a person with a disability who needs any accommodation in order to participate in this proceedings, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator, Room 470, 201 S.E. Sixth Street, Fort Lauderdale, Florida, 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

<u>NOTICE OF SERVING DEFENDANTS' ANSWERS TO INTERROGATORIES</u>

    Defendants Georgia Thompson Smith and Thompson-Smith Associates, LLC, file their attached answers to Plaintiff's interrogatories.

<u>CERTIFICATE OF SERVICE</u>

    I certify that a copy hereof was provided through the Florida E-filing Portal to Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, Florida 33316, on March 7, 2016.

                        <u>/s/ MARK GOLDSTEIN</u>
                        FL Bar No: 882186
                        1380 NE Miami Gardens Drive, Suite 205
                        Miami, FL 33179
                        Telephone: (305) 390-2341
                        E-Mail: markgoldsteinattorney@gmail.com

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

## SPECIFIC INTERROGATORIES

1.    Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

Georgia Smith

2.    Identify all persons who are believed or known by you or your agents or representatives to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the persons identified have knowledge, including without limitation, identifying all documents of which the persons identified have knowledge.

Alex Feldman — He orchestrated the entire
transactions & activities

Mariela Arroyo — Alex's partner and mother
of his children.

Carolyn Nicotra — Former employee of
Senctax, now semi-retired. She joined
Alex and Mariela to steer clients away
from Thompson-Smith & Assoc.

Patti Hagan — She received one of the emails
Carolyn sent to clients and called Carolyn
to ask what was going on.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

3.     Identify each and every instance where you permitted or allowed NSA, or its representatives, access to review TSA's books and records after October 1, 2014, including specifying the means, date and time by which communicated such instances to NSA.

*None*

4.     Describe in detail how NSA, including its members and/or managers, "attempt[ed] to extort monies from TSA," "prematurely demand[ed] profits," "threaten[ed] that if certain monies were not had by Plaintiff that monies will be unilaterally taken from TSA's business account," as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

*Evidenced in emails sent by Alex Feldman to me, asking for $11,000 which he claims was owed to him as an overstatement of closing cost. The bank added it to the working capital. Alex threatened to take the money from the Wells Fargo bank account if I did not write a check to NSA.*

5

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

5.    Describe in detail how NSA, including its members and/or managers, "intentionally disrupt[ed] TSA's telecommunications system," "intentionally disrupt[ed] TSA's tax software system," and "[stole] and/or solicit[ed] current clients of TSA" as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

Tuesday 9/16/14 the telephone call to the old Savetax # was/were redirected to a non working #. CBeyond informed me that the person with the access code change the call forwarding, Alex & Mariela were the only authorized persons on the account. CBeyond had to correct the call forwarding because I didn't have access. They promised to contact Alex to get authorization to add me to the account. The following day I saw an email from Mariela to Alex asking if he change the tax list & he responded "yes".

6.    Identify and describe in detail each and every reason you claim the "Plaintiff breached the covenant of good faith and fair dealing" as stated in your second affirmative defense and Count III of the Counterclaim.

Alex Feldman conspired with Mariela Arroyo to include Savetax Financial in the purchase of Wittlin, Dry & Dry, by TSA, with the explanation that it would increase the chance of getting the SBA loan approved, as Wittlin has decreased revenues over the previous few years. This transaction relieved him and Mariela loan that they assumed when they purchased Savetax 1 year earlier (2012). They also walked away from the closing with cash. Less than 6 mths later they devised a plan to take back the clients from TSA. He and Mariela used Carolyn because of her long relationship with the clients to steer the clients away. While they was/were doing this Alex was also demanding money and disrupting the telecommunication system so that clients

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

7.    Identify and describe in detail each and every reason you claim the Plaintiff "first breached the Agreement" as stated in your third affirmative defense and.

As stated above

8.    Identify and describe in detail each and every reason you claim the Plaintiff's claims are barred by estoppel as stated in your fourth affirmative defense.

NSA TWO Financial and Alex Feldman, as
Sole member and owner of NSA TWO own
15% of TSA and therefore has a
duty of loyalty to TSA. The actions
of Alex Feldman and his agents are
direct breach of such loyalty; Mainly
stealing clients that his girlfriend sold
to TSA, disrupting the telephone and fax
lines; Demanding refund of closing cost
that he paid to CBC Bank, not to TSA,
Operating competing business; stealing
tap software license; collecting money from
clients for work performed by TSA.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

9.    Describe in detail how NSA and "embarked on an unstoppable and relentless patter of bad-faith and disloyalty against TSA and Smith" as stated in paragraph 19 of the Counterclaim.

As stated above plus continued Contact with the clients through emails, telephone calls and letters.

10.    Identify each and every TSA client whom you contend NSA, or its members or managers, solicited to cease use of TSA's services, including, without limitation those referenced in paragraphs 28 and 30 of the Counterclaim.

250 clients lost – listed separately.

8

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

11.    Describe in detail how NSA breached its duty of loyalty, as alleged in paragraph 37 of the Counterclaim, including, without limitation, by describing each and every instance supporting the allegations raised in paragraphs 37(A), 37(B) and 37(C).

Alex Feldman as the sole owner of NSA Two Financial has a duty of loyalty to TSA. All of his actions and actions of Mariela, his living partner are a direct breach of such loyalty to TSA

12.    Describe in detail how NSA engaged in "grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violat[ed] *sic* the law" as alleged in paragraph 41 of the Counterclaim.

All conduct outlined in the items above are evidence of grossly negligent and reckless conduct by Alex Feldman, the sole owner of NSA, and by his agents, associates, and girlfriend.

9

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

13. Describe in detail how NSA breached the express terms of the Operating Agreement, as alleged in paragraph 46 of the Counterclaim.

*Evidenced by the above statements*

14. Describe in detail each and every breach of fiduciary duty and duty of loyalty, as alleged in paragraphs 52 and 53 of the Counterclaim.

*Evidenced by the above statements*

10

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

    15.   Identify each and every business relationship that NSA allegedly interfered with, as raised in Count V of the Counterclaim, and describe in detail how NSA interfered.

250 clients lost as a result of Alex's actions.

    16.   Identify each and every contractual relationship that NSA allegedly interfered with, as raised in Count VI of the Counterclaim, and describe in detail how NSA interfered.

Same as 15

11

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

17.   Describe in detail, via a quantification, the amount of damages TSA claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

$1,000 per client for 250 clients plus $405,000 paid to purchase Savefox Financial.

12

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

    Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

THOMSON—SMITH & ASSOC. LLC .
~~NSA TWO FINANCIAL, LLC~~

By: *Georgia Smith*

Print: GEORGIA SMITH

Title: Managing Member

SWORN TO AND SUBSCRIBED before me this 4th day of March, ~~2015~~. 2016

*Ann D Stromquist*
(Signature of Notary Public - State of Florida)

Ann D Stromquist
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known ✓ or produced identification

Type of Identification Produced

> ANN D. STROMQUIST
> MY COMMISSION # FF 247417
> EXPIRES: July 11, 2019
> Bonded Thru Notary Public Underwriters

13

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

## SPECIFIC INTERROGATORIES

1.    Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

Georgia Smith

2.    Describe in detail, via a quantification, the amount of damages Smith claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

250 lost clients at $1,000 per client per year
= $250,000
+   405,000 — purchase price
$ 655,000

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

By: _Georgia Smith_

Georgia Thompson-Smith

SWORN TO AND SUBSCRIBED before me this 4th day of _March_, 2015. 2016

_Ann D Stromquist_
(Signature of Notary Public - State of Florida)

_ANN D Stromquist_
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known ✓ or produced identification

Type of Identification Produced

ANN D. STROMQUIST
MY COMMISSION # FF 247417
EXPIRES: July 11, 2019
Bonded Thru Notary Public Underwriters

5

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

DEFENDANT THOMPSON SMITH & ASSOCIATES'
RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

      Defendant, Thompson Smith & Associates, LLC, responds to Plaintiff's First Request for Production of Documents as follows:

      1.    The only agreement between the parties is the Operating Agreement attached to Plaintiff's Complaint.

      2.    Defendant will produce all responsive documents.

      3.    Defendant will produce all responsive documents.

      4.    None in Defendant's possession.

      5&6.  None.

      7-10.  Defendant will produce all responsive documents.

      11&12. Objection. Plaintiff seeks the company's client lists in bad faith, to steal those clients and/or divert or solicit them to leave the company as clients and instead to retain Plaintiff's principal's significant other's company.

13.     Defendant will produce all responsive documents.

14.     Defendant will produce all responsive documents.

15.     None.

16.     Defendant will produce all responsive documents.

17.     Defendant will produce all responsive documents.

18.     Defendant offered to allow Plaintiff to review the books and records of the company and will produce that communication.

19.     Defendant will produce all responsive documents.

20.     None in Defendant's possession.

21-31. Defendant will produce all responsive documents.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof was provided through the Florida E-filing Portal to Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, Florida 33316, on March 7, 2016.

/s/ MARK GOLDSTEIN
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, FL 33179
Telephone: (305) 342-4839
E-Mail: markgoldsteinattorney@gmail.com

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

## PLAINTIFF'S ANSWER AND AFFIRMATIVE
## DEFENSES TO DEFENDANT'S COUNTERCLAIM

Plaintiff, NSA TWO FINANCIAL, LLC, files this Answer and Affirmative Defenses to

Defendant, THOMPSON-SMITH & ASSOCIATES, LLC and GEORGIA THOMPSON-SMITH,

Counterclaim, and states as follows:

### ANSWER

1.      Admitted for jurisdictional purposes only.

2.      Admitted.

3.      Admitted.

4.      Plaintiff is without sufficient knowledge to admit or deny the allegation in
paragraph 4, and therefore demands strict proof thereof.

5.      Admitted.

6.      Denied.

7.      Admitted.

8.      Admitted.

9.      Admitted.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*Answer and Aff Def to Counterclaim*

10.   Plaintiff admits that NSA owns 15% of TSA and Smith owns 85% of TSA. Plaintiff further admits that Mr. Feldman, an owner of NSA, is not an accountant, and that Ms. Smith is a CPA. Otherwise, any allegation or inference in paragraph 10 is denied.

11.   Admitted.

12.   Plaintiff admits TSA purchased two established businesses via the referenced SBA loan, guaranteed solely by Smith, but otherwise denies paragraph 12.

13.   Plaintiff is without sufficient knowledge to admit or deny the allegation in paragraph 13, and therefore demands strict proof thereof.

14.   Plaintiff admits that TSA purchased assets from Savetax Financial, Inc. pursuant to an asset purchase and sale agreement. Plaintiff also admits Feldman and Arroyo have a personal relationship and children, but deny any inference therefrom. Plaintiff denies that TSA purchased the entity, or any stock in the entity, Savetax Financial, Inc.

15.   Plaintiff denies paragraph 15 as stated, but admits that TSA purchased assets from Wittlin, Dry & Dry. . Plaintiff denies that TSA purchased the entity, or any stock in the entity, Wittlin, Dry & Dry CPA's, P.A.

16.   Plaintiff is without sufficient knowledge to admit or deny the allegation in paragraph 16, and therefore demands strict proof thereof.

17.   Denied.

18.   Denied

19.   Denied

20.   Plaintiff admits requesting $11,000.00 form an overage from the SBA Loan, but denies the remaining allegations in paragraph 20.

21.   Denied.

22.   Denied.

23.   Denied.

24.   Plaintiff is without sufficient knowledge to admit or deny the allegation in paragraph 24, and therefore demands strict proof thereof.

25.   Plaintiff admits the bank froze TSA's account at one point, but denies the remainder of paragraph 25.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*Answer and Aff Def to Counterclaim*

26.     Plaintiff is without sufficient knowledge to admit or deny anything found by TSA as alleged in paragraph 26, and therefore demands strict proof thereof. The remainder of paragraph 26 is denied.

27.     Plaintiff is without sufficient knowledge to admit or deny the allegation in paragraph 27, and therefore demands strict proof thereof. Plaintiff denies only Feldman had access to TSA's phones.

28.     Denied

29.     Denied.

30.     Plaintiff admits to requesting TSA's records, but otherwise denies the allegations in paragraph 30.

31.     Denied.

32.     Plaintiff admits that TSA and/or Smith changed TSA's locks and would not allow access to NSA.

33.     Plaintiff is without sufficient knowledge to admit or deny the allegation in paragraph 33, and therefore demands strict proof thereof.

34.     Denied.

### Count I

35.     Plaintiff responds to allegation 35 in the same manner as responding to requests 1 through 34 above.

36.     Denied as stated, and Plaintiff points the Court to the applicable statute to determine its meaning.

37.     Denied as to all parts, including A, B, & C.

38.     Denied.

### Count II

39.     Plaintiff responds to allegation 35 in the same manner as responding to requests 1 through 34 above.

40.     Denied as stated, and Plaintiff points the Court to the applicable statute to determine its meaning.

41.     Plaintiff realleges and incorporates herein the responses to paragraphs 7-32 above, and denies the allegations as stated in this paragraph.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*Answer and Aff Def to Counterclaim*

42.     Denied.

## Count III

43.     Plaintiff responds to allegation 35 in the same manner as responding to requests 1 through 34 above.

44.     Denied as stated, and Plaintiff points the Court to the applicable statute to determine its meaning.

45.     Denied as stated, and Plaintiff points the Court to the applicable statute to determine its meaning.

46.     Plaintiff realleges and incorporates herein the responses to paragraphs 7-32 above, and denies the allegations as stated in this paragraph.

47.     Denied.

## Count IV

48.     Plaintiff responds to allegation 35 in the same manner as responding to requests 1 through 34 above.

49.     Denied as stated.

50.     Denied as stated.

51.     Denied as stated.

52.     Denied.

53.     Denied.

54.     Denied.

## Count V

55.     Plaintiff responds to allegation 35 in the same manner as responding to requests 1 through 34 above.

56.     Denied.

57.     Denied.

58.     Denied.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*Answer and Aff Def to Counterclaim*

## Count VI

59.     Plaintiff responds to allegation 35 in the same manner as responding to requests 1 through 34 above.

60.     Denied as stated.

61.     Denied as stated.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

## As to All Claims

67.     Any claim not specifically admitted herein is denied, and the Plaintiff demands strict proof thereof.

## <u>AFFIRMATIVE DEFENSES</u>

68.     As its first affirmative defense, the Plaintiff claims the Defendants' counterclaim is barred in whole or in part by the doctrine of unclean hands in that, among other things, the Defendant first breached its agreement(s) with the Plaintiff and violated the Plaintiff's rights as a member of TSA under Florida law.

69.     As its second affirmative defense, the Plaintiff claims the Defendants' counterclaim, in whole or in part, is barred due to the Defendants' failure to mitigate damages, including, *inter alia*, by failing to fulfill its duties to the company and pay all debts and obligations owed by the Company.

70.     As its third affirmative defense, the Plaintiff claims the Defendants' counterclaim is barred in whole or in part due to the Defendants' prior violations of Chapter 605, Florida Statutes.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*Answer and Aff Def to Counterclaim*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of March, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

**HABER, STIEF & BLANK, LLP**
Attorney for Plaintiffs
888 South Andrews Avenue, Suite 201
Fort Lauderdale, Florida  33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By /s/ Jason Haber_____
    Jason H. Haber
    Florida Bar No. 0041119

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

<u>DEFENDANTS' MOTION FOR DEFAULT  AGAINST PLAINTIFF ON COUNTERCLAIM</u>

Defendants, Thompson Smith & Associates, LLC, and Georgia T. Smith, move the Court for a

Default against the Plaintiff on Defendants' Counterclaim and state:

1.      Defendant's filed their Counterclaim on February 23, 2015, and Plaintiff has never

responded to it.

Wherefore, Defendants, Thompson Smith & Associates, LLC, and Georgia T. Smith, move the

Court for a Default against the Plaintiff on Defendants' Counterclaim.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof was provided through the Florida E-filing Portal to Jason Hal Haber,

Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, Florida 33316, on

March 18, 2016.

<u>/s/ MARK GOLDSTEIN</u>
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, FL 33179
Telephone: (305) 342-4839
E-Mail: markgoldsteinattorney@gmail.com

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

       Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

       Defendants.

_____/

DEFENDANT THOMPSON SMITH &
<u>ASSOCIATES' FIRST REQUEST FOR PRODUCTION</u>

Defendant, Thompson Smith & Associates, LLC, pursuant to Rule 1.350, requests that Plaintiff

NSA Two Financial, LLC, produce the following documents for Defendant's inspection and copying:

1.      All documents (including emails) showing any correspondence between any principal of

the Plaintiff (including Alex Feldman) and Mariela Arroyo which mentions or refers to Georgia Smith,

Thompson-Smith Associates, LLC or Excelsior Tax and Accounting Advisors, LLC.

2.      All documents (including emails) showing any correspondence between any principal of

the Plaintiff (including Alex Feldman) and Carolyn Nicotra which mentions or refers to Georgia Smith,

Thompson-Smith Associates, LLC or Excelsior Tax and Accounting Advisors, LLC.

3.      All agreements between the parties to this action, including all amendments to such

agreements.

4.      All correspondence (including emails) between Alex Feldman and Georgia Smith.

5.      All documents which support the allegations of Plaintiff's Complaint.

6.      All documents which refute any of the Defendant's affirmative defenses.

7.      All documents which refute Defendant's Counterclaim.

8.      All correspondence (including emails) between Alex Feldman and any former or present client of Georgia Smith, Thompson-Smith Associates, LLC or Excelsior Tax and Accounting Advisors, LLC.

9.      A copy of Alex Feldman's driver's license.

10.     A copy of all professional licenses held by the Plaintiff or by Alex Feldman.

11.     All documents showing any correspondence between Alex Feldman and any former employee of Wittlin, Dry and Dry after March 31, 2014.

12.     All documents (including emails) showing any correspondence between Alex Feldman and any former employee of SaveTax Financial after March 31, 2014.

13.     All documents (including emails) showing any correspondence between Alex Feldman and CBeyond or Birch regarding the telecommunication system of Thompson-Smith & Associates, including copies of invoices and statements.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof was provided through the Florida E-filing Portal to Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, Florida 33316, on March 18, 2016.

/s/ MARK GOLDSTEIN
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, FL 33179
Telephone: (305) 342-4839
E-Mail: markgoldsteinattorney@gmail.com

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

       Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

       Defendants.

_____/

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND AND OBJECT TO DEFENDANT'S REQUEST FOR PRODUCTION

Plaintiff, NSA TWO FINANCIAL, LLC, a Florida corporation, files this Motion for Extension of Time to Respond and Object to Defendants' Request for Production, and avers as follows:

1.      On March 18, 2016, the Defendants propounded Requests for Production.

2.      Plaintiff requires additional time to reply to the Defendants' Requests for Production.

3.      The Defendants will not be prejudiced by an extension of time.

4.      This motion is not made for the purpose of delay or harassment.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter an order extending the time period for the Plaintiff to respond to the Requests for Production, and grant the Plaintiffs such other and further relief that the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of April, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

Respectfully submitted,

**HABER BLANK, LLP**
*Attorneys for Plaintiffs*
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida  33316
Telephone: (954) 767-0300
Facsimile: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No.: 41119

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18


NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

### DEFENDANT'S MOTION TO SET DEADLINE FOR PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

Defendant Thompson-Smith Associates, LLC, moves the Court to set a deadline for Plaintiff to respond to Defendant's First Request for Production and states:

1.    Defendant served its attached First Request for Production on March 18, 2016.

2.    Plaintiff responded by filing the attached open ended Motion for Enlargement of Time to respond to Defendant's Request.

3.    The undersigned reached out to Plaintiff's counsel to determine how much time Plaintiff required, but Plaintiff's counsel never responded to the undersigned's inquiries. A copy of the emails to Plaintiff's counsel is attached hereto.

Wherefore, Defendant, Thompson-Smith Associates, LLC, moves the Court to compel Plaintiff to respond to Defendant's First Request for Production by a reasonable date certain.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof was provided through the Florida E-filing Portal to Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, Florida 33316, on April 21, 2016.

<u>/s/ MARK GOLDSTEIN</u>
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, FL 33179
Telephone: (305) 390-2341
E-Mail: markgoldsteinattorney@gmail.com

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

## DEFENDANT THOMPSON SMITH & ASSOCIATES' FIRST REQUEST FOR PRODUCTION

Defendant, Thompson Smith & Associates, LLC, pursuant to Rule 1.350, requests that Plaintiff NSA Two Financial, LLC, produce the following documents for Defendant's inspection and copying:

1.      All documents (including emails) showing any correspondence between any principal of the Plaintiff (including Alex Feldman) and Mariela Arroyo which mentions or refers to Georgia Smith, Thompson-Smith Associates, LLC or Excelsior Tax and Accounting Advisors, LLC.

2.      All documents (including emails) showing any correspondence between any principal of the Plaintiff (including Alex Feldman) and Carolyn Nicotra which mentions or refers to Georgia Smith, Thompson-Smith Associates, LLC or Excelsior Tax and Accounting Advisors, LLC.

3.      All agreements between the parties to this action, including all amendments to such agreements.

4.      All correspondence (including emails) between Alex Feldman and Georgia Smith.

5.      All documents which support the allegations of Plaintiff's Complaint.

6.      All documents which refute any of the Defendant's affirmative defenses.

7.      All documents which refute Defendant's Counterclaim.

8.      All correspondence (including emails) between Alex Feldman and any former or present client of Georgia Smith, Thompson-Smith Associates, LLC or Excelsior Tax and Accounting Advisors, LLC.

9.      A copy of Alex Feldman's driver's license.

10.     A copy of all professional licenses held by the Plaintiff or by Alex Feldman.

11.     All documents showing any correspondence between Alex Feldman and any former employee of Wittlin, Dry and Dry after March 31, 2014.

12.     All documents (including emails) showing any correspondence between Alex Feldman and any former employee of SaveTax Financial after March 31, 2014.

13.     All documents (including emails) showing any correspondence between Alex Feldman and CBeyond or Birch regarding the telecommunication system of Thompson-Smith & Associates, including copies of invoices and statements.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof was provided through the Florida E-filing Portal to Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, Florida 33316, on March 18, 2016.

/s/ MARK GOLDSTEIN
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, FL 33179
Telephone: (305) 342-4839
E-Mail: markgoldsteinattorney@gmail.com

Case 0:17-cv-60155-JAL Document 1-2 Entered on FLSD Docket 01/20/2017 Page 246 of 293

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants.

_____/

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND
### AND OBJECT TO DEFENDANT'S REQUEST FOR PRODUCTION

Plaintiff, NSA TWO FINANCIAL, LLC, a Florida corporation, files this Motion for Extension of Time to Respond and Object to Defendants' Request for Production, and avers as follows:

1.      On March 18, 2016, the Defendants propounded Requests for Production.

2.      Plaintiff requires additional time to reply to the Defendants' Requests for Production.

3.      The Defendants will not be prejudiced by an extension of time.

4.      This motion is not made for the purpose of delay or harassment.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter an order extending the time period for the Plaintiff to respond to the Requests for Production, and grant the Plaintiffs such other and further relief that the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of April, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com.

Respectfully submitted,

**HABER BLANK, LLP**
*Attorneys for Plaintiffs*
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida  33316
Telephone: (954) 767-0300
Facsimile: (954) 949-0510
eservice@haberblank.com

By: _____
    JASON H. HABER
    Florida Bar No.: 41119

## Mark Goldstein

| | |
|---|---|
| **From:** | Mark Goldstein Goldstein <markgoldsteinattorney@gmail.com> |
| **Sent:** | Tuesday, April 19, 2016 11:26 AM |
| **To:** | Jason H Haber |
| **Subject:** | Re: Fwd: SERVICE OF COURT DOCUMENT - CASE NUMBER 062014CA023998AXXXCE |

I need an answer on this today with a proposed agreed order with a reasonable time extension or I will be forced to set your motion for extension for hearing.

On Apr 18, 2016 5:55 PM, "Mark Goldstein Goldstein" <markgoldsteinattorney@gmail.com> wrote:

How much time do you want?

---------- Forwarded message ----------
From: <eservice@myflcourtaccess.com>
Date: Apr 18, 2016 5:53 PM
Subject: SERVICE OF COURT DOCUMENT - CASE NUMBER 062014CA023998AXXXCE
To:
Cc:


Notice of Service of Court Documents

Filing Information

Filing #:        40412194
Filing Time:  04/18/2016 05:52:59 PM ET
Filer:           Jason Haber 954-767-0300
Court:          Seventeenth Judicial Circuit in and for Broward County, Florida
Case #:        062014CA023998AXXXCE
Court Case #: CACE-14-023998
Case Style:   NSA TWO FINANCIAL, LLC VS THOMPSON-SMITH & ASSOCIATES, L

Documents

| Title | File |
|---|---|
| Motion For Extension Of Time | 2016.04.18 Motion for Extension of Time.pdf |

E-service recipients selected for service:

| Name | Email Address |
|---|---|
| Jason Haber | eservice@haberblank.com |
| | jhaber@haberblank.com |
| Mark Alexander Goldstein | markgoldsteinattorney@gmail.com |

| Name | Email Address |
|------|---------------|
|      | markgoldstein98@yahoo.com |
|      | markgoldsteinattorney@gmail.com |

E-service recipients deselected for service:

| Name | Email Address |
|------|---------------|
| Joseph J Huss Esq. | eservicefll@khllaw.com |
|      | kcraven@khllaw.com |
| Richard Corey | rcorey.ent@gmail.com |
| Natasha Mayne | nmayne@maynelawfirm.com |
|      | pnadraca@gmail.com |

This is an automatic email message generated by the Florida Courts E-Filing Portal. This email address does not receive email.

Thank you,
The Florida Courts E-Filing Portal

The following identifier(s) are associated with this transaction:

request_id#:40412194;Audit#:139423862;UCN#:062014CA023998AXXXCE;

Case 0:17-cv-60165-JAL Document 1-25 Entered on FLSD Docket 01/20/2017 Page 250 of 293

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18


NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

<u>NOTICE OF HEARING</u>

      Please take notice that Defendant Thompson-Smith Associates, LLC, will call up

for hearing Defendant's Motion to Set Deadline for Plaintiff to Respond to Defendant's

First Request for Production before the Honorable Marina Garcia Wood, 201 SE 6th St.,

Room 780, Ft. Lauderdale, Florida 33301, on Thursday, April 28, 2016, at 9:15 a.m.

<u>CERTIFICATE OF SERVICE</u>

      I certify that a copy hereof was provided through the Florida E-filing Portal to

Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201,

Fort Lauderdale, Florida 33316, on April 21, 2016.

/s/ MARK GOLDSTEIN
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, FL 33179
Telephone: (305) 390-2341
E-Mail: markgoldsteinattorney@gmail.com

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

      Plaintiff/Counter-Defendant,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

      Defendants/Counter-Plaintiffs.

_____/

## HABER BLANK, LLP'S MOTION TO WITHDRAW

The law firm of Haber Blank, LLP (the "Firm") files this Motion to Withdraw as Counsel of Record for Plaintiff/Counter-Defendant, NSA TWO FINANCIAL, LLC, and states as follows:

1.     The Firm is currently counsel of record for Respondent/Husband, Plaintiff/Counter-Defendant, NSA TWO FINANCIAL, LLC, in this action.

2.     Irreconcilable differences have arisen between the Firm and the Plaintiff/Counter-Defendant.

3.     Accordingly, the Firm must withdraw as counsel of record.

4.     No harm or prejudice will come to the parties by granting this motion.

5.     This motion is not made for the purpose of delay or harassment.

6.     This Court should grant the Plaintiff/Counter-Defendant a reasonable time of 30 days to retain new counsel.

**WHEREFORE**, Haber Blank, LLP respectfully request that this Court enter an order granting its Motion to Withdraw as Counsel of Record for the Plaintiff/Counter-Defendant, NSA TWO FINANCIAL, LLC, and for such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 27th day of April, 2016, via E-Portal to Mark Goldstein, Esq., 141 NE 3rd Avenue, Suite 804, Miami, Florida, 33132, markgoldsteinattorney@gmail.com, and via First Class Mail to Alex Feldman, NSA Two Financial, LLC, 1920 E. Hallandale Beach Blvd., Suite 709, Fort Lauderdale, Florida, 33009, .

Respectfully submitted,

**HABER BLANK, LLP**
*Attorneys for Plaintiffs*
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida  33316
Telephone: (954) 767-0300
Facsimile: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No.: 41119

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

AGREED ORDER SETTING DEADLINE FOR PLAINTIFF TO
RESPOND TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

This cause came before the Court on Defendant's Motion to Set Deadline for Plaintiff to Respond to Defendant's First Request for Production and the Court being advised of the agreement of counsel to the entry of this Order, it is

Ordered that Defendant's Motion is granted. Plaintiff shall respond to Defendant's First Request for Production by Tuesday May 17, 2016.

Done and Ordered in Ft. Lauderdale, Broward County, Florida on this _____.

_____
Marina Garcia Wood
Circuit Judge

Copies to:
Mark Goldstein, Esq
Jason Haber, Esq.

Case 0:17-cv-60155-JAL Document 1-2 Entered on FLSD Docket 01/20/2017 Page 254 of 293

**IN THE CIRCUIT COURT OF THE**
**17TH JUDICIAL CIRCUIT IN AND FOR**
**BROWARD COUNTY, FLORIDA**

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO:

*Plaintiff,*

**CACE-14-023998 (18)**

v.

THOMPSON-SMITH & ASSOCIATE,
LLC, a Florida limited liability company;
and GEORGIA THOMPSON-SMITH,
individually,

*Defendants.*

## JOINT STIPULATION FOR SUBSTITUTION OF COUNSEL
## AND DESIGNATION OF EMAIL ADDRESSES

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned that Jonathan Pollard, Esq., Nathan Saunders, Esq., and Brooke Bach, Esq. of the law firm of Pollard PLLC shall be substituted as counsel of record on behalf of NSA TWO FINANCIAL, LLC ("Plaintiff") and that Jason H. Haber, Esq. of Haber Blank, LLP shall be relieved of any further responsibility in connection with this action.

Counsel respectfully requests that all pleadings, papers, and other materials to be served on Plaintiff be delivered to Jonathan Pollard, Esq., Pollard PLLC, 401 E. Las Olas Blvd, Suite 1400, Ft. Lauderdale, FL 33301 and that the following email addresses be utilized for all future electronic communications: jpollard@pollardllc.com, nsaunders@pollardllc.com, bbach@pollardllc.com, and dgrant@pollardllc.com.

*** FILED: BROWARD COUNTY, FL HOWARD FORMAN, CLERK 5/10/2016 9:29:42 AM ****

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

Defendants.

_____/

## ORDER APPROVING JOINT STIPULATION FOR SUBSTITUTION OF COUNSEL

THIS CAUSE came before the Court upon the Joint Stipulation for Substitution of Counsel

for the Plaintiff, dated May 9, 2016, and the Court having reviewed the Joint stipulation and

otherwise been advised on the premises does hereby ORDER and ADJUDGE as follows:

The Joint Stipulation for Substitution of Counsel for the Plaintiff, dated May 9, 2016 is

hereby approved and ratified as an order of this Court. Jonathan Pollard, Esq., Nathan Saunders,

Esq., and Brook Bach, Esq. of the law firm Pollard PLLC shall be substituted as counsel for the

Plaintiff, NSA TWO FINANCIAL, LLC, for Jason H. Haber, Esq. of Haber Blank, LLP.

DONE AND ORDERED in Chambers at Broward County, Florida, this _16th_ day of May,

~~2065~~. _2016._

_____
Honorable Circuit Court Judge

cc:    Jason H. Haber, Esq.
       Jonathan Pollard, Esq.
       Mark Goldstein, Esq.

Case 0:17-cv-60155-JAL Document 1-2 Entered on FLSD Docket 01/20/2017 Page 256 of 293

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

NOTICE OF TAKING DEPOSITION OF ALEX FELDMAN AS MANAGER OF PLAINTIFF

Please take notice Defendant, Thompson-Smith Associates, LLC, will take the deposition of Alex Feldman, as Manager of Plaintiff NSA Two Financial, LLC, on Friday September 30, 2016, at 9:00 a.m. before Honorable Reporting, Inc., at 4000 Hollywood Blvd., Suite 145 South, Hollywood, Florida 33021. The deposition will be taken for purposes of discovery, for use at trial and for any other lawful purpose permitted by the Florida Rules of Civil Procedure.

CERTIFICATE OF SERVICE

I certify that a copy hereof was served through the Florida E-Portal upon Jonathan Pollard, Esq., and Nathan M. Saunders, Esquire, 401 East Las Olas Blvd., #1400, Fort Lauderdale, FL 33301, on August 15, 2016.

/s/ MARK GOLDSTEIN
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, Florida 33179
Telephone: (305) 342-4839
Facsimile: (305) 572-7070
E-Mail: markgoldsteinattorney@gmail.com

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

      Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

      Defendants.

_____/

<u>NOTICE OF CANCELLATION OF DEPOSITION OF ALEX FELDMAN</u>

Please take notice Defendant, Thompson-Smith Associates, LLC, hereby cancels the deposition of Alex Feldman which was scheduled to occur on Friday, September 30, 2016. The deposition will be reset at a later date.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof was served through the Florida E-Portal upon Jonathan Pollard, Esq., and Nathan M. Saunders, Esquire, 401 East Las Olas Blvd., #1400, Fort Lauderdale, FL 33301, on September 13, 2016.

          <u>/s/ MARK GOLDSTEIN</u>
          FL Bar No: 882186
          1380 NE Miami Gardens Drive, Suite 205
          Miami, Florida 33179
          Telephone: (305) 342-4839
          Facsimile: (305) 572-7070
          E-Mail: markgoldsteinattorney@gmail.com

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida     CASE NO: **CACE-14-023998 (18)**
limited liability company

          *Plaintiff,*

   v.

THOMPSON-SMITH & ASSOCIATE,
LLC, a Florida limited liability company;
and GEORGIA THOMPSON-SMITH,
individually,

          *Defendants.*

## THIRD MOTION TO COMPEL RESPONSES TO DISCOVERY AND MOTION FOR DISCOVERY SANCTIONS

Plaintiff, NSA TWO FINANCIAL, LLC ("NSA"), files this Third Motion to Compel Responses to Discovery and Motion for Discovery Sanctions against Defendants, THOMPSON-SMITH & ASSOCIATES, LLC ("TSA") and GEORGIA THOMPSON-SMITH ("SMITH") (Collectively "Defendants"), and in support thereof states as follows:

### Background

1.     This is an action for damages and injunctive relief.

2.     On, or about September 18, 2015, Defendant propounded requests for production and interrogatories to Defendants (the "Discovery"). Copies of the Discovery are attached hereto as Composite Exhibit "A".

3.     To date, the Defendants have not completely responded to said Discovery.

4.     Prior counsel agreed to an informal extension of the discovery.

5.     On December 17, 2015, NSA moved, *ex parte*, to compel responses to the Discovery. On January 4, 2016, this Court entered an *ex parte* Order Compelling Responses to Discovery. A copy of said order is attached hereto as Exhibit "B".

6.      Even after entry of the *Ex Parte* Order, counsel further agreed to allow the Defendants more time to respond to the Discovery, asking for the Discovery responses well in advance of a previously scheduled mediation.

7.      On February 5, 2016, the Defendants provided the undersigned some documents, including certain year-end financial statements, which were responsive to the Discovery, but in no way constituted a complete response to all requests.

8.      On February 8, 2016, Plaintiff filed its Second Motion to Compel Responses to Discovery and Motion for Discovery Sanctions.

9.      On May 16, 2016, the Court entered an Order approving the undersigned law firm to substitute in as counsel for Plaintiff.

10.     Unfortunately, the undersigned is unclear regarding what, if any, additional documents were produced by the Defendants following the Second Motion to Compel being filed and it does not appear that a hearing was had on that Motion. Nonetheless, Plaintiff has reviewed all documents in its possession which were produced to date by the Defendants and determined that Defendants' responses to the respective First Requests for Production and First Set of Interrogatories are deficient as described below.

11.     The Answers to Interrogatories, which were jointly filed by the Defendants on March 7, 2016, attached hereto as Exhibit "C", are incomplete and/or are deficient as follows:

     a.   The answer to Interrogatory #5 failed to explain, as specifically requested, how Defendants' tax software was intentionally disrupted or how Plaintiff stole and/or solicited current clients of TSA;

     b.   The answer to Interrogatory #6 was cut off when scanning or contains an incomplete answer;

     c.   The answer to Interrogatory #s10, 15 and 16 reference a "separate" list of 250 clients that allegedly lost due to Plaintiff's action, were lost a, but no such list was provided

     d.   Answers to interrogatories # 11, asked the defendant to described in detail how Plaintiff breach its duty of loyalty, including a description of each and every instance of same. Defendants' responded that "All of [Alex Feldman's] actions and the action of Mariela, his living [sic] partner are a direct breach of such

loyalty to TSA." This answer is incomplete on its face. Defendants must specifically describe the actions referenced in the answer.

e. Answer to Interrogatory #13 does not make any specific reference to the provisions of the Operating Agreement which were breached. Defendants should be ordered to do so as Plaintiff cannot reasonably be expected to guess which provisions are at issue.

12. On March 7, 2016, Defendant Georgia Thompson-Smith responded to the Requests for Production, attached hereto as Exhibit "D", by not raising any objections and by stating "Defendant will produce all responsive documents" to Request numbers 3-9, 11-26. No such documents have been produced to date.

13. Defendant Thompson-Smith & Associates, LLC also responded to the First Request for Production on March 7, 2016, attached hereto as Exhibit "E", with a similar promise to produce all responsive materials to Request numbers:

14. has not yet produced any materials in response provided only partial response to Request for Production as well.

a. RFP #2 asked specifically for TSA's books and records, including any and all financial statements, annual profit and loss statements, monthly profit and loss statements, reconciliations, trial balances, general ledgers, client ledgers, balance sheets, accounts receivable, aging accounts receivable, employee records, and other financial documents maintained by TSA for each and every month of 2014 and 2015, to date.

i. Defendant failed to produce the requested accounts receivable, aging accounts receivable or employee records.

b. RFP #3 asked for Copies of each and every monthly, quarterly, or other periodic bank statement for each and every account held by TSA from January 1, 2014 to present.

i. Defendant responded that it "would produce all responsive documents". However, the documents produced are only from June 1, 2015 through January 31, 2016 and are, therefore, clearly incomplete.

c. RFP #10 asked for copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by

Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

    i. Defendant responded that "Defendant will produce responsive documents". However, no documents were produced for the time period of January 1, 2014 through June 2015. Defendant should be compelled to produce same.

  d. RFP #11 requested TSA's current list of clients. TSA objected, stating that NSA sought this information in bad faith to steal the clients.

    i. TSA's response is not a proper objection and must be overruled. Further, TSA opened the door for these requests by claiming that Plaintiff is actively soliciting TSA's clients. NSA is entitled to know who the clients are so that Plaintiff can investigate and defend the claim. Without waiver of any position or objection regarding the confidential nature of the client list under the law, Plaintiff is willing to consider entering a confidentiality order, for purposes related to this litigation, regarding the client list.

  e. RFP #12 requested TSA's client list as of October 1, 2014.

    i. See explanation regarding #11 above.

  f. Defendant's responses RFP #s 8, 13, 14, 16 - 19, and 21-31 were all "Defendant will produce all responsive documents. However, to date no such documents have been produced.

15. The Discovery responses were initially due nearly 5 months ago.

16. As a result of the Defendants' failure to respond to Discovery, NSA has had to incur attorneys' fees incidental hereto and is entitled to recover same. *See* Fla. Civ. P. 1.380 Defendants should be compelled to immediately produce the outstanding materials and to provide complete answers to Interrogatories. NSA is entitled to an award of attorneys' fees and costs, among other things.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order compelling the Defendants to fully and completely respond to all outstanding discovery, sanctioning the Defendants by awarding NSA its attorney's fees and costs incurred incidental hereto, and/or any

and all other sanctions available under applicable rules of procedure, and grant such further and other relief as this Court deems just and proper.

Dated: October 24, 2016

Respectfully submitted,

By: s/ *Christopher S. Prater*

Christopher S. Prater
Florida Bar No.: 105488
cprater@pollardllc.com

Jonathan Pollard, LLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be electronically mailed to Defendants' counsel, Mark Goldstein, Esq., at markgoldsteinattorney@gmail.com and markgoldstein98@yahoo.com on October 21, 2016.

s/ *Christopher Prater*

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

Defendants.
_____/

## NOTICE OF SERVICING NSA TWO FINANCIAL, LLC'S FIRST SETS OF INTERROGATORIES TO GEORGIA THOMPSON-SMITH

*PLEASE TAKE NOTICE* that Plaintiff, NSA TWO FINANCIAL, LLC, on this 18th day of September, 2015, served its First Set of Interrogatories to Defendant, GEORGIA THOMPSON-SMITH, via E-Portal to Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida  33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 0041119

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

    Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

    Defendants.

_____/

### NOTICE OF SERVICING NSA TWO FINANCIAL, LLC'S FIRST SETS OF INTERROGATORIES TO THOMPSON-SMITH & ASSOCIATES, LLC

*PLEASE TAKE NOTICE* that Plaintiff, NSA TWO FINANCIAL, LLC, on this 18th day of September, 2015, served its First Set of Interrogatories to Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, via E-Portal to Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

                     **HABER BLANK, LLP**
                     Attorney for Plaintiff
                     888 S. Andrews Avenue, Suite 201
                     Fort Lauderdale, Florida 33316
                     Phone: (954) 767-0300
                     Fax: (954) 949-0510
                     eservice@haberblank.com

                     By: _____
                     JASON H. HABER
                     Florida Bar No. 0041119

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company

CASE NO.: CACE 14-023998 (18)

Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
## DOCUMENTS TO GEORGIA THOMPSON-SMITH

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and

other applicable Florida law, Defendant, GEORGIA THOMPSON-SMITH, produce for

inspection and copying the following documents within the time permitted by the applicable rules

of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1. When answering these Requests, please furnish all documents known to you or
under your possession or control, including those that are in the possession or of your agents or
attorneys. If any Request asks for a document no longer in your custody, possession or control,
please identify the document(s) and indicate when and how it was disposed of, and identify each
person, if any, who now possesses or controls such document(s).

2. If, after exercising due diligence to secure the documents requested, a Request
cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis
for your inability to satisfy the remainder of the Request, producing whatever information,
knowledge or documents Defendant has concerning the unanswered portion.

3. If a claim of privilege is asserted concerning any document sought, please:
   (a) identify such document with sufficient particularity to allow the matter to
       be brought before the Court;
   (b) state the nature of the privilege asserted; and
   (c) state the factual basis for the privilege claim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

4.   These Requests are intended to be continuing.   At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.   "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.   "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.   "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.   The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.   "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.   "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.   "Smith" refers to Defendant, Georgia Thompson-Smith.

12.   The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

13.   The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.   Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to Smith*

## REQUESTS FOR PRODUCTION

1.      A copy of any and all operating agreements, other agreements, and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently by and between Smith and NSA, including any of its members, managers, or agents.

2.      Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure, in which you signed as a company representative or personal guarantor.

3.      Any and all communications, including, but not limited to, letters and e-mails from Smith to NSA, or any of its members or managers, relating to access to TSA's office, corporate books and records, and/or bank accounts.

4.      Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

5.      Copies of any and all capital contributions or other payments Smith made to TSA between January 1, 2014 and the present.

6.      Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

7.      Articles of incorporation, articles of organization, or other business entity filings made by Smith relating to any accounting business that commenced operation after June 1, 2014.

8.      Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in Smith's Answer's first affirmative defense.

9.      Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in Smith's Answer's first affirmative defense.

10.     Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in Smith's Answer's first affirmative defense.

11.     A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in Smith's Answer's first affirmative defense.

12.     Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in Smith's Answer's first affirmative defense.

13. Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in Smith's Answer's first affirmative defense.

14. Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in Smith's Answer's second affirmative defense.

15. A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

16. Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

17. Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

18. Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

19. Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

20. Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

21. Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

22. Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

23. Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

24. Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

25. Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

26. Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida  33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 0041119

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TWO FINANCIAL, LLC, a Florida
limited liability company                    CASE NO.: CACE 14-023998 (18)

     Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES, LLC,
a Florida limited liability company; and GEORGIA
THOMPSON-SMITH, Individually,

     Defendants.
_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
## DOCUMENTS TO THOMPSON-SMITH & ASSOCIATES, LLC

Plaintiff, NSA TWO FINANCIAL, LLC, requests, pursuant to Fla. R. Civ. P. 1.350 and

other applicable Florida law, Defendant, THOMPSON-SMITH & ASSOCIATES, LLC, produce

for inspection and copying the following documents within the time permitted by the applicable

rules of civil procedure, and in accordance with the instructions set forth herein.

### Definitions and Instructions

1.     When answering these Requests, please furnish all documents known to you or
under your possession or control, including those that are in the possession or of your agents or
attorneys.  If any Request asks for a document no longer in your custody, possession or control,
please identify the document(s) and indicate when and how it was disposed of, and identify each
person, if any, who now possesses or controls such document(s).

2.     If, after exercising due diligence to secure the documents requested, a Request
cannot be satisfied in full, please so state and respond to the extent possible, specifying the basis
for your inability to satisfy the remainder of the Request, producing whatever information,
knowledge or documents Defendant has concerning the unanswered portion.

3.     If a claim of privilege is asserted concerning any document sought, please:
     (a)     identify such document with sufficient particularity to allow the matter to
           be brought before the Court;
     (b)     state the nature of the privilege asserted; and
     (c)     state the factual basis for the privilege claim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

4.      These Requests are intended to be continuing.  At such time as you receive documents that make a prior Response incomplete, inaccurate or misleading, a supplementary Response is required.

5.      "Complaint" means the last operative Complaint filed by the Plaintiff in this case.

6.      "Answer" means the last operative Answer and Affirmative Defenses filed by the Defendants in this case.

7.      "Counterclaim" means the last operative Counterclaim filed by the Defendants in this case.

8.      The terms "regarding," "related to" or "relating to" mean:  consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, directly or indirectly.

9.      "NSA" refers to Plaintiff, NSA Two Financial, LLC.

10.     "TSA" refers to Defendant, Thompson-Smith & Associates, LLC.

11.     "Smith" refers to Defendant, Georgia Thompson-Smith.

12.     The words "document" or "documents" as used in these Requests for Production means the original and any nonidentical copy, regardless of origin or location, of any writing or record of any type or description in your possession, custody or control or of any other person or persons, representatives, agents or attorneys acting on your behalf, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any nonidentical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, notes, notices, affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter.  **All documents responsive to each request should be produced.**

13.     The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mails, memoranda, correspondence, and all other forms of written exchange.

14.     Unless otherwise specified, the relevant timeframe for all requests is January 1, 2014, through the present.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

## REQUESTS FOR PRODUCTION

1.     A copy of any and all operating agreements and related documents, including, but not limited to, memorandum, communications, emails, drafts, and correspondence that presently govern TSA, and those that have governed TSA since January 1, 2014.

2.     TSA's books and records, including any and all financial statements, annual profit and loss statements, monthly profit and loss statements, reconciliations, trial balances, general ledgers, client ledgers, balance sheets, accounts receivable, aging accounts receivable, employee records, and other financial documents maintained by TSA for each and every month of 2014 and 2015, to date.

3.     Copies of each and every monthly, quarterly, or other periodic bank statement for each and every account held by TSA from January 1, 2014 to present.

4.     Copies of each and every application by TSA to any third party relating to a loan TSA sought to secure.

5.     Notices for meetings of TSA's members.

6.     Minutes of all meetings of TSA's members.

7.     Receipts for any and all payments to change TSA's office locks for the office located at 3601 W. Commercial Blvd., Suite 14, Fort Lauderdale, Florida, 33309 that was incurred between September 1, 2014 and the present.

8.     Any and all communications, including, but not limited to, letters and e-mails from TSA to NSA, or any of its owners, relating to access to TSA's office, corporate books and records, and/or bank accounts.

9.     Copies of any and all payments made by TSA to Smith, including, but not limited to, checks, wire transfers, online transfers, ACH transfers, and any other form of payment. Responsive documents shall include, but not be limited to, payment of reimbursements, payroll, and distributions.

10.    Copies of any and all withdrawals from TSA's bank accounts, including those with statements responsive to Request 3, made by Smith, excluding payments to employees and vendors that provide services to TSA, but including any withdrawals by TSA that were for the purpose of depositing said funds into another account held by TSA.

11.    TSA's current list of clients.

12.    TSA's list of clients as of October 1, 2014.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

13.    Any and all documents relating to NSA's breach of TSA's Operating Agreement, as stated in TSA's Answer's first affirmative defense.

14.    Any and all documents supporting and/or relating to TSA's contention that NSA contacted TSA's telephone company to redirect TSA's telephone calls, as stated in TSA's Answer's first affirmative defense.

15.    Any and all documents supporting and/or relating to TSA's contention that NSA disrupted TSA's tax software system, as stated in TSA's Answer's first affirmative defense.

16.    A copy of any and all non-competition agreements between TSA and Mariela Arroyo, as referenced in TSA's Answer's first affirmative defense.

17.    Any and all documents supporting and/or relating to TSA's contention that NSA "has been and continues to actively solicit the current clients of TSA," as stated in TSA's Answer's first affirmative defense.

18.    Any and all communications from TSA and/or Smith demonstrating that TSA provided NSA numerous dates to review TSA's financial documents as stated in TSA's Answer's first affirmative defense.

19.    Any and all documents supporting and/or relating to TSA's contention that NSA breached a covenant of good faith and fair dealing, as referenced in TSA's Answer's second affirmative defense.

20.    A copy of the SBA Loan, and all related documents, including, without limitation, loan applications, as defined in the Counterclaim.

21.    Any and all documents reflecting NSA's conduct, as reflected in paragraph 19 of the Counterclaim.

22.    Copies of demands for the $11,000.00 referenced in paragraphs 21 through 23 of the Counterclaim.

23.    Copies of each and every e-mail referenced in paragraph 26 of the Counterclaim.

24.    Copies of any and all documents and communications relating to the allegation in paragraph 28 of the Counterclaim that NSA has solicited TSA's clients.

25.    Copies of any and all requests made to Intuit, as referenced in paragraph 29 of the Counterclaim.

26.    Any and all document relating to the allegations contained in paragraph 37 of the Counterclaim.

27.    Any and all document relating to the allegations contained in paragraph 41 of the Counterclaim.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First RFP to TSA*

28.   Any and all document relating to the allegations contained in paragraph 46 of the Counterclaim.

29.   Any and all document identifying damages suffered by Smith and TSA, as indicated in paragraph 52 of the Counterclaim.

30.   Any and all document relating to the allegations contained in paragraph 56 of the Counterclaim.

31.   Any and all document relating to the allegations contained in paragraph 63 of the Counterclaim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of September, 2015, via E-Portal Natasha D. Mayne, Esq., The Mayne Law Firm, P.A., The Crexent Building, 12401 Orange Drive, Suite 132, Davie, Florida, 33330, nmayne@maynelawfirm.com.

**HABER BLANK, LLP**
Attorney for Plaintiff
888 S. Andrews Avenue, Suite 201
Fort Lauderdale, Florida 33316
Phone: (954) 767-0300
Fax: (954) 949-0510
eservice@haberblank.com

By: _____
JASON H. HABER
Florida Bar No. 0041119

IN THE SEVENTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR BROWARD COUNTY, FLORIDA

NSA TW FINANCIAL, LLC., a Florida
limited liability company                                    CASE NO. CACE 14-023898

    Plaintiff,

v.

THOMPSON-SMITH & ASSOCIATES,
a Florida limited liability company; GEORGIA
THOMPSON-SMITH individually,

    Defendants.

_____/

### _EX PARTE ORDER TO COMPEL RESPONSES TO DISCOVERY_

    THIS CAUSE came before the Court upon its study on an administrative review of
proceedings upon p l il cab where p a rb/ae saiss Defendants, THOMPSON-S
ASSOCIATES an GEORGIA THOMPSON-SMITH the es p t one dq ufer s t s
producanthd in o arr agthd Co o n hi atev sin g e b o v ff u t i a d v ii s n to p d r emises,
ORDERS & ADJUDGES at:

      1.  Defendant THOMPSON-S & ASSOCIATES an GEORGIA
        THOMPSON-SMITH hanfedl appr orper si p at nceers t i f i c a t i o
        of esp own st herseb.ujt e c t o hiPrdl na, i NSA TW FINANCIAL,.
        Firs qufo Prt os du c Doo cu menffd i s eof En t e r r o g a t e dr i e s
        Septemb e2r0 1 5tt e (l i 0 a) y s f hdea o f hOrs d e r .

      2.  With respec t o f hea co st th Co urt:
        ___ finds that Plaintiff NSA TW FINANCIAL, is e h LC, to leec dover
        at to r neye t sh ae m o u f i $_____ fro m De f e n wdh ai n ch s s ha l l
        b e p a w id th e( m i 0 a) y s f d t a h d e hOrs d e r .
        ___ r e s e r u v d ai s t n og n t i t al n de w e on f d t t o f s a n y c do ' s t s .

    DONE AND ORDERED in Chambers at Broward County, Florida, this ____ day of
_____, 2015.

**TRUE COPY**

NOT OFFICIAL COPY

_____
Honorable Circuit Judge

_____ J A N   0   4   201_

MARINA W. GOO

cc: Josh Haber, Esq.
    Mark Goldstein.

Exhibit B

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

    Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

    Defendants.

_____/

## NOTICE OF SERVING DEFENDANTS' ANSWERS TO INTERROGATORIES

    Defendants Georgia Thompson Smith and Thompson-Smith Associates, LLC, file

their attached answers to Plaintiff's interrogatories.

## CERTIFICATE OF SERVICE

    I certify that a copy hereof was provided through the Florida E-filing Portal to

Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201,

Fort Lauderdale, Florida 33316, on March 7, 2016.

                /s/ MARK GOLDSTEIN
                FL Bar No: 882186
                1380 NE Miami Gardens Drive, Suite 205
                Miami, FL 33179
                Telephone: (305) 390-2341
                E-Mail: markgoldsteinattorney@gmail.com

N SAT wFo'īnao iaLLC.  Tho  m ps o  n-Sm īltAo īc L C
Cas N oC.A CI E4 - 2 3 9 9 8   ( 1 8 )
Fi rs S eof1  n  ( errog or SSAs

## S P EG  H INTER R O G A T O R I ES

1 .   I d e reat h ip ry rsanser r ā  m dassi r s  teaih person answering these
i ntegot  o n h idaf,,p p l  ea capb ei re s  offi c pbs a til o ador dinship with you?

*Georgia Smith*

2 .  I d e ra fipile fyrsonw h a er   e teelo ikno wrb yy o o ry  o  u g emsr
r e p  r es etorh tatan sknov l  g d c neconig  an yo the isses  i this l  a wsan ds t ped  fy
t hs eu  b  gatert ab o ut which the  p e is ē  ø̄n tih fiaë īdhov l  e  di go, c l  wi d ti  ho u g t
l l  i m i, itad heor īg for o cumes o  fwhi  d th ip e rson is de n tifiedvknov l  e dg e .

*Alex Feldman — He orchestrated the entire*
*transactions & activities*
*Mariela Arroyo — Alex's partner and mother*
*of his children.*

*Carolyn Nicotra — former employee of*
*Sanctor, now - semi - retired. She joined*
*Alex and Mariela to steer clients away*
*from Thompson - Smith & Assoc.*

*Patti Hagan — She received one of the emails*
*Carolyn sent to clients and called Carolyn*
*to ask what was going on.*

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

3.     Identify each and every instance where you permitted or allowed NSA, or its representatives, access to review TSA's books and records after October 1, 2014, including specifying the means, date and time by which communicated such instances to NSA.

None

4.     Describe in detail how NSA, including its members and/or managers, "attempt[ed] to extort monies from TSA," "prematurely demand[ed] profits," "threaten[ed] that if certain monies were not had by Plaintiff that monies will be unilaterally taken from TSA's business account," as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

Evidenced in emails sent by Alex Feldman to me, asking for $11,000 which he claims was owed to him as an overstatement of closing cost. The bank added it to the working capital. Alex threatened to take the money from the Wells Fargo bank account if I did not write a check to NSA.

5

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

5. Describe in detail how NSA, including its members and/or managers, "intentionally disrupt[ed] TSA's telecommunications system," "intentionally disrupt[ed] TSA's tax software system," and "[stole] and/or solicit[ed] current clients of TSA" as stated in your first affirmative defense, including, without limitation, identifying any documents supporting or relating to your answer to the same.

Tuesday 9/16/14 the telephone call to the old Savetax # were was redirected to a non working #. CBeyond informed me that the person with the access code change the call forwarding, Alex & Mariela were the only authorized persons on the account. CBeyond had to correct the call forwarding because I didn't have access. They promised to contact Alex to get authorization to add me to the account. The following day I saw an email from Mariela to Alex asking if he change the fax list & he responded "Yes".

6. Identify and describe in detail each and every reason you claim the "Plaintiff breached the covenant of good faith and fair dealing" as stated in your second affirmative defense and Count III of the Counterclaim.

Alex Feldman conspired with Mariela Arroyo to include Savetax Financial in the purchase of Wittlin, Dry & Dry, by TSA, with the explanation that it would increase the chance of getting the SBA loan approved, as Wittlin has decreased revenues over the previous few years. This transaction relieved him and Mariela loan that they assumed when they purchased Savetax 1 year earlier (2012). They also walked away from the closing with cash. Less than 6 mths later they devised a plan to take back the clients from TSA. He and Mariela used Carolyn because of her long relationship with the clients to steer the clients away. While they were doing this Alex was also demanding money and disrupting the telecommunication system so that client

NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC
Case No. CACE 14-23998 (18)
First Set of Interrogatories to TSA

7.   Identify and describe in detail each and every reason you claim the Plaintiff "first breached the Agreement" as stated in your third affirmative defense and.

As stated above

8.   Identify and describe in detail each and every reason you claim the Plaintiff's claims are barred by estoppel as stated in your fourth affirmative defense.

NSA TWO Financial and Alex Feldman, as
Sole member and owner of NSA TWO own
15% of TSA and therefore has a
duty of loyalty to TSA. The actions
of Alex Feldman and his agents are
direct breach of such loyalty; Mainly.
stealing clients that his girlfriend sold
to TSA, disrupting the telephone and fax
lines; Demanding refund of closing cost
that he paid to CBC Bank, not to TSA,
Operating competing business; stealing
tap software license; collecting money from
clients for work performed by TSA.

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

9.    Describe in detail how NSA and "embarked on an unstoppable and relentless patter of bad-faith and disloyalty against TSA and Smith" as stated in paragraph 19 of the Counterclaim.

As stated above plus continued Contact with the client through emails, telephone calls and letters.

10.    Identify each and every TSA client whom you contend NSA, or its members or managers, solicited to cease use of TSA's services, including, without limitation those referenced in paragraphs 28 and 30 of the Counterclaim.

250 clients lost – listed separately.

8

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

11.     Describe in detail how NSA breached its duty of loyalty, as alleged in paragraph 37 of the Counterclaim, including, without limitation, by describing each and every instance supporting the allegations raised in paragraphs 37(A), 37(B) and 37(C).

Alex Feldman as the sole owner of NSA Two Financial has a duty of loyalty to TSA. All of his actions and actions of Mariela, his living partner are a direct breach of such loyalty to TSA

12.     Describe in detail how NSA engaged in "grossly negligent or reckless conduct, intentional misconduct, and/or knowingly violat[ed] *sic* the law" as alleged in paragraph 41 of the Counterclaim.

All conduct outlined in the items above are evidence of grossly negligent and reckless conduct by Alex Feldman, the sole owner of NSA, and by his agents, associates, and girlfriend.

9

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

13.   Describe in detail how NSA breached the express terms of the Operating Agreement, as alleged in paragraph 46 of the Counterclaim.

*Evidenced by the above statements*

14.   Describe in detail each and every breach of fiduciary duty and duty of loyalty, as alleged in paragraphs 52 and 53 of the Counterclaim.

*Evidenced by the above statements*

10

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC'*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

15.     Identify each and every business relationship that NSA allegedly interfered with, as raised in Count V of the Counterclaim, and describe in detail how NSA interfered.

*250 clients lost as a result of Alex's actions.*

16.     Identify each and every contractual relationship that NSA allegedly interfered with, as raised in Count VI of the Counterclaim, and describe in detail how NSA interfered.

*Same as 15*

11

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

17. Describe in detail, via a quantification, the amount of damages TSA claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

$1,000 per client for 250 clients plus $405,000 paid to purchase Savetax Financial.

12

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to TSA*

Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

THOMSON-SMITH & ASSOC. LLC .
~~NSA TWO FINANCIAL, LLC~~

By: *Georgia Smith*
Print: GEORGIA SMITH
Title: Managing Member

SWORN TO AND SUBSCRIBED before me this 4ᵗʰ day of March, ~~2015.~~ 2016

*Ann D Stromquist*
(Signature of Notary Public - State of Florida)

*Ann D Stromquist*
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known ✓ or produced identification

Type of Identification Produced

ANN D. STROMQUIST
MY COMMISSION # FF 247417
EXPIRES: July 11, 2019
Bonded Thru Notary Public Underwriters

13

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

## SPECIFIC INTERROGATORIES

1.     Identify each person answering and/or assisting each person answering these interrogatories and, if applicable, each person's official position or relationship with you?

Georgia Smith

2.     Describe in detail, via a quantification, the amount of damages Smith claims to have suffered as a result of the allegations for each count raised in the Counterclaim, separating such quantification by the amount for each claim and stating whether such figures are concurrent or consecutive.

250 lost clients at \$1,000 per client per year

= \$250,000

+   405,000 — purchase price

\$655,000

4

*NSA Two Financial, LLC v. Thompson-Smith & Assoc., LLC*
*Case No. CACE 14-23998 (18)*
*First Set of Interrogatories to Smith*

Under penalties of perjury, I declare that I have read the foregoing responses and the facts stated in it are true.

By: _Georgia Smith_
Georgia Thompson-Smith

SWORN TO AND SUBSCRIBED before me this 4ᵗʰ day of March , 2015. 2016

_Ann D. Stromquist_
(Signature of Notary Public - State of Florida)

ANN D Stromquist
(Print, type or Stamp Commissioned Name of Notary Public)

Personally known ✓ or produced Identification

Type of Identification Produced

ANN D. STROMQUIST
MY COMMISSION # FF 247417
EXPIRES: July 11, 2019
Bonded Thru Notary Public Underwriters

5

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

    Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

    Defendants.

_____/

### DEFENDANT GEORGIA THOMPSON SMITH'S RESPONSE
### TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Georgia Thompson Smith, responds to Plaintiff's First Request for

Production of Documents as follows:

1.    The only agreement between the parties is the Operating Agreement

attached to Plaintiff's Complaint.

2.    None in Defendant's possession.

3-9.    Defendant will produce all responsive documents.

10.    None.

11.    Defendant will produce all responsive documents.

12.    Defendant will produce all responsive documents.

13.    Defendant offered to allow Plaintiff to review the books and records of the

company and will produce that communication.

14-26.    Defendant will produce all responsive documents.

## CERTIFICATE OF SERVICE

I certify that a copy hereof was provided through the Florida E-filing Portal to Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, Florida 33316, on March 7, 2016.

/s/ MARK GOLDSTEIN
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, FL 33179
Telephone: (305) 342-4839
E-Mail: markgoldsteinattorney@gmail.com

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 14-23998 CACE 18

NSA TWO FINANCIAL, LLC,

    Plaintiff,

v.

THOMPSON-SMITH &
ASSOCIATES, LLC,
and GEORGIA THOMPSON
SMITH,

    Defendants.

_____/

## DEFENDANT THOMPSON SMITH & ASSOCIATES'
## RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant, Thompson Smith & Associates, LLC, responds to Plaintiff's First

Request for Production of Documents as follows:

1. The only agreement between the parties is the Operating Agreement
attached to Plaintiff's Complaint.

2. Defendant will produce all responsive documents.

3. Defendant will produce all responsive documents.

4. None in Defendant's possession.

5&6. None.

7-10. Defendant will produce all responsive documents.

11&12. Objection. Plaintiff seeks the company's client lists in bad faith, to steal
those clients and/or divert or solicit them to leave the company as clients and instead to
retain Plaintiff's principal's significant other's company.

Exhibit EF

13.   Defendant will produce all responsive documents.

14.   Defendant will produce all responsive documents.

15.   None.

16.   Defendant will produce all responsive documents.

17.   Defendant will produce all responsive documents.

18.   Defendant offered to allow Plaintiff to review the books and records of the company and will produce that communication.

19.   Defendant will produce all responsive documents.

20.   None in Defendant's possession.

21-31. Defendant will produce all responsive documents.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof was provided through the Florida E-filing Portal to Jason Hal Haber, Esquire, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, Florida 33316, on March 7, 2016.

/s/ MARK GOLDSTEIN
FL Bar No: 882186
1380 NE Miami Gardens Drive, Suite 205
Miami, FL 33179
Telephone: (305) 342-4839
E-Mail: markgoldsteinattorney@gmail.com

Case 0:17-cv-60155-JAL Document 1-2 Entered on FLSD Docket 01/20/2017 Page 293 of 293

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL DIVISION

CASE NO. CACE14-023998

NSA TWO FINANCIAL, LLC, a
Florida limited liability company,

      Plaintiff,

vs.

THOMPSON-SMITH & ASSOCIATES,
LLC, a Florida limited liability company;
and GEORGIA THOMPSON-SMITH, Individual,
      Defendant.
_____/

## SUGGESTION OF BANKRUPTCY

The Defendant, GLENVILLE BEVIN SMITH AND GEORGINA CHARMAINE SMITH,
hereby inform this Court and the Plaintiff's counsel that on October 24, 2016, the above-
named Defendants filed for relief under Chapter of the Bankruptcy Code, which cause is
now pending in Case Number 16-24241-BKC-LMI and the Defendants respectfully suggest
that pursuant to Section 362 of the Bankruptcy Code all proceedings in this cause should
be stayed pending further Order of the Bankruptcy Court, Southern District of Florida.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Suggestion of Bankruptcy was faxed and/or
mailed this 24th day of October, 2016 to: Jason H. Haber, Esquire, Attorney for Plaintiff, 888 South Andrews Ave.,
Ste 201, Ft. Lauderdale, FL 33316.

**\*Pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A), Defendant's counsel hereby designates its
primary email address for the purposes of email service as: Mfrank@bkclawmiami.com\***

LAW OFFICES OF MICHAEL J. BROOKS, MICHAEL A. FRANK
& RODOLFO H. DE LA GUARDIA, JR.
Attorneys for the Debtor
Suite 620 • Union Planters Bank Building
10 Northwest LeJeune Road
Miami, FL 33126-5431
Telephone (305) 443-4217
Facsimile (305) 443-3219

By: _____s/_____
Michael A. Frank, Esquire
Florida Bar No. 339075